WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq.
Nevada Bar No. 009296
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
dosborn@wrightlegal.net
*Attorneys for Defendant,*
*Wells Fargo Bank, NA and Mortgage Electronic Registration Systems, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS E. SCARBERRY, | Case No.: 2:12-cv-00128-KJD-CWH |
| Plaintiff, | |
| vs. | |
| FIDELITY MORTGAGE OF NEW YORK, a Division of Delta Funding Corp.; OCWEN LOAN SERVICING COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (herein MERS); WESTERN PROGRESSIVE, LLC; HSBC BANK USA, N.A.; CAL-WESTERN RECONVEYANCE CORP.; WELLS FARGO BANK, NA; RENAISSANCE MORTGAGE ACCEPTANCE CORPORATION; LSI TITLE AGENCY INC, and DOES 1-50, inclusive. | |
| Defendants. | |

### DEFENDANTS, WELLS FARGO BANK N.A. AND MERS'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 12(b)(6), Defendants, WELLS FARGO BANK N.A. (hereinafter "Wells Fargo") and Mortgage Electronic Registration Systems (hereinafter "MERS"), by and through their attorneys of record, Robin Prema Wright,

Esq. and Donna M. Osborn, Esq. of the law firm Wright, Finlay, & Zak, LLP, hereby submit this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon which Relief can be Granted. This Motion is based on the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and on any oral or documentary evidence that may be presented at a hearing on this matter.

DATED this ___ day of ___, 2012.

WRIGHT, FINLAY & ZAK, LLP

Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Attorney for Defendant,*
*Wells Fargo Bank, NA and Mortgage Electronic*
*Registration Systems, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      STATEMENT OF FACTS

Plaintiff purchased the property located at 3005 Milton Place, North Las Vegas, Nevada 89030 (hereinafter Property) on or about November 23, 1996.[1] On April 30, 2007, Plaintiff executed a Deed of Trust/Note for $207,500.00.[2] The Deed of Trust designated Fidelity Mortgage of NY as the Lender, MERS as Beneficiary as nominee for Fidelity Mortgage of NY a Division of Delta Funding Corporation, and Cal-Western Reconveyance Corporation as the Trustee.[3] On September 15, 2008, Quality Loan Service Corporation recorded a Notice of

---

[1] A true and correct copy of the Grant, Bargain, Sale Deed recorded in the Clark County Recorder's Office as book and instrument number 19960731:0356 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 1.**

[2] A true and correct copy of the Deed of Trust recorded in the Clark County Recorder's Office as book and instrument number 20070511-0002160 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 2.**

[3] Id.

1  Breach and Default and of Election to Cause Sale of Real property under Deed of Trust.[4]  The

2  Notice of Default stated that the date of default on Plaintiff's Note was September 1, 2008.[5]  On

3  February 2, 2009, a Substitution of Trustee was recorded, whereby HSBC Bank USA, N.A., as

4  Trustee for Renaissance Equity Loan-Asset-Backed Certificate Series 2007-3 (hereinafter

5  "HSBC Bank"), substituted Quality Loan Service Corporation as Trustee under Plaintiff's Deed

6  of Trust.[6]  On February 4, 2009, an Assignment of Deed of Trust was recorded whereby MERS,

7  as nominee for Fidelity Mortgage of NY a Division of Delta Funding Corporation, assigned all

8  beneficial interest in Plaintiff's Deed of Trust to HSBC Bank USA, N.A..[7]  On March 17, 2009,

9  a Notice of Rescission of Notice of Default was recorded by Quality Loan Service Corporation,

10  whereby the Notice of Default recorded on September 15, 2008 was rescinded.[8]  On September

11  30, 2010, a Notice of Default and Default and of Election to Cause Sell of Real Property under

12  Deed of Trust was recorded by Western Progressive, LLC as Trustee, whereby the amount of the

13  arrearages was $6,113.14 as of September 29, 2010.[9]  On April 22, 2011, a Substitution of

14  Trustee was recorded by HSBC Bank USA, N.A. appointed Western Progressive, LLC as

15  Trustee under Plaintiff's Deed of Trust/Note.[10]  On May 4, 2011, a Certificate from the State of

16  Nevada Foreclosure Mediation Program was recorded.[11]  On June 15, 2011, a Notice of

---

[4] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and instrument number 20081215-0003905 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 3.**

[5] Id.

[6] A true and correct copy of the Substitution recorded in the Clark County Recorder's Office as book and instrument number 20090202-0001121 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 4.**

[7] A true and correct copy of the Assignment recorded in the Clark County Recorder's Office as book and instrument number 20090204-003037 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 5.**

[8] A true and correct copy of the Notice of Rescission recorded in the Clark County Recorder's Office as book and instrument number 20090317-0000190 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 6.**

[9] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and instrument number 201009300001285 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 7.**

[10] A true and correct copy of the Substitution recorded in the Clark County Recorder's Office as book and instrument number 201104220004027 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 8.**

[11] A true and correct copy of the Certificate recorded in the Clark County Recorder's Office as book and instrument number 20110504-0000962 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 9.**

1   Trustee's Sale was recorded, setting a sale date of July 15, 2011.[12]  The amount due and owing

2   on the Deed of Trust/Note was $232,847.45.[13]  A second Notice of Trustee's Sale was recorded

3   on December 29, 2011.[14]  As of the date of this Motion the Property has not been sold.

4        Plaintiff asserts multiple arguments in his "Statement of Facts" section concerning

5   authority under "Reconveyances."  However, Plaintiff's arguments fail to understand the term

6   "Reconveyance," for in relation to Plaintiff's case the "Substitutions and Full Reconveyance"

7   documents are in reference to a recording by the current Beneficiary of a Deed of Trust that the

8   Plaintiff has paid off his mortgage debt.  Therefore, Plaintiff's challenges of these documents

9   seems illusive to Plaintiff's foreclosure situation, especially since they deal with Deeds of Trust

10  that have not initiated foreclosure proceedings against the Plaintiff.

11                    **II.    PROCEDURAL HISTORY**

12        Plaintiff filed his Complaint and Notice of Lis Pendens in the District Court, Clark

13  County, Nevada on December 13, 2011.  On January 6, 2012, Defendants, Wells Fargo and

14  MERS, filed their Notice of Appearance and Initial Appearance Fee Disclosure.

15                    **III.    LEGAL ARGUMENT**

16  **A. MOTION TO DISMISS LEGAL STANDARD**

17        Pursuant to Fed. R. Civ. P. Rule 12(b) (6), "failure to state a claim upon which relief can

18  be granted," is a basis to dismiss a Complaint where the moving party can demonstrate beyond

19  doubt that the Plaintiff cannot provide a set of facts in support of his claim which would entitle

20  them to relief, such that this Motion to Dismiss should be granted. See, Puckett v. Park Place

21  Entertainment Corp., 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004).  In making a determination, the

22  allegations made in the Complaint are generally taken as true and viewed in the light most

23  favorable to the non-moving party. Id. While the Court should typically take the allegations as

24  alleged in the Complaint as true, "Courts do not assume the truth of legal conclusions merely

