WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq.
Nevada Bar No. 009296
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
dosborn@wrightlegal.net
*Attorneys for Defendant,*
*Wells Fargo Bank, NA and Mortgage Electronic Registration Systems, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS E. SCARBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MORTGAGE OF NEW YORK, a Division of Delta Funding Corp.; OCWEN LOAN SERVICING COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (herein MERS); WESTERN PROGRESSIVE, LLC; HSBC BANK USA, N.A.; CAL-WESTERN RECONVEYANCE CORP.; WELLS FARGO BANK, NA; RENAISSANCE MORTGAGE ACCEPTANCE CORPORATION; LSI TITLE AGENCY INC, and DOES 1-50, inclusive.<br><br>Defendants. | Case No.:  2:12-cv-00128-KJD-CWH |

### DEFENDANTS, WELLS FARGO BANK, N.A., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, MOTION TO EXPUNGE LIS PENDENS

Defendants, Wells Fargo Bank, N.A. (hereinafter Wells Fargo) and Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), move to Expunge the Lis Pendens in this matter as the Complaint on which it is based must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12 (b)(6) for failure to state a claim upon which relief can be granted.

## I. STATEMENT OF FACTS

Plaintiff purchased the property located at 3005 Milton Place, North Las Vegas, Nevada 89030 (hereinafter Property) on or about November 23, 1996.[1] On April 30, 2007, Plaintiff executed a Deed of Trust/Note for $207,500.00.[2] The Deed of Trust designated Fidelity Mortgage of NY as the Lender, MERS as Beneficiary as nominee for Fidelity Mortgage of NY a Division of Delta Funding Corporation, and Cal-Western Reconveyance Corporation as the Trustee.[3] On September 15, 2008, Quality Loan Service Corporation recorded a Notice of Breach and Default and of Election to Cause Sale of Real property under Deed of Trust.[4] The Notice of Default stated that the date of default on Plaintiff's Note was September 1, 2008.[5] On February 2, 2009, a Substitution of Trustee was recorded, whereby HSBC Bank USA, N.A., as Trustee for Renaissance Equity Loan-Asset-Backed Certificate Series 2007-3 (hereinafter "HSBC Bank"), substituted Quality Loan Service Corporation as Trustee under Plaintiff's Deed of Trust.[6] On February 4, 2009, an Assignment of Deed of Trust was recorded whereby MERS, as nominee for Fidelity Mortgage of NY a Division of Delta Funding Corporation, assigned all beneficial interest in Plaintiff's Deed of Trust to HSBC Bank USA, N.A..[7] On March 17, 2009, a Notice of Rescission of Notice of Default was recorded by Quality Loan Service Corporation, whereby the Notice of Default recorded on September 15, 2008 was rescinded.[8] On September 30, 2010, a Notice of Default and Default and of Election to Cause Sell of Real Property under Deed of Trust was recorded by Western Progressive, LLC as Trustee, whereby the amount of the

---

[1] A true and correct copy of the Grant, Bargain, Sale Deed recorded in the Clark County Recorder's Office as book and instrument number 19960731:0356 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 1.**
[2] A true and correct copy of the Deed of Trust recorded in the Clark County Recorder's Office as book and instrument number 20070511-0002160 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 2.**
[3] Id.
[4] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and instrument number 20081215-0003905 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 3.**
[5] Id.
[6] A true and correct copy of the Substitution recorded in the Clark County Recorder's Office as book and instrument number 20090202-0001121 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 4.**
[7] A true and correct copy of the Assignment recorded in the Clark County Recorder's Office as book and instrument number 20090204-003037 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 5.**
[8] A true and correct copy of the Notice of Rescission recorded in the Clark County Recorder's Office as book and instrument number 20090317-0000190 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 6.**

1  arrearages was $6,113.14 as of September 29, 2010.[9]  On April 22, 2011, a Substitution of
2  Trustee was recorded by HSBC Bank USA, N.A. appointed Western Progressive, LLC as
3  Trustee under Plaintiff's Deed of Trust/Note.[10]  On May 4, 2011, a Certificate from the State of
4  Nevada Foreclosure Mediation Program was recorded.[11]  On June 15, 2011, a Notice of
5  Trustee's Sale was recorded, setting a sale date of July 15, 2011.[12]  The amount due and owing
6  on the Deed of Trust/Note was $232,847.45.[13]  A second Notice of Trustee's Sale was recorded
7  on December 29, 2011.[14]  As of the date of this Motion the Property has not been sold.

Plaintiff asserts multiple arguments in his "Statement of Facts" section concerning authority under "Reconveyances." However, Plaintiff's arguments fail to understand the term "Reconveyance," for in relation to Plaintiff's case the "Substitutions and Full Reconveyance" documents are in reference to a recording by the current Beneficiary of a Deed of Trust that the Plaintiff has paid off his mortgage debt. Therefore, Plaintiff's challenges of these documents seems illusive to Plaintiff's foreclosure situation, especially since they deal with Deeds of Trust that have not initiated foreclosure proceedings against the Plaintiff.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint and Notice of Lis Pendens in the District Court, Clark County, Nevada on December 13, 2011. On January 6, 2012, Defendants, Wells Fargo and MERS, filed their Notice of Appearance and Initial Appearance Fee Disclosure.

