# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Dennis E Scarberry

        Plaintiff(s)

-Vs.-

| | |
|---|---|
| Fidelity Mortgage of New York, a Division of Delta Funding Corp; Ocwen Loan Servicing Company, LLC.; Mortgage Electronic Registration Services (herein MERS); Western Progressive, LLC; HSBC Bank USA, NA; Cal-Western Reconveyance Corp; Wells Fargo Bank, NA; Renaissance Mortgage Acceptance Corporation; LSI Title Agency Inc, and Does 1-50 Inclusive; | CASE NO.<br><br>**2:12-cv-00128-KJD-CWH**<br><br>**ORDER GRANTING PLAINTIFF RELIEF THROUGH PRELIMINARY INJUNCTION AND/OR RESTRAINING ORDER**<br><br>(exhibits attached) |

        Defendant(s)

HEARING DATE:

HEARING TIME:

## SUMMARY OF ARGUMENT

The Plaintiff requests that the Court should enter a Temporary Restraining Order and Preliminary Injunction prohibiting Grace M. Kim, Esq, Benjamin D. Petiprin, Esq., and HSBC Bank USA, NA, as Trustee for the registered holders of Renaissance Equity Loan

Asset-Backed Certificates, Series 2007-3, Agents for and employees of Law Offices of Les Zieve, 3753 Howard Hughes Parkway, Suite 200, Las Vegas, NV 89169, telephone 702.948.8565, any or all of Defendant(s) named in this suit, from advertising, proceeding with or taking any other action(s) with regard to any attempt(s) to foreclose on certain Deeds of Trust executed by the Trustor, Dennis E. Scarberry, Plaintiff and the *unidentifiable* Holder(s)/Owner(s) of the Promissory Note regarding the Plaintiff's Primary Family Residence, commonly known as 3005 Milton Place, North Las Vegas, NV, 89032, located in the County of Clark, State of Nevada.

HSBC Bank USA, NA, as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, claim that they are the Owner and Holder of the "Original", unaltered Promissory Note and filed that with Recorder of the County of Clark, in the State of Nevada on 01 February 2012. By phone Plaintiff was told that this action was being taken as per the "Securitized Note". Plaintiff is still waiting for the requested copy of the "Original", unaltered Promissory Note, with all properly required assignments and endorsements, to be made available by those Defendant(s) that claim authority to move against Plaintiff or his property.

Defendant(s) have again, according to a phone call received by Plaintiff on 21 February 2012 at approximately 1:30P (PT), from Altisource (further described herein below), claimed that HSBC Bank USA, NA, (self proclaimed) as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, sold the Promissory Note to Ocwen Loan Servicing, LLC, and Plaintiff is now being

acted against by Altisource, located at 2002 Summit Blvd., Suite 600, Atlanta, GA 30319, telephone, (855) 667-8592 by threatening to move forward on a three (3) day notice to quit as issued by, HSBC Bank USA, NA, as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, however, no such recordings of that sale to Ocwen, are/is reflected in the records of the Reorder of Clark County in the State of Nevada. Altisource also offered cash for keys.

Plaintiff had also responded in a timely fashion by filing Oppositions to all Motions to Remove and/or Dismiss the case as filed by the Defendant(s), however, Plaintiff was unaware that the jurisdiction of the Courts had changed, and filed with the District Court of Nevada, Clark County. Court stamped file copies are maintained by Plaintiff and available upon request, although ALL copies have/had been served upon Defendant(s) as per required, via First Class Mail, through the USPS.

Plaintiff believes that Injunctive Relief is necessary to maintain the status quo until the issue of whether or not the Defendant(s) are acting in an authorized capacity, and can prove by Standing that they have the right(s) to do so.

Issues exist of whether the Promissory Note has and contains the proper assignment(s) and endorsement(s) that enables the Defendant(s) to take any action against the Plaintiff or his property.

This exact question was under Pending Litigation in the Eighth District Court, Clark County, in the State of Nevada, since being removed to United States District Court, District of Nevada, there has been no ruling as to the authority of the Defendant(s)

to move against Plaintiff and his property, in this Court of jurisdiction, or any other court, or any other jurisdiction, as to the proper authority and Standing of Defendant(s) to do so, and these foreclosure and sale proceedings are an attempt by the Defendant(s), to obtain pre-judgment seizure and attachment of the Plaintiff's property and to otherwise unfairly gain an advantage over the Plaintiff prior to a determination of their right(s) to do so, and thereby attempting to circumvent proceedings through this Court.

The above named Defendant(s) have served the Plaintiff with a NOTICE to QUIT (Exhibit A), in direct deference to the pending legal action against them, and will result in immediate and substantial irreparable harm, damages, and losses to the Plaintiff.

