Jeffrey S. Allison
Nevada Bar No. 8949
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Phone: (949) 679-1111/1112 fx

Stephanie Cooper-Herdman
Nevada Bar No. 5919
THE COOPER CASTLE LAW FIRM, LLP
5275 S. Durango Drive
Las Vegas, Nevada 89113
Phone: (702) 435-4175/877-7424 fx
Fax: (702) 877-7424

Attorneys for Defendants OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; and HSBC BANK USA, N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, erroneously named herein as HSBC BANK USA, NA

E-Filed on February 23, 2012

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS E. SCARBERRY, <br><br> Plaintiff(s), <br><br> vs. <br><br> FIDELITY MORTGAGE OF NEW YORK, a Division of Delta Funding Corp.; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SERVICES (herein MERS); WESTERN PROGRESSIVE, LLC; HSBC BANK USA, NA; CAL-WESTERN RECONVEYANCE CORP; WELLS FARGO BANK, NA; RENAISSANCE MORTGAGE ACCEPTANCE CORPORATION; LSI TITLE AGENCY INC., and DOES 1-50 Inclusive; <br><br> Defendant(s) | CASE NO.: 2:12-cv-00128-KJD-CWH <br><br> HON. KENT J. DAWSON <br><br> **OPPOSITION TO PLAINTIFF'S MOTION AND "ORDER GRANTING PLAINTIFF RELIEF THROUGH PRELIMINARY INJUNCTION AND/OR RESTRAINING ORDER"** <br><br> **[DOCKET NOS. 19 & 20]** |

## I. **INTRODUCTION**

Plaintiff's Motion for a TRO and/or preliminary injunction is not accompanied by a proper notice of motion and is not supported with admissible evidence pursuant to the FRCP. Additionally, Plaintiff's proposed order for injunctive relief is vague, overly broad, and improper for entry even if Plaintiff met his burden to establish an entitlement to injunctive relief.

Plaintiff has not established a reasonable likelihood of prevailing on the merits in this action which is barred as a matter of law on numerous grounds as set forth in these Defendants' Notice of Joinder in Motions to Dismiss Plaintiff's Complaint and to Expunge Lis Pendens filed on January 31, 2012, which is pending and incorporated herein by reference. [Docket No. 14].

Further, Plaintiff's Motion is moot to the extent it seeks to enjoin foreclosure. The noticed trustee's sale was properly completed on February 1, 2012 by agent and substituted trustee Western Progressive on behalf of the beneficiary and assignee HSBC which acquired the property. A trustee's deed upon sale was recorded in the Clark County Recorder's Office on February 8, 2012 as Instrument No. 20120208-0001824. The recitals therein established the foreclosure sale as conclusively proper pursuant to N.R.S. § 107.030(a). (See recorded Trustee's Deed exhibited hereto for which judicial notice is requested pursuant to FRE 201).

Plaintiff's default on the loan is not disputed and he failed to tender the amounts necessary to reinstate the loan or to maintain this action under Nevada law. Plaintiff has not done equity. Any future eviction following the properly completed foreclosure is also a matter of right pursuant to the foreclosed Deed of Trust and Nevada law. Plaintiff's Motion must be denied.

///

## II. PLAINTIFF IS NOT LIKELY TO PREVAIL IN THIS ACTION WHICH IS BARRED AS A MATTER OF LAW

In order to be entitled to injunctive relief, a plaintiff has the burden to prove a reasonable probability of success on the merits and an imminent and irreparable threat of injury for which there is no adequate remedy at law. See, Pickett vs. Comanche Construction, 108 Nev. 422, 836 P.2d 42 (1992); Dixon vs. Thatcher 103 Nev. 414, 742 P.2d 1029 (1997). "A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights." Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984). "[P]laintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). An event, right or obligation that is not real or ripe, or has been completed or discontinued, moots any right to injunctive relief. See, Golden v. Zwickler, 394 U.S. 103, 109 (S.Ct. 1969).

### A. Plaintiff's Complaint is Barred as a Matter of Law on Numerous Grounds

Plaintiff's Complaint and the erroneous legal theories alleged therein is barred on numerous grounds including (1) the statute of limitations; (2) Plaintiff's undisputed loan default and failure to reinstate or tender the loan amounts; (3) lack of standing and inapplicability of the claims to these Defendants; (4) lack of contractual breach of common law duty; (4) proper standing of and foreclosure by these Defendants as established by the public record and the applicable law; (5) no separation of the Deed of Trust or requirement to produce the original note prior to a trustee's sale under applicable law; and (6) failure and/or inapplicability of the alleged statutory claims to these Defendants. Rather than repeat the arguments and in the interest of brevity, these Defendants refer to and incorporation herein their pending Notice of Joinder in Motions to Dismiss Plaintiff's Complaint and to Expunge Lis Pendens filed on January 31, 2012. [Docket No. 14].

