UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Dennis E Scarberry

       Plaintiff(s)

-Vs.-

Fidelity Mortgage of New York, a
Division of Delta Funding Corp;
Ocwen Loan Servicing Company;
LLC.; Mortgage Electronic
Registration Services (herein MERS);
Western Progressive, LLC; HSBC
Bank USA, NA; Cal-Western
Reconveyance Corp; Wells Fargo
Bank, NA; Renaissance Mortgage
Acceptance Corporation; LSI Title
Agency Inc, and Does 1-50 Inclusive;

       Defendant(s)

CASE NO.

2:12-cv-00128-KJD-CWH

Request for Sworn Affidavit
and Proof of Standing, including
proof that they are the Real Party
in interest; Motion for Quiet Title
and a finding of Fraud;

(exhibits attached)

HEARING DATE:

HEARING TIME:

## SUMMARY OF ARGUMENT

**RESPONDENTS ARE ATTEMPTING A PREMATURE RUSH TO JUDGEMENT WITHOUT PROVIDING PROOF OF STANDING OR PROOF THAT THEY ARE THE REAL PARTY IN INTEREST AND ARE ATTEMPTING TO STEAL PETITIONERS HOUSE BECAUSE THEY ARE NOT THE REAL PARTY IN INTEREST.**

Although Petitioner has repeatedly demanded Proof of Standing to Foreclose

and Proof that any of the above named Defendant(s), is the Real Party in Interest.

The Defendant(s) have produced fraudulent documentation and forged

1

allonge(s) to Plaintiff as their Proof of Standing and as a Party of Interest. **They have not supplied anything that proves their Standing as a Party of Interest.** They 'claim' that an assignment / endorsement, via two (2) allonges, from Fidelity Mortgage of New York, a Division of Delta Funding Corporation to Delta Funding Corporation, Then a second allonge Delta Funding Corporation to HSBC Bank USA, National Association as Indenture Trustee under the applicable agreement.

The allonges are not dated, nor do they have a "wet" signature, but only a signature stamp, showing Carol Hollman, Vice President. She signed both of the documents. Is or was she in the same capacity for both companies at the time? One cannot tell from the documents as there is not contained therein any reference as to whom Ms. Hollman was signing for, or on behalf of. If so, how is that possible. How can she sign for two separate companies in the same transaction. Then to sign in the alternate capacity as well. It would obviously be in bad faith and demonstrates more unethical conduct from the Defendant(s). (Exhibits 1 & 2)

Plaintiff notes there are more staple holes in the later document (allonge) from Delta Funding Corporation to HSBC Bank USA, National Association as Indenture Trustee than to Fidelity Mortgage of New York, a Division of Delta Funding Corporation which is the earlier document.

The second allonge from Delta Funding Corporation to HSBC Bank USA, National Association as Indenture Trustee, looks altered in some way. It looks like a bad paste over and copy job.

Plaintiff also notes that the allonges were not necessary as there remained ample room on the Original Promissory Note. In fact allonges are only

2

acceptable when or at a time that there is no more room / space on the front or back of the note to make the assignments and endorsements. If the Original Promissory Note has no more available space then allonges are acceptable and are required to be so firmly attached to the Original Promissory Note that they cannot be removed from each other and for all purposes become one.

In this case we can see by the staple holes that they were not treated in such a fashion of timeliness and order as the Defendant(s) are attempting to claim.

Assets and a blanket endorsement (which is a sign of securitization) is sufficient while ignoring the endorsements requirement. Defendant(s), any and all of them, are not the owner of the note but only the Servicer and the Real Party in interest is a trust according to a forensic audit that has been provided to the court by the Petitioner.

Defendant(s) has not refuted the forensic audit that was provided to this court showing that the note was securitized at inception and that even Fidelity Mortgage of New York, a Division of Delta Lending Corporation, let alone the other Defendant(s), each and every one of them, was **not** the lender, simply a broker or servicer. Fidelity Mortgage of New York, a Division of Delta Lending Corporation nor HSBC Bank USA, National Association, or any and all of the other Defendant(s) named herein above, are not the real party in interest nor are they **'the lender'** but it is actually a trust.

An assignment of assets alone does not confer ownership without the subsequent endorsements required on the chain of title. On the mortgage, the language gives "**the Lender**" the right to assign the mortgage.

