WRIGHT, FINLAY & ZAK, LLP
Robin Prema Wright, Esq.
Nevada Bar No. 009296
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
dosborn@wrightlegal.net
*Attorneys for Defendants,*
*Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS E. SCARBERRY,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY MORTGAGE OF NEW YORK, a Division of Delta Funding Corp.; OCWEN LOAN SERVICING COMPANY, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (herein MERS); WESTERN PROGRESSIVE, LLC; HSBC BANK USA, N.A.; CAL-WESTERN RECONVEYANCE CORP.; WELLS FARGO BANK, NA; RENAISSANCE MORTGAGE ACCEPTANCE CORPORATION; LSI TITLE AGENCY INC, and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 2:12-cv-00128-KJD-CWH<br><br>**DEFENDANTS DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>SUBMITTED IN COMPLIANCE WITH LR 26-1(e) |

1. <u>Meeting.</u>

Pursuant to Fed R. Civ. P. 26(f) and LR 26-1(a), a meeting was held on March 20, 2012, and was attended by the Plaintiff, Dennis Scarberry In Pro Per, Chelsea A. Crowton, Esq. from the law firm Wright, Finlay & Zak, LLP on behalf of Defendants, Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc., Kristin A. Schuler-Hintz,

1  Esq. from the law firm McCarthy & Holthus, LLP on behalf of Defendant, LSI Title Agency,
2  Inc., and Jeffrey Allison, Esq. from the law firm Houser & Allison on behalf of Defendants,
3  Ocwen Loan Servicing Company, LLC, Western Progressive LLC, and HSBC Bank USA, N.A.,
4  as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates,
5  Series 2007-3. Defendants hereby submit their own Discovery Plan and Scheduling Order due to
6  the refusal of the Plaintiff to consent to a Joint Stipulation to Stay Submission of Discovery Plan
7  and Scheduling Order.

    2. <u>Discovery Plan.</u> The Defendants propose to the Court the following discovery plan:

        (a) <u>Subject of Discovery.</u> Discovery will be needed on the following subjects: All claims set forth in the original Complaint, as well as the defenses relevant to the action.

        (b) <u>Discovery Cut-Off Dates.</u> Discovery is stayed pending the Court's decision on MERS and Wells Fargo's Motion to Dismiss filed on January 26, 2012 (Dckt. No. 8) and MERS and Wells Fargo's Motion to Expunge Lis Pendens filed on January 26, 2012 (Dckt. No. 9), which the other Defendants joined. MERS and Wells Fargo's Motion to Dismiss and Motion to Expunge Lis Pendens have not been scheduled for a hearing as of the date of this Discovery Plan. If after the hearing the Plaintiff's Complaint is not dismissed then the Plaintiff and the Defendants will hereby submit a Discovery Plan and Scheduling Order no later than 30 days from the Court's Order on MERS and Wells Fargo's Motion to Dismiss and Motion to Expunge Lis Pendens.

        (c) <u>FRCP 26(a)(2) Disclosures (Experts):</u> Disclosure of experts shall proceed according to FRCP 26(a)(2) except that:

            (1) The disclosure of experts and expert reports shall occur 60 days before any discovery cut-off date; and

            (2) The disclosure of rebuttal experts and their reports shall occur the first judicial date after 30 days before the discovery cut-off date.

    3. Other items.

        (a) Initial Disclosures: The parties have until 14 days after the LR 26-1(a) meeting to

serve initial disclosures on all parties.

(b) Amending the Pleadings and Adding Parties: The parties have until 90 days before the discovery cut-off date to file any motion to amend the pleadings or to add parties. This is 90 days before the discovery cut-off date and does not exceed the outside limit LR 26-1(e)(2) presumptively sets for ninety (90) days before the discovery cut-off date of filing such motions.

(c) Interim Status Report: The parties shall file the interim status report required by LR 26-3 no later than sixty (60) days before the discovery cut-off date. The undersigned counsel certifies that they have read LR 26-3 and that this date is not later than sixty (60 days before the discovery cut-off date.

(d) Dispositive Motions: The parties shall have until thirty (30) days after the discovery cut-off date. This date does not exceed the outside limit of thirty (30) days following the discovery cut-off date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.

(e) Settlement: All parties will continue to discuss possible resolution to this matter.

(f) Pretrial Order: The pretrial order shall be filed not more than thirty (30) days after the date set for filing dispositive motions in the case. This case is suspended if the dispositive motions are timely filed. The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order.

(g) Court Conference: The Defendants do not request a conference with the Court before entry of the scheduling order.

(h) Later Appearing Parties. A copy of this discovery plan and scheduling order shall be served on every party to this lawsuit after it is entered, or, if an additional Defendant should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

(i) Extension or Modification of the Discovery Plan and Scheduling Order. LR 26-4 governs modification or extensions of this discovery plan and scheduling order. Any

1  stipulation or motion must be made not later than twenty 92) days before the
2  discovery cut-off date and comply fully with LR 26-4.
3      4.  SIGNATURES PURSUANT TO RULE 26-1(d)
4      This report is signed in accordance with Rule 26(g)(1) of the Federal Rules of Civil
5  Procedure. Each signature constitutes a certification that to the best of the signer's knowledge,
6  information and belief, formed after reasonable inquiry, the disclosures made by the signer are
7  complete and correct as of this time.
8  DATED this ____ day of April, 2012.    DATED this 6th day of April, 2012.

WRIGHT, FINLAY & ZAK, LLP    MCCARTHY & HOLTHUS, LLP

_____    __/s/ Christopher M. Hunter, Esq.___
Donna M. Osborn, Esq.    Christopher M. Hunter, Esq.
Nevada Bar No. 006527    Nevada Bar No. 8127
5532 South Fort Apache Road, Suite 110    9510 W. Sahara Avenue, Suite 110
Las Vegas, NV 89148    Las Vegas, NV 89117
*Attorney for Defendants,*    *Attorney for Defendant, LSI Title Agency,*
*Wells Fargo Bank, N.A. and*    *Inc.*
*Mortgage Electronic Registration Systems, Inc.*

DATED this 6th day of April, 2012.

HOUSER & ALLISON

__/s/ Jeffrey A. Allison, Esq.___
Jeffrey S. Allison, Esq.
Nevada Bar No. 8949
9970 Research Drive
Irvine, CA 92618
*Attorney for Defendants, Ocwen Loan Servicing, LLC,*
*Western Progressive, LLC, and HSBC Bank USA, N.A.*

## ORDER

Pursuant to the above stipulation of the parties, it is ORDERED, ADJUDGED, AND DECREED that:

1. Discovery in this matter is hereby stayed pending the Court's decision and entry of Order on MERS and Wells Fargo's Motion to Dismiss filed on January 26, 2012 (Dckt. No. 8) and MERS and Wells Fargo's Motion to Expunge Lis Pendens filed on

January 26, 2012 (Dckt. No. 9), which the other Defendants joined. MERS and Wells Fargo's Motion to Dismiss and Motion to Expunge Lis Pendens have not been scheduled for a hearing as of the date of this Stipulation.

2. That unless this matter is disposed of, the parties shall file a Stipulated Discovery Plan and Scheduling Order no later than 30 days following the Court's Order on MERS and Wells Fargo's Motion to Dismiss and Motion to Expunge Lis Pendens.

IT IS SO ORDERED:

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

RESPECTFULLY SUBMITTED BY:

WRIGHT, FINLAY & ZAK, LLP

_____
Donna M. Osborn, Esq.
Nevada Bar No. 006527
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
*Attorneys for Defendants,*
*Wells Fargo Bank, NA and Mortgage Electronic Registration Systems, Inc.*