25  _____

[12] A true and correct copy of the Notice of Trustee's Sale recorded in the Clark County Recorder's Office as
26  book and instrument number 201106150000121is attached to Defendant's Request for Judicial Notice attached as
    **Exhibit 10.**
27  [13] Id.
    [14] A true and correct copy of the Notice of Trustee's Sale recorded in the Clark County Recorder's Office as
28  book and instrument number 20111229-0000456 is attached to Defendant's Request for Judicial Notice attached
    as **Exhibit 11.**

1 because they are cast in the form of factual allegations." Puckett, 332 F. Supp. 2d at 1352

2 (Quoting, Western Mining Counsel v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)). It has

3 specifically been held that "conclusory allegations of law and unwanted inferences are

4 insufficient to defend a Motion to Dismiss for failure to state a claim." In re Stac Electronics

5 Securities Litigation, 89 F.3d 1399, 1403 (9th Cir. 1996) (Quoting, In re VeriFone Securities

6 Litigation, 11 F.3d 865, 868 (9th Cir. 1993)).

7       "Generally, a district court may not consider any material beyond the pleadings in ruling

8 on a Rule 12(b) (6) motion ... However, material which is properly submitted as part of the

9 complaint may be considered on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner

10 & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). Similarly, "documents

11 whose contents are alleged in a complaint and whose authenticity no party questions, but which

12 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

13 motion to dismiss" without converting the motion to dismiss into a motion for summary

14 judgment. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of

15 Evidence 201, a court may take judicial notice of "matters of public record." Mack v. South Bay

16 Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

17       Furthermore, the Supreme Court recently clarified the pleadings obligation of F.R.C.P.

18 8(a)(2) in Bell Atlantic Corp. v. Twombly by holding that:

19       A Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires
20       more than labels and conclusions, and a formulaic recitation of the elements of a cause of
         action will not do.... Factual allegations must be enough to raise the right to relief above
21       the speculative level. 127 S. Ct. 1955, 1964 (2007).

22       The pleadings standard as articulated in Twombly has repeatedly been upheld by the

23 United States District Court, District of Nevada. See, Law v. McDaniel, 2008 WL 4371771, 2

24 (D. Nev. 2008), Lambey v. State of Nevada, 2008 WL 2704191, *3 (D. Nev. 2008), Marr v.

25 Anderson, 2008 WL 2037310, *1 (D. Nev. 2008).

26       "Determining whether a complaint states a plausible claim for relief ... [is] a context-

27 specific task that requires the reviewing court to draw on its judicial experience and common

28 sense. But where the well-pleaded facts do not permit the court to infer more than the mere

1   possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is

2   entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting F.R.C.P. Rule

3   8(a)(2)) (citations omitted).  Although "a complaint need not contain detailed factual

4   allegations," Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting

5   Twombly, 127 S.Ct. at 1974), the Court will not assume that the plaintiff can prove facts

6   different from those alleged in the complaint. Associated Gen. Contractors of Cal. v. Cal. State

7   Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); Jack Russell

8   Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1035 (9th Cir. 2005).

9   Similarly, legal conclusions couched as factual allegations are not given a presumption of

10  truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to

11  defeat a motion to dismiss." Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). A court may

12  dismiss as a frivolous complaints reciting bare legal conclusions with no suggestion of

13  supporting facts, or postulating events and circumstances of a wholly fanciful kind. Crisafi v.

14  Holland, 655 F.2d 1305, 1307-08 (D.C.Cir.1981) (per curiam).

15  **B. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT SHOULD**

16  **BE GRANTED WITH REGARDS TO DEFENDANT, WELLS FARGO,**
    **BECAUSE WELLS FARGO HAS NO BENEFICIAL INTEREST OR**

17  **INVOLVEMENT IN PLAINTIFF'S DEED OF TRUST/NOTE.**

18  Plaintiff never asserts a cause of action or names Wells Fargo, outside of the pleading

19  caption, in the entire Complaint.  Wells Fargo never appeared on the original Deed of Trust/Note

20  or on any Assignments or Substitutions.  Wells Fargo never had nor does have any beneficial

21  interest in Plaintiff's Deed of Trust/Note.  Plus, Wells Fargo is not involved in the foreclosure on

22  Plaintiff's Property.

23  Without any involvement in either the Deed of Trust/Note or the foreclosure, Defendant,

24  Wells Fargo, respectfully requests this Court to grant the motion to dismiss Plaintiff's Complaint

25  against Defendant, Wells Fargo.

26  ///

27  ///

28  ///

## C. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITH REGARDS TO PLAINTIFF'S FIRST CAUSE OF ACTION BECAUSE PLAINTIFF IS NOT ENTITLED TO COMPENSATORY RELIEF.

Plaintiff's first cause of action is unintelligible and confusing as to what Plaintiff is trying to allege in the cause of action. Plaintiff merely asserts the same legal theories he asserts in later causes of action, i.e. Breach of Good Faith and Fair Dealings, Standing, TILA violation, and RESPA violation. Due to the fact that Plaintiff reasserts these exact same causes of action in slightly more detail in later causes of action in the Complaint, Defendants will specifically addresses these violations in the below stated arguments.

Plaintiff also asserts what appears to be an argument for declaratory or injunctive relief, for Plaintiff asserts that a controversy exists relating to the rights and duties of each party under the terms of the Deed of Trust/Note. (Complaint at pg. 7 ¶ 16). Plaintiff's declaratory relief claim is wholly derivative of the substantive law claims asserted elsewhere in the Complaint. It adds nothing to the pleading and fails just as the substantive claims upon which the declaratory relief relies upon fails. Declaratory Relief requires a present and actual controversy between the parties as to an existing or future right.[15] Since Plaintiff fails to state a claim with respect to any of the other causes of action as discussed below, Plaintiff's Declaratory Relief claim fails, and as the other claims cannot survive, it is thus moot.

Plaintiff has failed to identify under what basis he is entitled to a "permanent injunction" which would effectively grant an un-transferable title to the subject property in the Plaintiff name and eliminate any ability for Defendants to enforce their secured interest in the Property. As demonstrated in this Motion to Dismiss, the Plaintiff has not pled a viable claim against Defendants. Plaintiff has failed to plead that Defendants do not have legal authority to foreclose on Plaintiffs' property or breached any duty to Plaintiff. As a result, Plaintiff has not provided any viable basis for the Court to give such un-transferable title to the Property, and therefore the injunctive relief claim should be dismissed for failure to state a claim for which relief can be granted. Plaintiff should be denied declaratory relief and injunctive relief because Plaintiff fails

---

[15] NRS §30.040.

1  to plead wrongful foreclosure or any material facts that could prove the other causes of action

2  stated in Plaintiff's Complaint.