---

[9] A true and correct copy of the Notice of Default recorded in the Clark County Recorder's Office as book and instrument number 201009300001285 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 7**.
[10] A true and correct copy of the Substitution recorded in the Clark County Recorder's Office as book and instrument number 201104220004027 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 8**.
[11] A true and correct copy of the Certificate recorded in the Clark County Recorder's Office as book and instrument number 20110504-0000962 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 9**.
[12] A true and correct copy of the Notice of Trustee's Sale recorded in the Clark County Recorder's Office as book and instrument number 201106150000121 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 10**.
[13] Id.
[14] A true and correct copy of the Notice of Trustee's Sale recorded in the Clark County Recorder's Office as book and instrument number 20111229-0000456 is attached to Defendant's Request for Judicial Notice attached as **Exhibit 11**.

## III. LEGAL ARGUMENT

Pursuant to N.R.S. § 14.015, a lis pendens must be expunged if upon 15 days' notice, the party that recorded the lis pendens fails to establish to the satisfaction of the court all of the following elements:

> (a) The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;
> (b) The action was not brought in bad faith or for an improper motive;
> (c) He will be able to perform any conditions precedent to the relief sought in the action insofar as it affects the title or possession of the real property; and
> (d) He would be injured by any transfer of an interest in the property before the action is concluded.[15]

In addition to each of the four elements listed above, the party that recorded the lis pendens must also establish:

> (a) That he is likely to prevail in the action; or
> (b) That he has a fair chance of success on the merits in the action and the injury … would be sufficiently serious that the hardship on him in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if he prevails he will be entitled to relief affecting the title or possession of the real property.[16]

When a party fails to establish any of these elements, the lis pendens must be expunged. N.R.S. § 14.015(3) provides that "the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation." N.R.S. § 14.015(3). It is important to note that, like California, Nevada policy is to favor a restrictive application of the lis pendens statutes. As stated in BGJ Associates v. Superior Court, 75 Cal. App. 4th 952, 969 (Cal, Ct. App. 1999): Courts have long recognized that "because the recording of a lis pendens place[s] a cloud upon title of real property until the pending action [is] ultimately resolved, the lis pendens procedure [is] susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits. Id. In Hilberg v. Superior Court, 215 Cal. App. 3d 539, 542, the Court stated, 'We cannot ignore as judges what we know as lawyers – that the

---

[15] NRS § 14.015(2)
[16] NRS § 14.015(3)

recording of a lis pendens is sometimes made not to prevent conveyance of property that is the subject of the lawsuit, but to coerce an opponent to settle regardless of the merits.'" <u>Hilberg v. Superior Court</u>, 215 Cal. App. 3d 539, 542 (Cal, Ct. App. 1989).

In the present case, Plaintiff's "Notice of Lis Pendens" must be expunged because Plaintiff has failed to state a single viable claim in his Complaint, as stated in Defendant, WELLS FARGO and MERS'S, Motion to Dismiss. Plaintiff's Complaint does not state one reason how the foreclosure was wrongful or brought improperly, how the Defendants violated R.E.S.P.A., how the Defendants breached any duty of care, or how the Defendants violated the F.D.C.P.A. or T.I.L.A..

This Plaintiff is a perfect example of the type of Plaintiff the <u>BGJ Associates</u> Court warned about. Rather than taking responsibility for his own inability to fulfill the obligations under the Loan he was given, he is seeking to force Defendants, WELLS FARGO BANK, N.A. and MERS, into letting the Plaintiff have a free house without paying the monthly mortgage payments.

Plaintiff's "Notice of Lis Pendens" should be expunged; since, the Complaint is entirely devoid of any reason why the foreclosure of the property was wrongful or that Defendants, WELLS FARGO BANK, N.A. and MERS, breached any obligation to Plaintiff.

### IV. CONCLUSION

For the reasons set forth above, the lis pendens should be expunged.

DATED this 26th day of January, 2012.

WRIGHT, FINLAY & ZAK, LLP

/s/ Donna M. Osborn, Esq.
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Attorneys for Defendants,*
*Wells Fargo Bank, NA and Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP; that I electronically served the foregoing **DEFENDANTS, WELLS FARGO BANK, N.A., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S, MOTION TO EXPUNGE LIS PENDENS** to all parties and counsel as identified on the Court-generated Notice of Electronic Filing and via regular, first-class mail, postage pre-paid to the following:.

Dennis Scarberry
3005 Milton Place
N. LV, NV 89032
*Plaintiff Pro Per*

　　　　　　　　　　/s/ Donna Osborn
　　　　　　　　　　An Employee of WRIGHT, FINLAY & ZAK, LLP