The Defendant(s) do not have adequate remedy at law. Moreover as they do not possess "Standing" to act in the authorities to foreclose, Election to Trustee Sale, or issue a Notice to Quit, against the Plaintiff or his personal property. The attempts by the Defendant(s) to do so, prior to a determination of their "Standing" constitutes an attempt to obtain a pre-judgment seizure in violation of due process provisions of both the United States and Nevada Constitutions. Courts have also long recognized that a violation of a person(s) constitutional right(s), constitutes irreparable harm for which there is no adequate remedy at law.

The Plaintiff requests that as per the indigence as recognized by the Nevada District Courts approval of Plaintiff's request has granted *In Forma Pauperis*, that either no bond or to post only a minimum security bond upon the issuance of Injunctive Relief.

Rules of Civil Procedure provides that while security must be given upon the issuance Restraining Order or Preliminary Injunction, the amount of that security is at the discretion of the Court. In a case such as this where Plaintiff is requesting Defendant(s) "Standing", as Defendant(s) cannot or will not prove their authorities through "Standing", until they do so, no harm can come to them, because as a practical matter, the damages which may be incurred or suffered by Defendant(s) should it be found to have been wrongfully enjoined or restrained would be insignificant.

## FACTUAL BACKGROUND

For over two (2) years Plaintiff has requested "Proof of Standing" from the Defendant(s), to no avail. The Defendant(s) have severely broken the Chain of Title and have not provided the Plaintiff with the requested, required "Original Promissory Note" complete with the assignment(s) and endorsement(s) as required by Law.

Also in violation of Nevada's AB 284, Defendant(s), namely in this example, HSBC Bank USA, NA, identifies themselves as "Trustee", while also claiming to be the owner and holder of the note...

> **Sec. 6.** Chapter 107 of NRS is hereby amended by adding thereto a new section to read as follows:
> *2. A trustee under a deed of trust must not be the beneficiary of the deed of trust.*

Defendant(s) are moving against Plaintiff while pending litigation is in United States Court, District of Nevada, this is spitting in the face of the jurisdiction of this Court and is an attempt to circumvent and deny Plaintiff, a Pro Se Litigant, his day in court. The "Notice to Quit" is a bullying tactic utilized by the Defendant(s).

Case 2:12-cv-00128-KJD-CWH Document# ____ Filed *02/23/2012* Page 6 of 14

# ARGUMENT

**The Plaintiff is entitled to Injunctive Relief to prevent irreparable harm and maintain the status quo pending a decision on the issue of whether the Defendant(s) have the Standing and authority to take action against Plaintiff and/or his property.**

The Plaintiff is entitled to entry of a Restraining Order and Preliminary Injunction against the Defendant(s) named herein above, enjoining and prohibiting said Defendant(s) from taking any action(s) against Plaintiff and his property in any capacity regarding the herein mentioned Sole Primary Residence of Plaintiff, located in the County of Clark, State of Nevada. Such injunctive relief is necessary to maintain the status quo pending resolution of the question as to whether the Defendant(s) have "Standing" to take such action(s) and to satisfy Plaintiff(s) allegation(s) that the Deed of Trust has been separated from the note and that the Defendant(s) property no longer serves as collateral for the Promissory Note.

In the "Notice to Quit" (Exhibit A), that was served "blue taped" to the front door of Plaintiff's sole and primary residence on 18 February 2012 at 3:12P (PT) is on the behalf of the registered owners of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, which was included in bankruptcy filed by the parent company, Fidelity Mortgage of New York, a Division of Delta Funding in 2009, yet as an "out of business" entity, Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 is having HSBC Bank USA, NA, act as Trustee. Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 did so elect to alter the status quo on 1 February 2012, by "purchasing" the property while litigation was pending in Nevada Court. The Defendant(s)

Case 2:12-cv-00128-KJD-CWH Document# ____ Filed *02/23/2012* Page 7 of 14

have altered the status quo after the proper filing of litigation in a Court of proper jurisdiction, in the County of Clark, State of Nevada, by Plaintiff and thereby have altered the status quo that existed at the time of filing the Complaint.

As the Court noted in Rochelle *v.* State, 75So.2d 268 (Miss.1954):

> **The true object and purpose of an Interlocutory Injunction is to hold and preserve in status quo the subject matter upon which the decree is to operate until the Court is finally able to adjudicate the right(s) and duties of the parties. Griffith Miss. Chancery Practice (2d ed. 1950), Secs. 442, 443. Rochelle 75 So.2 at 270.**

When granting a Temporary Restraining Order or Preliminary Injunction, the status quo that the Courts try to preserve has almost uniformly been defined as the **"last uncontested status which preceded the pending controversy."**

In this case the status quo can only be maintained by a preliminary injunction which prohibits any further efforts or action(s) by the Defendant(s) to foreclose, sell, issue Notice(s) to Quit, Evict, or to further cloud the title, to include any and all other actions against Plaintiff and his property until such time that authority through standing is verified.