I:\CIVIL\OCWEN\Scarberry, Dennis\Pldgs\OPPMTNPI.doc

### B. Plaintiff's Motion is Mooted and/or Should be Denied Due to the Conclusively Completed Trustee's Sale

Pursuant to the above authorities, Plaintiff's Motion must be denied as moot to the extent it seeks to enjoin foreclosure because the foreclosure has already been completed on February 1, 2012. The Trustee's Deed Upon Sale was recorded in Clark County on February 8, 2012 as Instrument No. 20120208-0001824. (See recorded Trustee's Deed Upon Sale attached hereto as **Exhibit "1"** for which judicial notice is requested and proper as a public record pursuant to FRE 201). Despite Plaintiff's suggested not supported by any legal citation, his mere filing of this action did not prevent the completion of the foreclosure.

Plaintiff's foreclosed Deed of Trust expressly stated, "The recitals in the Trustee's Deed shall be prima facie evidence of the truth of the statements made therein." (See Wells Fargo and MERS' Request for Judicial Notice in support of their Motion to Dismiss in which these Defendants joined, Exh. 2 ¶ 22). Further, a trustee's sale is conclusively presumed to be proper by resort to the recitals in the recorded notices and trustee's deed upon sale. N.R.S. § 107.030(a); and see, Matter of Stanfield, 6 B.R. 265 (1980); Knapp v. Doherty, 20 Cal.Rptr.3d 1, 13-19, 2004 W.L. 209, 2002 (2004). N.R.S. § 107.030(a) provides:

> That in the event of a sale of the premises conveyed or transferred in trust, or any part thereof, and the execution of a deed or deeds therefore under such trust, the recital therein of default, and of recording notice of breach and election of sale, and of the elapsing of the 3-month period, and of the giving of notice of sale, and of a demand by beneficiary, his heirs or assigns, that such sale shall be made, shall be conclusive proof of such default, recording, election, elapsing of time, and of the due giving of such notice, and that the sale was regularly and validly made on due and proper demand by beneficiary, his heirs and assigns; and any such deed or deeds with such recitals therein shall be effectual and conclusive against grantor, his heirs and assigns, and all other persons;

The Trustee's Deed Upon Sale recorded on February 8, 2012 recited:

> This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **DENNIS E. SCARBERRY...,** as Trustor,..under the authority and powers vested in the Trustee pursuant to the Notice of Breach and Election to

4

> Sell under the Deed of Trust recorded… Trustee having complied with all applicable statutory requirements of the State of Nevada and performed all duties required by the Deed of Trust including sending a Notice of Breach and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified return receipt mail, postage pre-paid to each person entitled to notice in compliance with Nevada…107.050.
>
> All requirements per Nevada Statutes regarding the mailing…and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **2/1/2012**. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount of the bid, being **$239,131.22.**

(**Exhibit** "1" hereto).[1] As stated in the Trustee's Deed, the property was acquired by the assignee beneficiary, HSBC. The notices and foreclosure were conclusively proper as recited in the recorded Trustee's Deed Upon Sale and Deed of Trust. N.R.S. § 107.030(a). Accordingly, any eviction on behalf of owner HSBC is also proper pursuant to Nevada eviction law. Plaintiff's Motion does not identify any eviction proceeding filed or imminent eviction date. Thus, Plaintiff's Motion is moot, unripe, and/or should be denied on this ground.

### III.  PLAINTIFFS SEEK ADEQUATE REMEDIES AT LAW

Plaintiff's Complaint seeks damages at law. Plaintiff's Motion fails to demonstrate how the legal relief sought in his own Complaint is inadequate regarding the properly completed foreclosure. Just because Plaintiff may face eviction if he refuses any cash for keys opportunities afforded after almost two years of no loan payments or rent does not equitably or legally entitle Plaintiff to some overly broad injunctive relief as set forth in his proposed order. In the interim, these Defendants have advanced property taxes, insurance, carried a non-performing loan, and

---

[1] Plaintiff's Deed of Trust further provided, "Lender or its designee may purchase the Property at any sale." (See Wells Fargo and MERS' Request for Judicial Notice in support of their Motion to Dismiss in which these Defendants joined, Exh. 2 ¶ 22).

5

now own the property in which Plaintiff continues to live for free. Plaintiff has not established the unavailability of legal remedies or that adequate compensation cannot be had.

## IV. NO TENDER OF MONEY OR MANDATORY BOND HAS BEEN RENDERED TO PROTECT DEFENDANTS FROM FURTHER IRREPARABLE HARM

As acknowledged, a bond is required upon issuance of an order for injunctive relief. N.R.C.P. 65(c) provides, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs or damage as may be incurred or suffered by any party found to be wrongfully enjoined or restrained."