3

**The Servicer is not "the lender". These are two different parties. HSBC Bank USA, National Association has no 'skin in the game' as they did not lend any money to Plaintiff and have suffered no loss. They are NOT the Real Party in Interest!**

In the event that the mortgage was paid off, the Respondents could not transfer the deed of trust to the petitioner because **they do not own it.** The Defendant(s) altered the status quo of this litigation by attempting to further cloud the Chain of Title by purchasing what it now claims to be their loan and moving against Plaintiff and attempting to remove Plaintiff from his Primary Family Residence, by using pre-litigation tactics so as to gain an unfair advantage over Plaintiff.

Respondents have not submitted any **proof** that they are the Real Party in Interest other than their falsified documents in another attempt to bully Plaintiff to their will. HSBC Bank USA, National Association is/are **not the lender(s) but simply a 'servicer' or collection agency.** The note is endorsed in blank to Fidelty Mortgage of New York, **also not the lender but a 'servicer'** as per the shortcut taken by Defendant(s) in rushing to the securitization process.

☐ The Deed and the Note are separated from each other as the result of the Securitization of the loan.

☐ It should be noted that Examiners, in researching hundreds of securitized mortgages in foreclosure proceedings, have yet to find one Note that has been produced that complies with the requirement of the Pooling and Servicing Agreement (PSA) **that all intervening endorsements must be reflected on the Note. A Note endorsed in blank does not comply with those requirements.**

Law is starting to come down throughout this country that backs up Plaintiff(s) position. An interesting development out of Jean Johnson, Circuit Judge in Duval Country, Florida, where in a case filed by JPMorgan/WaMu, as Plaintiff,

4

and the law firm of Shapiro and Fishman, attempted to evict defendants Hank and Marilyn Pocopanni.

As basis for the legal case, WaMu had submitted an assignment of mortgage, which however the court found never actually belonged to WaMu, and instead was carried on the books of Fannie Mae.

Once this was uncovered is where this case gets really interesting: In point 5 of the filing it read that the "plaintiff predecessor counsel made "clerical errors" when it represented to the Court that the plaintiff was the *owner* and holder of the note and mortgage rather than *the servicer for the owner*."

Which means that only Fannie had the right to foreclose upon the Pocopannis, yet JPM, as servicer, decided to take that liberty itself. And here the judge found: "The court finds WAMU, with the assistance of its previous counsel, Shapiro and Fishman, submitted the assignment when [they] knew that only Fannie Mae was entitled to foreclose on the Mortgage, and that WAMU never owned or held the note and Mortgage."

"the Court finds by clear and convincing evidence that **WAMU, Chase and Shapiro & Fishman committed fraud on this Court**" and that these "acts committed by **WAMU, Chase and Shapiro amount to a "knowing deception intended to prevent the defendants from discovery essential to defending the claim"** and are therefore fraud.

According to the Iowa Law review a 3 prong test is used to determine the true party in interest with standing to foreclose http://www.uiowa.edu/~ilr/issues/ILR_96-5_Froehle.pdf 4.

"Assignments of the mortgages along the chain of titles must show a proper conveyance of the note and mortgage from the originator to the final party seeking to foreclose on the homeowner. In the process of securitizing a mortgage, the

5

originating lender will typically assign the mortgage to a trustee who then combines that mortgage with a bundle of other similar mortgages to form a single secured asset.88 The originating lender usually retains the right to service the mortgage, but the interest in the property (and status as real party in interest) has been transferred to the trustee.89

> **To collect on the mortgage note, the creditor "must (1) be the holder of the note, (2) have constitutional standing and (3) be the 'real party in interest."**

90 A problem in these proceedings arises because of the increase in the practice of securitization of residential mortgages in which the entity seeking foreclosure on the mortgage may not ultimately fulfill one or more of the elements of this three-part test due to the complex structure of the securitization process.

91 The process of securitizing residential mortgages has made it difficult for lenders to show they have standing.6 This process takes "illiquid assets," such as mortgages, and converts them into a "tradeable security with a secondary market."7 Securitization is largely blamed for the collapse of the subprime lending market and the resulting national financial crisis.

> **8. The question of legal ownership of the underlying note and mortgage is central to showing a party has met these procedural requirements. First, it shows the party has standing to sue for foreclosure in a court of law. Second, it proves that the party is indeed the real party in interest that is entitled to relief from the judicial system. These two procedural requirements are necessary in every civil lawsuit;**

9 however, in the foreclosure process, the many complex transactions involved in securitization have made it difficult for a foreclosing lender to show ownership of the note and proper assignment of the mortgage through the chain of transfers of the underlying loan. 10 5 Chase has **not** proven that it is the true party in interest. In fact, according to the forensic audit, they are not. **The Real Party in interest is a Trust.** Chase is **not** the Lender but only a servicer as was WAMU. Neither of them LENT a penny in this mortgage, in fact they received a Brokers' fee and sold the note PRIOR to funding. THEY HAVE NO SKIN IN THE GAME. THEY ARE NOT THE REAL PARTY IN INTEREST! THE TRUST IS!