3  Plaintiff also asserts that he did not have the advice of competent counsel when he signed

4  the Note and mortgage. (Complaint at pg. 8 ¶ 19). However, the advice and counsel of an

5  attorney is not a right, for Plaintiff could have sought the assistance of counsel before signing his

6  Note and Deed of Trust and Plaintiff did not. Simply not having the advice and counsel of an

7  attorney does not deem the Note and Deed of Trust void or unconscionable. Therefore,

8  Plaintiff's lack of counsel argument should be disregarded by this Court.

9
### D. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITH
10  REGARDS TO PLAINTIFF'S SECOND CAUSE OF ACTION BECAUSE
    DEFENDANTS DID NOT BREACH ANY ALLEGED DUTY TO PLAINTIFF.
11
Plaintiff cannot assert a breach of the covenant of good faith and fair dealing. For this
12
cause of action to apply, specific elements must exist. First, there must be an enforceable
13
contract. Second, there must be a special relationship between the tortfeasor and the tort
14
victim, such as the relationship that exists between an insured and an insurer, that is, a
15
relationship of trust and special reliance. Martin v. Sears, Roebuck and Co., 111 Nev. 923,
16
929, 899 P.2d 551, 555 (1995). A breach of the implied covenant of good faith and fair
17
dealing cannot arise from negotiations. Restatement (Second) of Contracts § 205, cmt. c.
18
Indeed, it is axiomatic that a party cannot breach the covenant of good faith and fair dealing
19
before a contract is formed. Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157
20
F.3d 933, 941 (2d Cir. 1998), cited in, Haley v. Elegen Home Lending, LP, 2010 WL
21
1006664, *2 (D.Nev., March 16, 2010). Plaintiff asserts that Defendants breached their duty
22
of good faith by refusing to negotiate with Plaintiff concerning getting a loan modification or
23
assistance with his mortgage. (Complaint at pg. 9 ¶27). Plaintiff never asserts which Defendant
24
refused to negotiate concerning "assistance with repaying his loan." Plaintiff also fails to assert
25
beyond a conclusory statement how the Defendants refused to assist the Plaintiff with repaying
26
his loan. Therefore, Plaintiff fails to plead his Breach of Good Faith and Fair Dealing cause of
27
action under the required F.R.C.P. Rule 8.
28

1       In addition, Plaintiff asserts that all Lenders or anyone involved in Plaintiff's Deed of

2  Trust/Note have a mandatory duty to refinance/reinstate a loan. (Complaint at pg. 9 ¶ 25).

3  However, it is well established that a lender owes no general duty of care to a borrower, because

4  they are adversaries. Weingartner v. Chase Home Finance, LLC, 2010 WL 1006708, *12

5  (D.Nev., March 15, 2010) (quoting, Nymark v. Heart Fed. Sav. & Loan, 231 Cal.App.3d 1089,

6  1096, 283 Cal.Rptr. 53 (1991)). Indeed, as a matter of law, a lender owes no duty of care to a

7  borrower. See, Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal.App.3d 1089, 283 Cal. Rptr

8  53 (1991); see also, Yerington Ford, Inc. v. GMAC, 359 F.Supp.2d 1075, 1090 (D. Nev. 2004).

9  A lender is under no duty "to determine the borrower's ability to repay the loan . . . . The

10  lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the

11  lender's protection, not the borrower's." Renteria v. U.S., 452 F.Supp. 2d 910, 922-923 (D.Ariz.

12  2006) (holding that borrowers rely on their own judgment and risk assessment in deciding

13  whether to accept the loan). Therefore based on case law Defendants owed no duty to the

14  Plaintiff to agree to any repayment options or postpone foreclosure, due to the fact that based on

15  the Notice of Default Plaintiff stopped paying his mortgage. Plaintiff never asserts that Plaintiff

16  executed an agreement or loan modification with Defendants, Wells Fargo or MERS, for

17  Plaintiff asserts that no agreement was reached with either of the Defendants to negotiate

18  repayment options.[16] (Complaint at pg. 9 ¶¶27-28). Therefore, Wells Fargo and MERS never

19  promised to perform anything on behalf of Plaintiff, if Plaintiff never executed an agreement

20  with Wells Fargo and MERS.

21       Plaintiff's pleading attempts to conflate the proposed repayment options with the initial

22  Deed of Trust and imply that failure to enter into a repayment options and continuing with a non-

23  judicial foreclosure is somehow a breach of the covenant of good faith and fair dealing. The

24  clear language of the Deed of Trust shows that there is no requirement that a short sale or other

25  options be offered if the borrower defaults on the mortgage obligation. Secondly, this alleged

26  claim of right is premised on the theory that a short sale or other foreclosure option, even a

27

28

---

[16] Complaint at pg. 9 ¶27.

1   HAFA-type option, is a right owed to the Borrower under the Deed of Trust. As the court in

2   Williams v. Geithner, 2009 WL 3757380 (D. Minn. Nov. 9, 2009), found;

3         ... [T]he Court concludes the regulations at issue here did not intend to create a
4         property interest in loan modifications for mortgages in default. First, the statute
      does not create an absolute duty on the part of the Secretary to consent to loan
5         modifications; it is not "language of an unmistakably mandatory character." *Hill*
6         *v. Group Three Housing Development Corp.,* 799 F.2d 385, 392 (1986)"
      (describing rules or understandings that may create a protected property interest)
7         quoting *Hewitt v. Helms,* 459 U.S. 460 (1983). Notably, the statute provides that
      loans may be modified "where appropriate"-a phrase that limits the Secretary's
8         obligation and evinces a Congressional intent to afford discretion in the decision
9         whether to modify loans in certain circumstances. Next, Congress dictated that
      requests for loan modifications necessarily consider the NPV to the taxpayer.
10        **Thus loan modifications are not an entitlement, but are linked to decisions**
      **that result in profits to taxpayers. Congress did not intend to mandate loan**
11        **modifications.** (Emphasis supplied). Williams v. Geithner, 2009 WL 3757380 (D.
12        Minn. Nov. 9, 2009).

13      However, Plaintiff's Deed of Trust and the Defendants have no obligation to

14  provide multiple alternatives to foreclosure if a borrower is in default under the mortgage

15  obligation. Plaintiff is in default on his mortgage payments. Without the establishment

16  of a valid enforceable contract between the Plaintiff and the Defendants, Defendants'

17  Motion to Dismiss against Plaintiff's breach of the covenant of good faith and fair

18  dealing cause of action should be granted.

19      In addition, Plaintiff asserts a breach of the covenant of good faith and fair dealing

20  against the Defendants for not providing more information regarding the Trustee's intentions

21  with regard to their rights to foreclose and/or sell. (Complaint at pg. 9 ¶¶ 28). The Plaintiff fails

22  to provide a timeframe concerning the alleged breach. However, Plaintiff's Notice of Default

23  filed on September 30, 2010, stated the exact intentions of the Trustee with regards to

24  foreclosure and the sale of Plaintiff's Property.[17]  In addition, stated on the Notice of Default was

25  contact information which would allow Plaintiff to determine if the loan could be cured,

26  reinstated, and provided alternatives to foreclosure. The Notice of Default stated that the

27

28  [17] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and
instrument number 201009300001285 is attached to Defendant's Request for Judicial Notice attached as **Exhibit
7.**

1   Plaintiff could contact: HRC Litigation at 1661 Worthington Road, West Palm Beach, FL 33409

2   C/O Western Progressive, LLC, P.O. Box 100029, Phone Number: 1-877-528-5606 or 1-877-

3   528-5622.[18]   Plaintiff never asserts in his Complaint that he contacted the entity listed on the

4   Notice of Default.  If Plaintiff would have contacted the entity listed on the Notice of Default

5   then the Plaintiff would have been provided all the information he needed concerning the

6   Trustee's Sale, curing, and possible alternative options.  However, the Plaintiff never asserts that

7   he contacted that entity.  Therefore, Defendants did not breach any duty concerning providing

8   additional information because the Notice of Default provided contact information concerning

9   the Trustee's intent with regards to Plaintiff's Property.