Irreparable injury is the only finding a court must make before it may issue a TRO or Preliminary Injunction. If the status quo is not maintained, the Plaintiff, will undoubtedly suffer irreparable harm for which he has no adequate remedy at law. However, for a remedy at law to be deemed adequate, the remedy must be as effectual and speedy as the remedy and equity.

However, where the subject matter of the Injunctive Relief is Real Property, the Courts have recognized that **"land is *per se* of particular value, and will be protected**

**by injunction without reference to it's quality, use, or value".**

In addition Defendant(s) pursuing foreclosure and other actions against Plaintiff concerning the herein described property, in Clark County, State of Nevada is an effort by Defendant(s) is to obtain Pre-Judgment seizure and attachment of the Plaintiff's property and to otherwise unfairly gain an advantage over the Plaintiff prior to a determination of their rights by this court of proper jurisdiction, and in violation of Plaintiff's right to due process.

If the Defendant(s) are not prohibited from advancing this foreclosure, sale, and Notice to Quit process, Plaintiff will further suffer irreparable damages and losses as a result of the violations of Plaintiff's Federal and State Constitutional Rights of due process.

## CONCLUSION

The court should issue a Temporary Restraining Order and/or Preliminary Injunction prohibiting Defendant(s) from advertising, proceeding or taking any other action(s) with regard to Plaintiff and his Sole Primary Residence, and/or Defendant(s) attempt(s) to foreclose on certain Deeds of Trust executed by Defendant(s) against Plaintiff and the herein described property, located in Clark County, State of Nevada. Injunctive Relief is necessary to maintain the status quo until the issues contained in the Pending litigation have been resolved by this Court of proper jurisdiction and "Standing" to act in this matter has been proved by the Defendant(s), by producing the original Promissory Note, complete with the assignments and endorsements that show they have

the right to do so.

# VERIFICATION

I, Dennis E. Scarberry, have read the following and know the contents thereof. The same is true, based on my personal knowledge, except for those matters which are therein upon information and belief, and as to those claims of fact, I believe to be true.

Dated: 23 February 2012

_____
Dennis E. Scarberry / Plaintiff in Pro Se

### AFFIDAVIT AND MEMORANDUM

In support of Motion for Preliminary Injunction, Dennis E. Scarberry, Plaintiff in Proper Person, swear and/or affirm that the following facts are true to the best of my knowledge:

1) That Defendant(s) are moving against Plaintiff and his property without proper standing to do so and that Defendant(s) are attempting an illegal pre-litigation, seizure of Plaintiff's property by attempting to avoid the litigation of this matter in this Court, thereby attempting to deny Plaintiff's right for due process.

2) The Defendant(s) are acting without having proved "Standing" as a party of interest that has the authority and right to act in such a capacity against Plaintiff and his property. This action(s) by Defendant(s) are in direct violation of NRS requirements that only Parties of Interest may move in the manner that the Defendant(s) have acted, while

NOT taking the necessary steps to PROVE their Standing to do so, after Plaintiff has been requesting that "Proof of Standing" for over two (2) years now. The Defendant(s) are either unwilling or unable to show this authority by simply producing the original Promissory Note complete with the assignments and endorsements that would give them the verifiable authority(s) to act in the capacities and authorities that they are alleging to possess.

    3) Plaintiff seeks relief through a TRO and/or Preliminary Injunction, until such time that Defendant(s) can prove their "Standing". This is the only way to ensure that the status quo at the time of filing this litigation is preserved, as Defendant(s) have already altered the status quo that existed at the time this litigation was filed, by illegally and erroneously conducting sales and realignment of Parties of Interest in an attempt to deceive the Plaintiff and this Court of proper jurisdiction by attempting to correct the problems that they had created in the irresponsible and illegal handling of the Promissory Note and Deed of Trust, and therefore have created even further confusion as to who actually has the Standing to move against Plaintiff and his property described herein. Defendant(s) have not preserved the status quo. Plaintiff requests that the court provide the requested Injunctive Relief that will help preserve the status quo.

    4) Defendant(s) in their own filings with this Court of have conflicting claims to ownership and possession of the Promissory Note and thereby creating further confusion to Plaintiff as to who is actually the owner of the Promissory Note.

    5) The Plaintiff requests that as per indigence as recognized by the Courts

approval of Plaintiff's request has granted *In Forma Pauperis*, that either no bond or to post only a minimum security bond upon the issuance of injunctive relief.

6) This filing also includes a Qualified Written Request Letter for Proof of Standing from the *self-alleged* Parties of Interest. (Exhibit B)

## VERIFICATION

I, Dennis E. Scarberry have read the following and know the contents thereof, and hereby request that an Order of Restraint be issued to maintain the status quo in this litigation. The same is true, based on my personal knowledge, except for those matters which are therein upon information and belief, and as to those claims of fact, I believe to be true.