Plaintiff does not dispute that he defaulted on the foreclosed loan as of June 1, 2010 resulting in a Notice of Default. Plaintiff does not allege or establish that he tendered the monies to reinstate the defaulted loan prior to foreclosure or to the filing of this action as required.[2] As set forth in the recorded Trustee's Deed Upon Sale, the total indebtedness at the time of the foreclosure completed on February 1, 2012 was $239,131.22. (See **Exhibit "1"** hereto). It would be an inequitable windfall to the continuing prejudice of Defendants for Plaintiff to continue to live in Defendants' property for free without any recourse. Defendants are not interested in a lease or becoming Plaintiff's landlord as that is not their business. Even if the Court were inclined to grant injunctive relief against any future activity, a bond amount of $240k would be appropriate.

---

[2] Nevada follows to a large extent California foreclosure law. California courts have long established that in order to maintain an action challenging a foreclosure sale on any claim, the borrower must first offer or actually pay the entire loan amount. See, United States Cold Storage v. Great Western Savings & Loan Association, 165 Cal.App.3d 1214, 1225, 212 Cal.Rptr. 232 (1985); Arnolds Management Corp. v. Eishen, 158 Cal.App. 3d 575, 577, 205 Cal.Rptr. 15 (1984); Bisno v. Sax, 175 Cal.App.2d 715, 346 P.2d 814 (1995); was due); Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 577-580, 205 Cal.Rptr. 15 (1984); FPCI Re-Hab 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022 (1989); Karlsen v. American Savings & Loan Association, 15 Cal.App. 3d 112 (1971). Nevada foreclosure cases do not expressly reject the tender rule.

6

## V. **EVIDENTIARY OBJECTIONS**

Defendants object to Plaintiff's Affidavit submitted in support of his Motion in its entirety and specifically as follows:

Objection. Paragraphs 1 through 4: Lack of foundation, lack of personal knowledge, improper legal conclusion, speculative, argumentative.

Objection. Paragraph 6: Lack of foundation, lack of authentication, referenced exhibit not attached, improper legal conclusion and/or application of law.

Objection. The Affidavit is not separately signed and notarized as attested.

Based upon the foregoing objections, Defendants move to strike the above portions of the Plaintiff's Affidavit and/or weigh the evidentiary value and credibility. Plaintiff's Motion should be denied as not meeting the required burden with sufficient admissible evidence.

## VI. **CONCLUSION**

For the reasons set forth above, it is respectfully requested that Plaintiff's Motion and "Order Granting Plainitff Relief Through Preliminary Injunction and/or Restraining Order" be DENIED, and for such other and further relief as deemed just and appropriate.

**AFFIRMATION PURSUANT TO N.R.S. 239B.030**

The undersigned hereby affirms that the above document does not contain a social security number pursuant to N.R.S. § 239.030B.

DATED: February 23, 2012

HOUSER & ALLISON
A Professional Corporation

/s/ Jeffrey S. Allison
Jeffrey S. Allison, Esq.
Attorneys for Defendants
OCWEN LOAN SERVICING, LLC;
WESTERN PROGRESSIVE, LLC; and
HSBC BANK USA, N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3

7

I:\CIVIL\OCWEN\Scarberry, Dennis\Pldgs\OPPMTNPI.doc

Inst #: 201202080001824
Fees: $18.00 N/C Fee: $0.00
RPTT: $1221.45 Ex: #
02/08/2012 12:41:10 PM
Receipt #: 1060543
Requestor:
LSI TITLE AGENCY INC.
Recorded By: MSH  Pgs: 3
**DEBBIE CONWAY**
CLARK COUNTY RECORDER

A.P.N.: 139-08-112-021

RECORDING REQUESTED BY:
Western Progressive, LLC

AND WHEN RECORDED TO:
HSBC Bank USA, N.A., as Trustee for the
registered holders of Renaissance Equity
Loan Asset-Backed Certificates, Series 2007-3
c/oOcwen Loan Servicing, LLC
1661 Worthington Road
West Palm Beach, FL 33409

Forward Tax Statements to
the address given above

SPACE ABOVE LINE FOR RECORDER'S USE

T.S. # 2010-05582  Loan #: 103394516
Order #: 100583106

The undersigned hereby affirms that there is no Social Security number contained in this document.