Legal clarifications on what constitutes proof of standing continue to come down through this court and others. **None of the Defendant(s) are the real party in interest but are nothing more than 'servicers'.**

Nevada has passed legislation to stop just this type of foreclosure from                6

happening and now require that the lender sign an affidavit under penalty of perjury that they have the right to foreclose thereby creating the motivation for Defendant(s) attempt to rush this to judgment prior to PROOF OF STANDING AND PROOF THAT THEY ARE THE REAL PARTY IN INTEREST, continuing **unjust enrichment** for Defendant(s) and a **manifest injustice** to allow them to proceed **and would result in Plaintiff filing an immediate appeal!**

In Jan 2012, A pair of Nevada Supreme Court rulings requiring mortgage lenders to produce all required foreclosure documents before repossessing a house sent two cases back to the district court for failing to review assignments to ensure they were in strict compliance.

"In unanimous rulings Friday in the state hardest hit by foreclosures during the Great Recession, the high court ruled there was insufficient documentation for separate foreclosure cases involving Carl Piazza and lender CitiMortgage Inc. in Las Vegas, and Caroline Karl and lenders including HSBC Bank USA in Reno.

The court sent Piazza's case back to Clark County District Judge Donald Mosley, who had determined that lenders produced enough documentation to foreclose, and Karl's case back to Washoe County District Judge Patrick Flanagan. "It does not appear that the District Court reviewed the assignments presented by CitiMortgage to ensure they were in strict compliance," the court said in the Piazza order. 6

"The July cases set the rule," Hafter said. "Now they're just applying the rule." The July cases — Leyva v. National Default Servicing Corp. and Pasillas v. HSBC Bank USA — call for a strict standard of proof of ownership for lenders,

7

including a requirement they produce the original note and deed of trust plus subsequent ownership records before seizing homes. A Nevada state law that took effect Oct. 1 also requires the filing of foreclosure documents in the county where a property is located and proof of ownership with a notarized affidavit detailing a lender's legal right to proceed.

These have not been provided to Plaintiff by the Defendant(s) or their attorneys. The ARROGANCE of the Defendant(s) and their attorney(s), their LIES TO THE COURT, and CONTINUED ATTEMPTS TO STEAL MY HOME without proving their Standing to do so, NEEDS TO BE STOPPED, NOW!

Petitioner is giving this court a chance to review the documents and to certify that all of them are in strict compliance with the law since all the evidence via the forensic audit shows that they are not sufficient. If they are not sufficient then the Defendant(s) should be barred from attempting any further foreclosure or eviction proceedings **as they are attempting yet again to steal a house that does not belong to them.** Since the law hasn't been fully determined by the Nevada Supreme Court as to what constitutes full compliance, nor has the issue of Securitization been ruled on yet, holding a hearing on these issues would be premature until these documents are provided to this court, certified by this court, and provided to the Petitioner including an affidavit SIGNED UNDER PENALTY OF PERJURY. If Respondents prefer to rush to judgment in a blatant attempt to steal yet another house, damages will mount. If they wish to take that risk they are welcome to do so. However, all transcripts will be ordered and used against them in their attempt to fraudulently steal this Petitioners Home as they have done to untold others.

8

Petitioner will bring a list of questions that he will ask during the hearing which could cause the Respondents to commit further perjury and fraud if they continue to insist that they are the Real Party in Interest when they are fully aware that they are not, and their law firm(s), et all will incur personal liability as well as they could be **committing perjury and fraud yet again.**

Respondents have unclean hands regarding this transaction as evidenced by their reluctance and inability to provide the Original, Unaltered, Promissory Note, rather some forged, made up, allonges.

Recently many banks were forced to sign consent decrees with the Office of the Comptroller of the Currency and **pay off the state of Nevada for stealing homeowners homes that they have no interest in and using robo signed documents.** Petitioner was contacted by the Office of the Comptroller of the Currency warning her that she may be a victim of their fraudulent activity. The Nevada Attorney General Maestro has stated publicly that **85% of the home loans in Nevada are fraudulent.** Petitioners due diligence is proper and necessary to insure that his home is not being stolen by someone who has no right to foreclose. It appears that Defendant(s) are attempting to do just that and this conduct should not be tolerated by this court.