10
11          **a.  Plaintiff's Fair Debt Collection Practices argument is barred by the Statute**
                 **of Limitations and inapplicable to Defendants involved in mortgage**
12               **foreclosure-related business.**

13          Plaintiff seeks a judicial determination by asserting that the loan agreement he signed was

14   the result of unfair, deceptive, and inequitable business practices in violation of the Fair Credit

15   and Collections Rule 15 § 1692. (Complaint at pg. 10 ¶30).  Defendants assume that Plaintiff

16   means the Fair Debt Collections Practices Act (F.D.C.P.A.) since the Act is 15 U.S.C. §1692 et

17   al.  The F.D.C.P.A. does not apply to the Defendants and any unfair, deceptive, and inequitable

18   business practice violations under the F.D.C.P.A. are barred by the statute of limitation.  Under

19   15 U.S.C. § 1692(h) §§ 813(d) states that any action to enforce liability under the statute must be

20   brought within one year from the date on which the violation occurs.  15 U.S.C. § 1692(h) §§

21   813(d).  Plaintiff alleges violation of the F.D.C.P.A. as of the loan agreement execution, which

22   occurred over four (4) years ago.   Therefore, under the F.D.C.P.A., Plaintiff is barred by the

23   statute of limitations from asserting any claim of unfair, deceptive, and inequitable business

24   practice violation of the F.D.C.P.A.

25          In addition,  the FDCPA expressly excludes from the definition of debt collector "any

26   person collecting or attempting to collect any debt owed or due or asserted to be owed or due

27
    _____
28   [18] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office  as book and
    instrument number 201009300001285 is attached to Defendant's Request for Judicial Notice attached as **Exhibit**
    **7.**

1   another to the extent such activity ... concerns a debt which was not in default at the time it was

2   obtained by such person." 15 U.S.C. § 1692a(6)(F) (emphasis added). Activities undertaken in

3   connection with a nonjudicial foreclosure, however, do not constitute "debt collection" under

4   the FDCPA. See Diessner v. Mortgage Elec. Reg. Sys., Inc.., 618 F. Supp. 2d 1184, 1188-89

5   (D.Ariz. 2009). Thus, Plaintiff's F DCPA claim against Defendants fail since Defendants have

6   undertaken activities connected with the nonjudicial foreclosure sale of the property at issue

7   and they are not considered "debt collectors" under the FDCPA.

8          Therefore, Defendants' Motion to Dismiss should be granted because Defendants owe no

9   duty of care to Plaintiff, Defendants never breached any alleged duty of care, and Plaintiff

10  F.D.C.P.A. arguments are barred by the statute of limitations and language of the F.D.C.P.A.

11
12  **E. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITH REGARDS TO PLAINTIFF'S THIRD CAUSE OF ACTION BECAUSE DEFENDANTS HAVE STANDING TO FORECLOSE ON PLAINTIFF'S**
13  **PROPERTY.**

14
15  **a. Recorded Land Documents show a clear trail of legal authority to foreclose on Plaintiff's Property.**

16         The recorded land documents on Plaintiff's chain of title show a clear trail of legal

17  ownership from the original Lender/Beneficiary to the foreclosing Beneficiary and Trustee.  On

18  April 30, 2007, Plaintiff executed a Deed of Trust/Note for $207,500.00.[19]  The Deed of Trust

19  designated Fidelity Mortgage of NY as the Lender, MERS, as nominee for Fidelity Mortgage of

20  NY a Division of Delta Funding Corporation as the Beneficiary, and Cal-Western Reconveyance

21  Corporation as the Trustee.[20]  On September 15, 2008, Quality Loan Service Corporation

22  recorded a Notice of Breach and Default and of Election to Cause Sale of Real property under

23  Deed of Trust.[21]  The Notice of Default stated that the date of default on Plaintiff's Note was

24

25  [19] A true and correct copy of the Deed of Trust recorded in the Clark County Recorder's Office as book and
26  instrument number 20070511-0002160 is attached to Defendant's Re quest for Judicial Notice attached as **Exhibit 2.**
27  [20] Id.
    [21] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and
28  instrument number 20081215-0003905 is attached to Defendant's Re quest for Judicial Notice attached as **Exhibit 3.**

1 September 1, 2008.[22] On February 2, 2009, a Substitution of Trustee was recorded, whereby

2 HSBC Bank USA, N.A., as Trustee for Renaissance Equity Loan-Asset-Backed Certificate

3 Series 2007-3, substituted Quality Loan Service Corporation as Trustee under Plaintiff's Deed of

4 Trust.[23] On February 4, 2009, an Assignment of Deed of Trust was recorded whereby MERS, as

5 nominee for Fidelity Mortgage of NY a Division of Delta Funding Corporation assigned all

6 beneficial interest in Plaintiff's Deed of Trust to HSBC Bank USA, N.A., as Trustee for the

7 Registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3.[24] On

8 March 17, 2009, a Notice of Rescission of Notice of Default was recorded by Quality Loan

9 Service Corporation, whereby the Notice of Default recorded on September 15, 2008 was

10 rescinded.[25] On September 30, 2010, a Notice of Default and Default and of Election to Cause

11 Sell of Real Property under Deed of Trust was recorded by Western Progressive, LLC as

12 Trustee, whereby the amount of the arrearages was $6,113.14 as of September 29, 2010.[26] On

13 April 22, 2011, a Substitution of Trustee was recorded by HSBC Bank USA, N.A. appointing

14 Western Progressive, LLC as Trustee under Plaintiff's Deed of Trust/Note.[27] On May 4, 2011, a

15 Certificate from the State of Nevada Foreclosure Mediation Program was recorded.[28] On June

16 15, 2011, a Notice of Trustee's Sale was recorded, setting a sale date of July 15, 2011.[29] The

17

---

[22] Id.

18 [23] A true and correct copy of the Substitution recorded in the Clark County Recorder's Office as book and instrument number 20090202-0001121 is attached to Defendant's Request for Judicial Notice attached as **Exhibit**

19 **4.**

[24] A true and correct copy of the Assignment recorded in the Clark County Recorder's Office as book and

20 instrument number 20090204-003037 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 5.**

21 [25] A true and correct copy of the Notice of Rescission recorded in the Clark County Recorder's Office as book

22 and instrument number 20090317-0000190 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 6.**

23 [26] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and instrument number 201009300001285 is attached to Defendant's Request for Judicial Notice attached as **Exhibit**

24 **7.**

[27] A true and correct copy of the Substitution recorded in the Clark County Recorder's Office as book and

25 instrument number 201104220004027 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 8.**

26 [28] A true and correct copy of the Certificate recorded in the Clark County Recorder's Office as book and instrument number 20110504-0000962 is attached to Defendant's Request for Judicial Notice attached as **Exhibit**

27 **9.**

[29] A true and correct copy of the Notice of Trustee's Sale recorded in the Clark County Recorder's Office as

28 book and instrument number 201106150000121is attached to Defendant's Request for Judicial Notice attached as **Exhibit 10.**

1   amount due and owing on the Deed of Trust/Note was #232,847.45.[30]  A second Notice of

2   Trustee's Sale was recorded on December 29, 2011.[31]  Therefore, Plaintiff's assertion concerning

3   the Defendants not having standing to foreclose on Plaintiff's Property is meritless based on the

4   recorded land documents.