Dated: 23 February 2012

_____
Dennis E. Scarberry / Plaintiff in Pro Se

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

On Plaintiff's Motion for Preliminary Injunction, having considered the Plaintiff's Motion, and good cause being found, The Court hereby orders:

Defendant(s) will cease and desist in any further actions or motions that act outside of this litigation that will/would cause any pre-litigation seizures that further damages Plaintiff, or any further changes or clouding of the Deed of Trust or Promissory Note and/or any further altering of the status quo that existed at the time the litigation was filed by Plaintiff.

Dated at Clark County, State of Nevada, this _____ day of _____ 2012.

_____
United States Court Judge/Magistrate

_____
Clerk/Deputy Clerk/Secretary

## CERTIFICATE OF MAILING

I hereby certify that on the 23rd day of February, 2012, a true and correct copy of the foregoing Motion for Preliminary Injunction and Order for Preliminary Injunction was forwarded to all parties and counsel(s) as identified in the listing of Defendant(s) by depositing true copies thereof in the United States First Class Mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

McCarthy and Holthus, LLP
Counsel for LSI Title Agency
9510 W. Sahara, Suite 110
Las Vegas, NV 89117

Jeffrey S. Allison, Esq
Stephanie Cooper-Herdman
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
Western Progressive, LLC, and
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
5275 S. Durango Drive
Las Vegas, NV 89113

Donna M Osborn, Esq.
Attorney for Defendants
Wells Fargo Bank, NA, and
Mortgage Electronic Registration Systems, Inc.
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148

Case 2:12-cv-00128-KJD-CWH Document# ____ Filed *02/23/2012* Page 14 of 14

Victoria Adams, Esq.
Corporate Counsel for
Cal Western Reconveyance Corporation
525 East Main Street
El Cahon, CA 92020

Renaissance Mortgage Acceptance Corporation
1000 Woodbury Road, Suite 200
Woodbury, NY 11797
(Last known address)

Ocwen Loan Servicing Company, LLC
Attorneys for
Fidelity Mortgage of New York,
a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808

Dennis E Scarberry
Plaintiff in Pro Se

23 FEB 2012

## NOTICE TO QUIT

TO:  DENNIS E. SCARBERRY AND ALL UNKNOWN OCCUPANTS

ADDRESS: 3005 MILTON PLACE, NORTH LAS VEGAS, NV 89032
(referred to below as the "above-described real property")

The above-described real property was sold in accordance with Chapter 107 of the Nevada Revised Statutes, under a power of sale contained in a deed of trust securing said real property. HSBC Bank USA N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 has become the owner and has perfected title to the above-described real property pursuant to a Trustee's Deed issued on February 1, 2012 and duly recorded or submitted for recordation in the Official Records of the Clark County, Nevada Recorder's Office.

If you are a former owner of the above-described real property, **within three (3) days** after service of this notice, you are hereby required to quit and deliver possession of the above-described real property now held and occupied by you. This Notice to Quit specifically terminates any possessory interest you may have in the above-described real property. This Three (3) Day Notice to Quit is served upon you pursuant to NRS §40.255(1)(c) for the purpose of terminating occupancy of the above-described real property. You are further notified that if you fail to comply with this demand, legal proceedings will be brought against you for recovery of possession of those premises and for costs accrued together with attorney's fees.

If you are a tenant or a subtenant of the above-described real property you must vacate the above described real property within a **maximum of ninety (90) days** after service of this Notice to Quit. If you believe you occupy the residence as a tenant or subtenant in possession please forward a copy of (1) your rental or lease agreement; (2) a utility bill; and (3) recent rental receipts. Any lease or rental agreement continues in effect through the notice period above. Failure to pay rent to the new owner when it becomes due or comply with any other term of the agreement or applicable law constitutes a breach of the lease or rental agreement and may result in eviction proceedings. If you occupy the property and you do not have a written rental or lease agreement please contact the below immediately to discuss. Please deliver the above documentation to our office within 48 hours of receipt of this notice.

This communication is for the purpose of collection a debt, and any information obtained from the occupant(s) will be used for that purpose. This notice is required by the provision of the Fair Debt Collections Practice Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

NOTE:  IF YOU ARE NOT NAMED ABOVE, CONTACT THE UNDERSIGNED WITHIN 48 HOURS AT 702-948-8565. SE HABLA ESPANOL

Dated: February 16, 2012

THE LAW OFFICES OF LES ZIEVE

Grace M. Kim, Esq.
Benjamin D. Petiprin, Esq.
Attorney for HSBC Bank USA N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3
LAW OFFICES OF LES ZIEVE
3753 Howard Hughes Pkwy, Ste 200, Las Vegas, NV 89169
Tel: 702-948-8565     Fax: 702-446-9898

2012000826