## TRUSTEE'S DEED UPON SALE

THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3

Transfer Tax: $1,221.45
The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $239,131.22
The Amount Paid by the Grantee was $239,131.22
Said Property is in the City of **NORTH LAS VEGAS**, County of **Clark**

"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

Western Progressive, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**HSBC Bank USA, N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3**

(herein called Grantee) but without covenant or warranty, expressed or implied, all rights, title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Clark**, State of Nevada, described as follows:

**LOT SIXTY THREE (63) IN BLOCK TWO (2) OF CASA LINDA UNIT 12 A, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 49 OF PLATS, PAGE 24, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA**

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **DENNIS E. SCARBERRY** as Trustor, dated 4/30/2007 of the Official Records in the office of the Recorder of Clark, Nevada under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 5/11/2007, instrument number 20070511-0002160 Book ---, Page --- and rerecorded on --- as --- of official records. Trustee having complied with all applicable statutory requirements of the State of Nevada and performed all duties required by the Deed of Trust including sending a Notice of Breach and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified return receipt mail, postage pre-paid to each person entitled to notice in compliance with Nevada Civil Code 107.050

EXHIBIT 1
PAGE 1 OF 3

## TRUSTEE'S DEED UPON SALE

T.S. #: 2010-05582
Loan #: 103394516
Order #: 100583106

All requirements per Nevada Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 2/1/2012. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$239,131.22**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, Western Progressive, LLC, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: 2/6/2012                                    Western Progressive, LLC as trustee

_____
Natalie Howard

**State of Georgia**
**County of Dekalb**

On **February 6, 2012** before me, the undersigned Tunisha Jennings Notary Public, personally appeared Natalie Howard, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____
Tunisha Jennings

*[Notary Seal: TUNISHA JENNINGS, NOTARY PUBLIC, DEKALB COUNTY, GEORGIA, EXPIRES JUNE 13, 2015]*

EXHIBIT 1
PAGE 2 OF 3

STATE OF NEVADA
DECLARATION OF VALUE FORM

1. Assessor Parcel Number(s)
   a) 139-08-112-021
   b) _____
   c) _____
   d) _____

2. Type of Property:
   a) ☐ Vacant Land         b) ☒ Single Fam. Res.
   c) ☐ Condo/Twnhse        d) ☐ 2-4 Plex
   e) ☐ Apt. Bldg           f) ☐ Comm'l/Ind'l
   g) ☐ Agricultural        h) ☐ Mobile Home
   ☐ Other _____

   FOR RECORDER'S OPTIONAL USE ONLY
   Book: _____ Page: _____
   Date of Recording: _____
   Notes: _____

3. Total Value/Sales Price of Property         $ $239,131.22
   Deed in Lieu of Foreclosure Only (value of property)   ( _____ )
   Transfer Tax Value:                          $ $239,131.22
   Real Property Transfer Tax Due               $ $1,221.45

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section _____
   b. Explain Reason for Exemption: _Bid Plus Cost_

5. Partial Interest: Percentage being transferred: _____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____ Capacity _agent_

Signature _____ Capacity _____

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: **Western Progressive**


Address: **P.O. Box 105265**


Atlanta, GA 30304

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: **HSBC Bank USA, N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3**
Address: **C/O Ocwen Loan Servicing, LLC
1661 Worthington Road**

West Palm Beach, FL 33409

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**
Print Name: __LSI Title Agency, Inc.__        Escrow #: _1005831 06_
Address: __3220 El Camino Real__
City: __Irvine CA 92602__                    State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

EXHIBIT 1
PAGE 2 OF 2

# CERTIFICATE OF MAILING

I hereby certify that I am over the age of eighteen (18), that I am not a party to this action, and that on this date I caused to be served a true and correct copy of the following documents:

**OPPOSITION TO PLAINTIFF'S MOTION AND "ORDER GRANTING PLAINTIFF RELIEF THROUGH PRELIMINARY INJUNCTION AND/OR RESTRAINING ORDER"**

By:  X  U.S. Mail

 __  Facsimile transmission
 __  Overnight Mail
 __  Hand and/or Personal Delivery

and addressed to the following:

DENNIS E. SCARBERRY
3005 Milton Place
North Las Vegas, NV 89032
(702) 648-8711
dennisscarberry@cox.net

Plaintiff *In Pro Per*

Robin Prema Wright, Esq.
Donna M. Osborn, Esq.
WRIGHT, FINLAY & ZAK, LLP
5532 South Fort Apache Rd., Ste. 110
Las Vegas, NV 89148
(702) 475-7964
(702) 946-1345 fx
dosborn@wrightlegal.net

Attorneys for Defendants WELLS FARGO BANK, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

Kristin A. Schuler-Hintz, Esq.
Christopher M. Hunter, Esq.
MCCARTHY & HOLTHUS, LLP
9510 W. Sahara, Ste. 110
Las Vegas, NV 89117
(702) 685-0329
(866) 339-5691 fx
khintz@mccarthyholthus.com

Attorneys for Defendant LST TITLE AGENCY, INC.

1

I:\CIVIL\OCWEN\Scarberry, Dennis\Pldgs\OPPMTNPI.doc

1 | Dated: February 23, 2012

_____
An employee of HOUSER & ALLISON, APC

I:\CIVIL\OCWEN\Scarberry, Dennis\Pldgs\OPPMTNPI.doc