NDSC are also becoming targets of class action lawsuits for illegal actions and robo signing documents and are currently facing legal suits in Nevada for illegal debt collection practices amongst other issues.

http://www.vegasinc.com/news/2012/jan/30/attorneys-hit-nevada-foreclosure-

9

processors-class-/

The suit asserts counts including consumer fraud, unjust enrichment and elder abuse as some of the homeowners were age 60 or over. "The plaintiffs are Nevadans who not only lost their houses in one of the hardest-hit real estate markets, but were also adversely affected by foreclosure companies that did not follow the law during the foreclosure process. The case was filed as a class-action lawsuit because there are thousands of potential plaintiffs who were victims of these foreclosure companies," said Christopher, of Christopher Legal Group."

8. The suit seeks unspecified compensatory damages and a requirement that the companies return fees paid to them "for their respective illegal and improper debt-collection activities."

According to the Iowa Law Review:

http://www.uiowa.edu/~ilr/issues/ILR_96-_Froehle.pdf

The problems in the situations where a court does not oversee foreclosure are quite substantial. If the many judicial foreclosure cases in which courts have dismissed actions, or otherwise denied or conditioned a granting of foreclosure to creditors, are a reflection of the state of affairs among lenders, servicers, and mortgage trusts, the amount of potential violations of common procedural requirements that are occurring outside of judicial oversight may be staggering.

When a creditor is able to foreclose on a property without having ownership of the mortgage or when the transfers between assignees contain improprieties, it amounts to an improper foreclosure of a homeowner's property interest.21 Besides the effect on the individual homeowners' interests, there are the lingering issues of title that will come back to haunt future buyers long after the creditors have conveyed the property and moved on.

Respondents have not submitted any **proof** that they are the Real Party in Interest. HSBC Bank USA, National Association is **not the lender but**                    10

simply a 'servicer' or collection agency as was Fidelity Mortgage of New York, and any and all other Defendant(s) named herein.

> "endorsements must be reflected on the Note. A Note endorsed in blank does not comply with those requirements."

**PRAYER FOR RELIEF**

Petitioner requests that prior to a hearing that all Defendant(s) claiming to be a Party of Interest be ordered to produce all documents including endorsements of a chain of title and PROVE that they are The Real Party in Interest to the court and that the court conduct an examination to determine if the documents are complete, legal, and valid. That the court certify that they are valid and that any of the Defendant(s) are a Real Party in Interest on my house.

INCLUDING:

That Attorneys for all Parties provide an affidavit signed personally and for the firm as liable and by the lawyers as well as all Defendant(s) representatives on behalf of the Defendant(s) and/or it's assigns signed under penalty of perjury personally signed, notarized, and witnessed in front of the judge to insure they are not robo signed or falsified, that they represent the Defendant(s), and that they know for a fact, have absolute proof and are personally liable for perjury signed under Penalty of perjury that any of the Defendants are the Real Party in Interest, that Defendant(s) have no 'skin in the game'. And that in the event that evidence shows that they lied, that they are held personally liable each and every one of them, the law firm is liable, the bank is liable, and the attorneys who sign the affidavit are liable for $1,000,000 EACH in damages if it found to be a lie.

Plaintiff requests that the following parties need to create and sign as the affidavit is detailed herein, regarding Defendant(s) debt collecting practices and claims of standing.

Ocwen Loan Servicing Company, LLC; Attorneys for:
Fidelity Mortgage of New York, a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808

Ocwen Loan Servicing Company LLC.
Houser & Allison, A Professional Corporation
Jeffrey S Allison (NV SBR 38949)
The Castle Lawfirm, LLP
Stephanie Cooper-Herdman (NV SBN #5919)

Mortgage Electronic Registration Services (herein MERS)
Wright, Finlay & Zak, LLP
Robin Prema Wright, Esq. (NV SBN # 009296)
Donna M Osborn, Esq. (NV SBN #006527)
Chelsea A. Crowton, Esq.

Western Progressive, LLC
Houser & Allison, A Professional Corporation
Jeffrey S Allison (NV SBR 38949)
The Castle Lawfirm, LLP
Stephanie Cooper-Herdman (NV SBN #5919)

HSBC Bank USA, NA
Houser & Allison, A Professional Corporation
Jeffrey S Allison (NV SBN #8949)
The Castle Lawfirm, LLP
Stephanie Cooper-Herdman (NV SBN #5919)

Cal-Western Reconveyance Corp

Wells Fargo Bank, NA
Wright, Finlay & Zak, LLP
Robin Prema Wright, Esq. (NV SBN #009296)
Donna M Osborn, Esq. (NV SBN #006527)
Chelsea A. Crowton, Esq.