5

6   ### b.  PLAINTIFF'S ASSERTION OF THE APPLICABILITY OF AB 284 IS MISPLACED.

7   Plaintiff asserts that under AB 284 the Mortgagor must produce the original Promissory

8   Note, Assignment, and Endorsement. (Complaint at pg. 10 ¶ 33). However, AB 284 is

9   inapplicable to Plaintiff's situation because AB 284 only became effective on October 1, 2011.

10  Plaintiff's Notice of Default was recorded September 30, 2010.  AB 284 does not have a

11  retroactive provision concerning previously recorded Notices of Default.  Therefore, AB 284

12  does not apply to Plaintiff's Notice of Default and Defendants have no duty to produce the

13  original Promissory Note, Assignments, and Endorsement.

14  In addition, Plaintiff asserts that Defendants must prove their standing to enforce the

15  Deed of Trust/Note. (Complaint at pgs. 10-11 ¶ 34). This requirement is unfounded in statute or

16  case law. Plaintiff's citation to case law to support this requirement is decided in the Bankruptcy

17  Court of Idaho and Massachusetts, which is inapplicable to Nevada and Plaintiff's case.

18  Defendants need not prove their standing to proceed with a non-judicial foreclosure, as in this

19  case, and need not show more standing then the recorded documents to show their ownership

20  by way of the trustees' s ale. The default and sale provisions in a Nevada deed of trust are

21  regulated by statute.[32]  N.R.S. 107.080 sets forth the non-judicial foreclosure process and

22  procedures but does not require such a burden upon the lender, its assigns, successors, agents

23  or nominees.   Instead, it is well settled Nevada law that the terms of the Deed of Trust are

24  controlling regarding the foreclosure process. Edwards v. John Hancock Mut. Life Ins. Co.,

25  973 F.2d 1027, 1030-1031 (1st Cir. 1992) (interpreting Nevada law).  The language of the

26

27  [30] Id.
    [31] A true and correct copy of the Notice of Trustee's Sale recorded in the Clark County Recorder's O ffice as
28  book and instrument number 20111229-0000456 is attached to Defendant's Req uest for Judicial Notice attached
    as **Exhibit 11.**
    [32] See NRS 107.080; 107.090; 21.130.

1  Deed of Trust itself "establishes the rights and responsibilities of the parties and prescribed

2  certain duties to be performed by the trustees." In this instance, under the terms of the Deed

3  of Trust provide that assignments can be made *without* notice to appellant.

4  Any insistence by Plaintiff that Defendants lacked standing to perform their tasks, or

5  that such standing must be proved is not founded in law or equity. Under Nevada law, an

6  Assignment is neither required nor necessary for parties to perform the directed acts. The only

7  statute that references "assignments" of the beneficiary interest is NRS 106.210 which states as

8  follows:

9  **NRS 106.210 Recording of assignments of mortgages or beneficial interests in deeds of trust; constructive notice.**

10  1. Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust *may* be recorded, and from the time any of the same are so filed for record

11  shall operate as constructive notice of the contents thereof to all persons.

12  2. Each such filing or recording shall be properly indexed by the recorder. [emphasis added].

13  There is no requirement that the beneficiary interest be recorded or that a "chain of

14  beneficiary interest" be proven in order to foreclose. In fact, the identity of the investor is

15  irrelevant to whether a borrower owes money under the note and Deed of Trust, and is akin to

16  alleging that their default is justified because they do not know who they are failing to pay.

17  This is false again as the Deed of Trust states that the borrower is to pay the Loan Servicer,

18  not the beneficiary. The Loan Servicer provides monthly statements to the borrower, not the

19  beneficiary. Therefore the identity of the beneficiary is completely irrelevant for purposes of

20  borrower's payment under the Note and Deed of Trust.

21

22  ### c. ASSIGNMENTS OF DEEDS OF TRUST NEED NOT BE RECORDED IN ORDER TO HAVING STANDING TO FORECLOSE.

23  There simply is no requirement that Assignment of Deeds of Trust be recorded in order

24  for a Lender to having standing to foreclose. The applicable statutes are N.R.S. 107.070 and

25  N.R.S. 106.210. N.R.S. 107.070 provides that N.R.S. 106.210 is applicable regarding Deeds of

26  Trusts. N.R.S. 106.210 expressly provides that an assignment "may" be recorded to provide

27  "constructive notice of the contents thereof to all persons."[33] In fact, Plaintiff agreed in the Deed

28  _____

[33] N.R.S. 106.210.

1  of Trust that the Deed of Trust can be assigned without notice to borrower.[34]  The Deed of Trust

2  states that pursuant to the express terms of the Deed of Trust, the Lender has the right to appoint

3  a substitute Trustee.  Specifically, the Deed of Trust states in pertinent part as follows:

4
5  > 24. Substitute Trustee. Lender at its option, may from time to time
   > remove Trustee and appoint a successor trustee to any Trustee
   > appointed hereunder. Without conveyance of the Property, the
6  > successor trustee shall succeed to all title, power and duties
   > conferred upon Trustee herein and by Applicable Law.[35]
7

8  Additionally, pursuant to the express terms of the Deed of Trust, the "Note or a partial

9  interest in the Note (together with this Security Instrument) can be sold one or more times

10  **without prior notice to Borrower."[36]** [Emphasis Added].

11  Plaintiff also agreed in the Deed of Trust that sale of the Note "may result in a change in

12  the entity (known as the "Loan Servicer") that collects monthly payments due under the Note

13  and this Security Instrument There also might be more than one changes of the Loan Servicer

14  unrelated to the sale of the Note."[37]

15  Additionally, pursuant to the terms of the Deed of Trust signed by the Plaintiff the Lender

16  has the right to accelerate the payment and demand payment in full of the entire note if Borrower

17  defaults.[38]  Borrower was given the right to reinstatement after acceleration up to "five days

18  before sale of the Property" if certain conditions are met.[39] Those conditions of borrower include

19  the following:

20  > (a)  pays Lender all sums which then would be due under this Security
   >       Instrument and the Note as if no acceleration has occurred;
21  > (b)  Cures any default of any other covenants or agreements;
22  > (c)  Pays all expenses incurred in enforcing this Security Instrument,
   >       including, but not limited to, reasonable attorney's fees, property
23  >       inspection and valuation fees, and other fees incurred for the purpose of
   >       protecting Lender's interest in the Property and rights under this Security
24  >       Instrument; and

25  ---
   [34] A true and correct copy of the Deed of Trust is attached to the RJN as **Exhibit 2.**
26  [35] A true and correct copy of the Deed of Trust recorded in the Clark County Recorder's Office as book/instrument
   number 200505110000732 and attached to the RJN as **Exhibit 1.**
27  [36] Id.
   [37] Id.
28  [38] Id.
   [39] Id.