Renaissance Mortgage Acceptance Corporation
Houser & Allison, A Professional Corporation
Jeffrey S Allison (NV SBR #8949)
The Castle Lawfirm, LLP

12

Stephanie Cooper-Herdman (NV SBN #5919)

LSI Title Agency Inc,
McCarthy & Holthus, LLP
Kristin A Schuler-Hintz, Esq. (NV SBN #7171)
Christopher M Hunter, Esq. (NV SBN #8127)

In the event that Defendant(s) and their Attorneys do NOT provide the affidavit and PROVE that they are the REAL PARTY IN INTEREST and not just a SERVICER, Petitioner requests that this court issue an injunction against Defendant(s) from any further attempts to evict from or foreclose on Petitioners house and/or it's assigns.

That this court issue an order that the Petitioner receives Quieted Title and that all these parties are removed from his title along with any of their subsequent collection agencies/servicers that they may assign it to. That this court declare that all Defendant(s), each and everyone of them, including does 1-50 be sanctioned for FRAUD ON THE COURT and that Petitioner be awarded $1,000,000 from each and every defendant for their participation in this fraud in compensatory damages in illegal debt collection practices.

That the court certify the defaults against all Defendant(s) who do **not** respond to the judges order and did not comply with the Judges order to respond under penalty of Contempt of Court.

That this court order CRIMINAL sanctions against all Defendant(s) listed herein, to include does 1-50, ET AL for committing fraud, knowingly, willingly, and intentionally and trying to bully, harass, slander, extort and intimidate this Petitioner into giving away his home to crooks!!!! Their actions are abominable and should not    13

be tolerated by this or any court!

VERIFICATION

      I, Dennis E Scarberry, am the Petitioner in the above-entitled action; that I have read the foregoing document and am competent to testify that the contents are true of my own knowledge except for those matters stated therein on information and belief; and, as to those matters, I believe them to be true.

March 26, 2012 _____
Date Signature of Petitioner

Pursuant to NRS 53.045:
"I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

Executed on March 26, 2012

_____
Signature

14

EXHIBIT # 1

## ALLONGE

RE: Dennis E. Scarberry

LOAN #: 0103394516

PROPERTY ADDRESS:   3005 Milton Pl, North Las Vegas, NV 89032
   ADDRESS #2:
   ADDRESS #3:

PAY TO THE ORDER OF:

   DELTA FUNDING CORPORATION

WITHOUT RECOURSE

   Fidelity Mortgage of NY
   A division of Delta Funding Corporation

BY _____/s/ Carol Hollmann_____

Carol Hollmann
AUTHORIZED SIGNATORY

P21008

EXHIBIT #2

## ALLONGE

RE: Dennis E. Scarberry

LOAN #: 0103394516

PROPERTY ADDRESS:   3005 Milton Pl, North Las Vegas, NV 89032
   ADDRESS #2:
   ADDRESS #3:

PAY TO THE ORDER OF:
HSBC BANK USA, NATIONAL ASSOCIATION AS
INDENTURE TRUSTEE UNDER THE APPLICABLE AGREEMENT

WITHOUT RECOURSE

DELTA FUNDING CORPORATION

BY: _____
Carol Hollmann, Vice President

P21008

## CERTIFICATE OF MAILING

I hereby certify that on the 26th day of March, 2012, a true and correct copy of the foregoing Request for Sworn Affidavit and Proof of Standing was forwarded to all parties and counsel(s) as identified in the listing of Defendant(s) by depositing true copies thereof in the United States First Class Mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

McCarthy and Holthus, LLP
Counsel for LSI Title Agency
9510 W. Sahara, Suite 110
Las Vegas, NV 89117

Jeffrey S. Allison, Esq
Stephanie Cooper-Herdman
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
Western Progressive, LLC, and
HSBC Bank USA, NA,
5275 S. Durango Drive
Las Vegas, NV 89113

Donna M Osborn, Esq.
Attorney for Defendants
Wells Fargo Bank, NA, and
Mortgage Electronic Registration Systems, Inc.
5532 South Fort Apache Road Suite 110
Las Vegas, NV 89148

Victoria Adams, Esq.
Corporate Counsel for
Cal Western Reconveyance Corporation
525 East Main Street
El Cahon, CA 92020

Renaissance Mortgage Acceptance Corporation
1000 Woodbury Road, Suite 200
Woodbury, NY 11797
(Last known address)

Ocwen Loan Serv. Company, LLC        Attorneys for:
Fidelity Mortgage of New York,
a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808


_____        Date: 26 March 2012
Dennis E. Scarberry / Plaintiff in ProSe