1

2

3

 (d) Takes such action as Lender may reasonably require that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged.[40]

4

5

6

7

  Based on Plaintiff's signature on the Deed of Trust/Note, Plaintiff agreed to any transfers or assignment of the Lender's interest under Plaintiff's Deed of Trust. Therefore, Plaintiff agreed to any transfers or assignment and cannot plead in her Complaint that this interferes with her contractual relationship with the Lender.

8

9

  Accordingly, there is no requirement that the Beneficiary record an assignment in order to have standing to foreclosure.

10

11

12

### d. NEVADA CASE LAW REJECTS VOIDING A NOTICE OF DEFAULT ON GROUNDS THAT A PARTY RECORDED THE SUBSTITUTION OF TRUSTEE AFTER IT ISSUED THE NOTICE OF DEFAULT.

13

14

15

16

17

18

19

20

21

22

  Plaintiff states that the Defendants do not have legal authority to foreclose on Plaintiff's property because the Defendants, with the exception of Fidelity, are not listed on the Deed of Trust and did not loan Plaintiff money. (Complaint at pgs. 11-12 ¶ 39(a) and (h)). Plaintiff's arguments ignore the basic truths of mortgage Notes. Most Notes/Deeds of Trust are sold after the execution by the original Lender. As long as the Assignment and Substitutions of Trustee are legally executed then these transfers are legitimate; plus, as stated above, Plaintiff assented to multiple Assignment and Substitutions in his Deed of Trust. In addition, the successor beneficiary and Trustee do not have to loan the Plaintiff money in order to claim legal interest in the Deed of Trust. The only entity that would loan Plaintiff money would be the original Lender, Fidelity, which the Plaintiff does not argue Fidelity has done. Therefore, Plaintiff's arguments concerning the Deed of Trust and loaned money are meritless.

23

24

25

26

  In addition, N.R.S 247.200 governs the recording of any instrument that in any way affects real property and N.R.S. 247.200 *does not* mandate the recording of any document that affects property, for whatever reasons it is being recorded. [41] N.R.S. 247.200 states only that any

27

28

---

[40] Id.
[41] N.R.S. 247.200

1    document that is recorded may be recorded in the county where the property is located.[42]  There

2    is simply no requirement in the Deed of Trust or in Nevada law that requires that a Substitution

3    of Trustee be recorded or the assignment of the deed of trust prior to the Notice of Default.

4         In addition, Courts have repeatedly rejected challenges to a Notice of Default on the

5    grounds that a party was substituted as trustee after it issued the Notice of Default, when that

6    party prepared it as an agent of the beneficiary.  That argument is unfounded because of the rule

7    that the trustee, the beneficiary, their assigns, or an authorized agent may file the Notice of

8    Default.[43]  In Berilo, the Plaintiff alleged that the defendant "had no right to file the notice of

9    default because the substitution naming it as trustee had not yet been filed".[44]  The Berilo court

10   rejected the Plaintiffs' claim stating that Nev. Rev. Stat. § 107.080 "does not require that a

11   particular party – trustee, beneficiary, or their assigns – record notices of default."[45]  Instead,

12   "nothing prevents an authorized agent from recording a notice of default."[46] '

13        In Plaintiff's case, the "Notice of Default" was executed by Western Progressive, Trustee

14   for the Beneficiary, therefore under case law and statute the notice was proper.  Therefore,

15   Plaintiff's assertion that the Defendants did not have legal authority to foreclose is erroneous.

16   
17        **e.  PLAINTIFF'S ASSERTIONS OF COERCION AND FRAUD FAIL TO BE
             PLED UNDER F.R.C.P. RULE 8 AND F.R.C.P. RULE 9.**

18        Plaintiff asserts that Defendants are guilty of fraud, constructive trust, intentional fraud,

19   fraud in the factum, fraud in the inducement, fraud in the execution, breach of contract, material

20   misrepresentation, deceit, mail fraud, unconscionable contract, non-disclosure, grand larceny,

21   unjust enrichment, breach of fiduciary duty, bank embezzlement, unlawful conversion, and

22   racketeering under RICO. (Complaint at pg. 11 ¶ 38).  Plaintiff's Complaint fails to assert any

23   facts to support the broad generalizations of accusations.  Beyond mere statements of the causes

24   of action, Plaintiff fails to provide any information to support the above stated causes of action,

25   thereby failing to plead under basic notice pleading standards.  Plaintiff alleges coercion in

26   
27   [42] N.R.S. 247.200
     [43] Berilio v HSBC Mortg. Corp., No. 2:09-cv-02353, 2010 WL 2667218 (D. Nev.).
     [44] Id. at 4.
28   [45] Id.
     [46] Id.

1  signing the documents, but points out on page 12 that Plaintiff received a Truth in Lending

2  Statement. Since, Plaintiff fails to plead under F.R.C.P. Rule 8 then Plaintiff's assertions of the

3  Defendant violating the above stated causes of action should be disregarded by this Court. Plus,

4  any alleged coercion is pled to have taken place at the signing of the documents, which Wells

5  Fargo and MERS were not present at nor advised the Plaintiff at the execution of the loan

6  documents. Therefore, any coercion claims are meritless against Wells Fargo and MERS and

7  should be dismissed.

8      In addition, Plaintiff asserts several fraud causes of action, but Plaintiff fails to plead

9  under the required heightened pleading standard. F.R.C.P. Rule 9 requires that a Plaintiff plead a

10  cause of action for fraud or mistake with heightened particularity. F.R.C.P. Rule 9. To meet this

11  standard, Plaintiff must present details regarding the "time, place, and manner of each act of

12  fraud, plus the role of each defendant in each scheme." Lancaster Com. Hosp. v. Antelope Valley

13  Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991). Plaintiff fails to provide any information

14  concerning the time, place, manner of the fraud, or the role of ether Defendants in the fraud

15  causes of action. Therefore, Plaintiff's above stated fraud causes of action fail to meet the

16  F.R.C.P. Rule 9 pleading standard and should be dismissed by this Court.

17
18
19
   **f. Plaintiff's coercion assertion is meritless based on MERS and Wells Fargo not being present at the execution of the documents and failure of Plaintiff to plead under F.R.C.P. Rule 8.**

20      Plaintiff asserts that he was coerced into signing the loan documents without any

21  knowledge that a fraud and or felony crimes had been perpetrated upon the Plaintiff. (Complaint

22  at pg. 11 ¶ 37). However, Plaintiff's Complaint fails to assert any facts to support the broad

23  generalizations of accusations. Beyond mere statements of coercion, Plaintiff fails to provide

24  any information to support the coercion cause of action, thereby failing to plead under basic

25  notice pleading standards. Since, Plaintiff fails to plead under F.R.C.P. Rule 8 then Plaintiff's

26  assertion of the Defendants committing coercion upon the Plaintiff should be disregarded by this

27  Court. Plus, Plaintiff alleges coercion in signing the documents, but Wells Fargo and MERS

28  were not present at nor advised the Plaintiff at the execution of the loan documents because

Wells Fargo and MERS are not the original Lender..

1          **g.  Plaintiff's U.S. Securities Law of 1933 argument is meritless.**

2          Plaintiff asserts that Defendants illegally sold and/or acquired Plaintiff's Note as an

3    unregistered security.  (Complaint at pg. 13 ¶ 39(l)).  The Securities Law of 1933 dealt with

4    banking securities, like notes, stocks, and bonds.  The Definition of a "security" under the Act

5    does not include mortgage notes and Deeds of Trust.  Section 2(a)(1) of the Act states that the

6    definition of "security" is:

7                     any note, stock, treasury stock, security future, bond, debenture,
8                evidence of indebtedness, certificate of interest or participation in
                 any profit-sharing agreement, collateral-trust certificate, preorganization
9                certificate or subscription, transferable share, investment contract, voting-trust
                 certificate, certificate of deposit for a security, fractional undivided interest in oil,
10               gas, or other mineral rights, any put, call, straddle, option, or privilege on any
11               security, certificate of deposit, or group or index of securities (including any
                 interest therein or based on the value thereof), or any put, call, straddle, option, or
12               privilege entered into on a national securities exchange relating to foreign
                 currency, or, in general, any interest or instrument commonly known as a
13               "security", or any certificate of interest or participation in, temporary or interim
14               certificate for, receipt for, guarantee of, or warrant or right to subscribe to or
                 purchase, any of the foregoing.
15
16         A home mortgage note is not a "security" as defined under the U.S. Securities Law of

17    1933, thereby refuting any obligation Defendants had to adhere to the Securities law.

18         **h.  Plaintiff's T.I.L.A. argument is barred by the Statute of Limitations.**

19         Plaintiff cannot prevail on his Truth in Lending Act (hereinafter, "TILA") claim due to

20    the one year statute of limitations for such claims. Under 15 U.S.C. § 1640(e) "[a]ny action

21    under this section" may be brought within one year of the occurrence of the alleged violation.

22    The Deed of Trust was entered into in April 2007, which is over four years ago. Thus, Plaintiff's

23    T.I.L.A. claim fails as a matter of law.

24    **F.  DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITH
          REGARDS TO PLAINTIFF'S FOURTH CAUSE OF ACTION BECAUSE
25        PLAINTIFF HAS FAILED TO TENDER AND THE DEFENDANTS HAD LEGAL
          AUTHORITY TO FORECLOSE ON PLAINTIFF'S PROPERTY.**
26
27         Plaintiff asserts that he has proven a quiet title cause of action because he owns the

28    property and the Defendants have no legal or equitable right to Plaintiff's Property.  (Complaint

1   at pgs. 14-15 ¶ 44). As stated above, the recorded land documents show a clear legal trail of

2   ownership from the original Lender/Beneficiary to the foreclosing Beneficiary and Trustee,

3   thereby proving the legal authority of the Defendants to foreclose on Plaintiff's Property.

4        In addition, any wrongful foreclosure assertion by the Plaintiff is barred by the Tender

5   rule. Under Nevada law, a quiet title action may only be brought by someone who claims an

6   adverse interest in property. N.R.S. 40.010. "In a quiet title action, the burden of proof rests

7   with the Plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P. 2d

8   314, 318 (Nev. 1996). Specifically, when an adverse claim exists, the party seeking to have

9   another party's right to property extinguished, must overcome the "presumption in favor of the

10   record titleholder." Id. Courts of this District have held that an action for quiet title "should be

11   dismissed where Plaintiff's claim is not based on cognizable legal theory." In order to maintain

12   an action challenging a foreclosure sale, the borrower must first offer or actually pay the entire

13   loan amount. See 4 Miller and Starr, California Real Estate (Second Edition 1989) § 9:154, pages

14   507-508; United States Cold Storage v. Great Western Savings & Loan Association, 165

15   Cal.App.3d 1214, 1225, 212 Cal.Rptr. 232 (1985). This "tender requirement" was originally

16   founded in equity. The courts reasoned that if a defaulting borrower requested the court to

17   exercise its equitable powers and set aside a trustee's sale, the defaulting borrower must first be

18   willing to do equity himself, i.e. to get equity, one must do equity. Arnolds Management Corp v.

19   Eishen, 158 Cal.App. 3d 575, 577, 205 Cal. Rptr. 15 (1984). If the borrower is unsure, the

20   borrower must at least tender the amount that he reasonably believes is due. See, Bisno v. Sax,

21   175 Cal.App.2d 715, 346 P.2d 814 (1995) (the plaintiffs tendered what they believed was due)

22        Courts have expanded the application of the tender rule to "any causes of action"

23   challenging foreclosure, such as breach of contract. Arnolds Management Corp. v. Eishen, 158

24   Cal.Appl.3d 575, 577-580, 205 Cal.Rptr. 15 (1984). A cause of action "implicitly integrated"

25   with the alleged irregular sale fails unless the trustor can allege and establish a valid tender.

26   Arnolds at 579. "The rationale behind this rule is that if plaintiffs could not have redeemed the

27   property [i.e. paid the full loan amount] had the sale procedures been proper, any irregularities in

28   the sale did not result in damage to the plaintiffs." FPCI Re-Hab 01 v. E & G Investments, Ltd.,

1    207 Cal.App.3d 1018, 1022 (1989). In other words, the foreclosure would inevitably be

2    completed regardless. Absent a tender, a complaint based upon wrongful foreclosure fails to state

3    a cause of action. See, Karlsen v. American Savings & Loan Association, 15 Cal.App. 3d 112

4    (1971). Nevada foreclosure cases do not disavow the tender rule and the rule is strictly enforced.

5    Id. The Nevada Supreme Court has adopted the Tender Rule consistent with Leonard and

6    Arnolds Management. Kraemer v. Kraemer, 79 Nev. 287, 292, 382 P.2d 394, 396 (1963).

7        Plaintiff's request to quiet title should be denied because Plaintiff has not alleged a cause

8    of action for wrongful foreclosure and Plaintiff is in breach of his mortgage contract. Plaintiff

9    never pleads in his Complaint that he is not in Default. (See Complaint in general). Plaintiff has

10    not made an assertion that he will or could make his mortgage payments. Therefore, Plaintiff

11    cannot tender or cure the default, thereby disavowing any causes of action concerning quiet title.

12        Therefore, Defendant's Motion to Dismiss should be granted with regards to Plaintiff's

13    quiet title cause of action.

## G. PLAINTIFF RESORTS TO A "SPLITTING OF THE NOTE AND DEED" ARGUMENT SHOWS THE MERITLESS NATURE OF PLAINTIFF'S COMPLAINT.

16        Plaintiff resort to an oft repeated "requirement" that if the Note and Deed of trust are

17    "separated" that a foreclosure cannot occur. This argument has been rejected time and again by

18    the Nevada judiciary. Under Nevada law, the Note and Deed of Trust run together as one and

19    therefore the theory that the same has been "split" is a fiction and misnomer. In fact the Nevada

20    Supreme Court Decision from 1969, Giorgi v. Pioneer Title Insurance Company, 85 Nev. 319,

21    454 P.2d 104, succinctly summarizes the problem and the solution to the conflict of recording

22    requirements and the ability to transfer debt. Giorgi holds that the Note cannot be split from the

23    Deed of Trust. Giorgi, 85 Nev. 319, 454 P.2d 104. Furthermore, Nevada law has traditionally

24    held that the deed of trust is enforceable and that even situations where the debt could be

25    extinguished, the mortgage will still exist. S.T. Henry v. The Confidence Gold and Silver

26    Mining Company, 1 Nev. 619, 1865 WL 1098 (1865). The Henry Court rejected such a

27    conclusion, concluding that even if a statute of limitations caused a bar to the enforcement of the

28    note, the holder of note could still "maintain his action of ejectment for the land mortgaged, or

1  file his bill in equity." <u>S.T. Henry v. The Confidence Gold and Silver Mining Company</u>, 1 Nev.

2  619, 1865 WL 1098 (1865).

3       Simply alleging that a foreclosure is wrong because the Note and Deed of Trust may have

4  been "split" is simply a refusal to invest the effort required for understanding the nature of

5  secured interests in property.  Thus, without an understanding of the processes, Plaintiff asserts

6  that he is not in default because the Note is void or transferred.  Since HSBC Bank is the

7  beneficiary under Plaintiff's Deed of Trust, then HSBC Bank has standing regarding the

8  foreclosure process and there is no duty for the beneficiary to disprove "splitting."  Plaintiff is

9  required to pay his mortgage under their Deed of Trust.  Plaintiff's foreclosure sequence

10  argument should be disregarded based on Nevada courts and the Nevada judiciary's rejection of

11  Plaintiff's "splitting" argument.

12
13
14
15

**H. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED WITH REGARDS TO PLAINTIFF'S FIFTH CAUSE OF ACTION BECAUSE PLAINTIFF FAILS TO ASSERT ANY FACTS THAT WOULD MEET THE BASIC NOTICE PLEADING STANDARD AND PLAINTIFF'S ARGUMENTS are BARRED BY THE STATUTE OF LIMITATIONS.**

16       Plaintiff merely asserts in his predatory lending cause of action that the loan agreement

17  was the result of "unfair, deceptive, and inequitable business practices in violation of the Fair

18  Debt Collect Act, TILA, and RESPA."  (Complaint at pg. 15 ¶ 47).  Plaintiff provides no

19  evidence concerning how the loan agreement was unfair or deceptive and inequitable or what

20  subparts of the various above stated acts were violated by which Defendants.  Therefore, Plaintiff

21  has failed to plead under basic F.R.C.P. Rule 8 notice pleading standards and Plaintiff's fifth

22  cause of action should be dismissed without leave to amend.

23       15 U.S.C. § 1692(h) §§ 813(d) states that any action to enforce liability under the

24  F.D.C.P.A. must be brought within one year from the date on which the violation occurs.  15

25  U.S.C. § 1692(h) §§ 813(d).  Plaintiff alleges violation of the F.D.C.P.A. as of the date of the

26  loan agreement execution, which occurred over four (4) years ago.  Therefore, Plaintiff's

27  assertion of violation of the F.D.C.P.A. is meritless.  The F.D.C.P.A. expressly excludes from

28  the definition of debt collector "any person collecting or attempting to collect any debt owed or

1   due or asserted to be owed or due another to the extent such activity … concerns a debt which

2   was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)

3   (emphasis added). Activities undertaken in connection with a nonjudicial foreclosure, however,

4   do not constitute "debt collection" under the F.D.C.P.A. See Diessner v. Mortgage Elec. Reg.

5   Sys., Inc.., 618 F. Supp. 2d 1184, 1188-89 (D.Ariz. 2009). Thus, Plaintiff's F.D.C.P.A.

6   claim against Defendants fail since Defendants have undertaken activities connected with the

7   nonjudicial foreclosure sale of the property at issue and they are not considered "debt

8   collectors" under the FDCPA.

9        Plus, any T.I.L.A. cause of action  is barred by the statute of limitations.  Under 15

10  U.S.C. § 1640(e) "[a]ny action under this section" may be brought within one year of the

11  occurrence of the alleged violation. The Deed of Trust was entered into in April 2007, which is

12  over four years ago. Thus, Plaintiff's T.I.L.A. claim fails as a matter of law.

13       Lastly, any R.E.S.P.A. cause of action is barred by the statute of limitations.  RESPA

14  imposes either a one-year or a three-year statute of limitations depending on the violation

15  alleged. 12 U.S.C. § 2614.  Violations of sections 2607 and 2608 have a one-year statute of

16  limitations, whereas violations of section 2605 have a three-year statute of limitations. Id.

17  Plaintiff fails to cite which of these three provisions Defendants violated. Such a failure may

18  itself be sufficient grounds for the dismissal of an R.E.S.P.A. claim. See Gorospe, 2011 WL

19  578844, at * 7. The Court and Defendants should not have to speculate as to which provisions

20  Plaintiff is suing under.  However, regardless of which R.E.S.P.A. provision Plaintiff is suing

21  under, his claims are time-barred because his claims arose out of the origination of his loan but

22  the lawsuit was filed more than four years after that transaction was consummated.  Plaintiff has

23  also failed to argue that equitable tolling does not apply to this claim, nor has he pleaded any

24  facts that would support a finding of equitable tolling.  Accordingly, Plaintiff's R.E.S.P.A. causes

25  of action are barred as to Defendants, Wells Fargo and MERS.

26                                   **CONCLUSION**

27       Based upon the above and foregoing, Defendants, WELLS FARGO BANK and MERS,

28  respectfully request the Court to enter an order dismissing Plaintiff's Complaint in full with

1   prejudice against Defendants, WELLS FARGO and MERS, and for any further relief the Court

2   deems just and proper.

3         DATED this _____ day of _____, 2012.

4

5

6                                        WRIGHT, FINLAY & ZAK, LLP

7

8                                        _____

9                                        Donna M. Osborn, Esq.
                                         Nevada Bar No. 006527
10                                       5532 South Fort Apache Road, Suite 110
                                         Las Vegas, NV 89148
11                                       *Attorney for Defendant, Wells Fargo Bank, N.A.*
                                         *and MERS*
12

13                          **CERTIFICATE OF MAILING**

14

15         I HEREBY CERTIFY that I am employee of WRIGHT, FINLAY, & ZAK, LLP; that

16   service of the foregoing **DEFENDANTS, WELLS FARGO BANK N.A. AND MERS'S,**

17   **MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A**

18   **CLAIM UPON WHICH RELIF CAN BE GRANTED** was made on the _____ day of

19   _____, 2012, by depositing a true and correct copy of the same in the United States

20   Mail, at Las Vegas, Nevada, addressed as follows:

21

22                                 Dennis Scarberry
                                   3005 Milton Place
23                                 N. LV, NV 89032
                                   *Plaintiff Pro Per*
24

25

26

27                                 _____

28                                 Employee of WRIGHT, FINLAY, & ZAK, LLP