Jeffrey S. Allison  
Nevada Bar No. 8949  
HOUSER & ALLISON  
A Professional Corporation  
9970 Research Drive  
Irvine, California 92618  
Phone: (949) 679-1111/1112 fx  

Stephanie Cooper-Herdman  
Nevada Bar No. 5919  
THE COOPER CASTLE LAW FIRM, LLP  
5275 S. Durango Drive  
Las Vegas, Nevada 89113  
Phone: (702) 435-4175/877-7424/7424 fx  

E-Filed on 4/12/12

Attorneys for Defendants OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; and HSBC BANK USA, N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, erroneously named herein

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DENNIS E. SCARBERRY, | CASE NO.: 2:12-cv-00128-KJD-CWH |
| Plaintiff(s), | HON. KENT J. DAWSON |
| vs. | |
| FIDELITY MORTGAGE OF NEW YORK, a Division of Delta Funding Corp.; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SERVICES (herein MERS); WESTERN PROGRESSIVE, LLC; HSBC BANK USA, NA; CAL-WESTERN RECONVEYANCE CORP; WELLS FARGO BANK, NA; RENAISSANCE MORTGAGE ACCEPTANCE CORPORATION; LSI TITLE AGENCY INC., and DOES 1-50 Inclusive; | **OPPOSITION TO PLAINTIFF'S "REQUEST FOR SWORN AFFIDAVIT AND PROOF OF STANDING AND "MOTION TO QUIET TITLE"** <br><br> **[DOCKET NOS. 25 & 26]** |
| Defendant(s) | |

**I.    INTRODUCTION**

Plaintiff keeps filing documents with this Court that are not cognizable, proper or sufficient motions pursuant to the Federal Rules of Civil Procedure or applicable law. Plaintiff's latest filing on March 26, 2012 is entitled "Request for Sworn Affidavit and Proof of Standing,

1

including proof that they are the Real Party in interest; Motion for Quiet Title and a finding of Fraud."  For purposes of processing, the Court intake has treated Plaintiff's latest filing as Docket Nos. 25 and 26.  However, Plaintiff's latest "Motion" is contrary to the <u>Federal Rules of Civil Procedure</u>, applicable and controlling law, and is moot.

      Plaintiff's action herein is barred as a matter of law on numerous grounds as set forth in Defendants' Notice of Joinder in the pending Motions to Dismiss Plaintiff's Complaint and to Expunge Lis Pendens filed on January 31, 2012.  [Docket No. 14].  As established, there is no requirement that Defendants provide a "sworn affidavit" or "proof of standing" in order to conduct or complete the non-judicial foreclosure that is the subject of Plaintiff's Complaint and latest "Motion."

      Plaintiff's "Request" is based on his erroneous interpretations with no supporting legal authority regarding the allonges to the Note and the recorded assignment copies of which provided in the context of settlement discussions.[1]  The piecemeal copy attached and Plaintiff's unsupported conclusions are neither admissible nor a basis for any relief sought by Plaintiff. Plaintiff's theories about the person(s) signing the allonges with the entities' stamp and staple holes are at best misplaced.  Whether Plaintiff likes it or not, Defendants had the loan documents and standing to foreclose.  As to Plaintiff's contentions regarding the Assignment authorized by the Deed of Trust, he was not a party to the assignment and has no standing or right of action under the law.

      Plaintiff's action and this latest "Motion" are merely tools used in an attempt to delay the

---

[1] At the parties' Rule 26 meeting on March 20, 2012, Plaintiff stated to the parties that if they simply could produce copies of the Note with allonges, a recorded Deed of Trust, and a recorded Assignment he would dismiss this action and "turn over the keys" to the property.  In good faith despite no obligation and in the spirit of the settlement discussions, Defendants provided Plaintiff the same day with copies of the original Note with signed allonges to Defendant HSBC, recorded Deed of Trust, and recorded Assignment to Defendant HSBC.  These included documents already provided with Defendants' Motions filed herein.  Instead of dismissing the action as represented, Plaintiff filed his latest "Motion" accusing all of fraud based on the allonges and recorded assignment, and seeking affidavits and $1 million from each Defendant.  Not only is Plaintiff's "Motion" baseless and borderline absurd, it is improper and Defendants request the Court to issue an Order to Show Cause why Plaintiff should not be sanctioned or Defendants awarded reasonable attorneys fees for having to respond to yet another somewhat duplicative filing by Plaintiff . F.R.C.P. Rule 11.

2

1 foreclosure and to get title to the property free and clear of any contractual obligation to repay
2 the loan funds he received following his loan default and the completion of the non-judicial
3 foreclosure.  Plaintiff made payments to Defendants, then undisputedly defaulted on his loan and
4 failed to perform under multiple forbearance agreements given or qualify for modification
5 review under the U.S. Government's HAMP program.  The noticed trustee's sale was properly
6 completed on February 1, 2012 by agent and substituted trustee Western Progressive on behalf of
7 the beneficiary and assignee HSBC which acquired the property.  A trustee's deed upon sale was
8 recorded in the Clark County Recorder's Office on February 8, 2012 as Instrument No.
9 20120208-0001824.  The recitals therein established the foreclosure sale as conclusively proper
10 pursuant to N.R.S. § 107.030(a).  (See recorded Trustee's Deed exhibited herein pursuant to FRE
11 201).

12   Plaintiff does not have title.  There is no basis to quiet title to the foreclosed property
13 back to Plaintiff, and certainly no basis to do so by Plaintiff's frivolous "Motion."  It is not up to
14 Plaintiff to require affidavits from various parties and attorneys seeking to turn them into
15 witnesses in this case.  The law confirms that Defendants do not have to provide copies of the
16 Note, Deed of Trust, or Assignment as a prerequisite to foreclose in this context, and certainly
17 not after the fact.  To the extent Plaintiff's "Motion" also seeking injunctive relief is duplicative
18 of his prior motion for injunctive relief and to quiet title [Docket Nos. 19 & 20], the "Motion" is
19 improper and fails for the same reasons.  Plaintiff's Motion must be denied.

20 **II.**  **PLAINTIFF'S "MOTION" FAILS TO COMPLY WITH THE FEDERAL RULES**
21   **OF CIVIL PROCEDURE**

22   Plaintiff's "Request" and "Motion" is not cognizable based on relief authorized pursuant
23 to the procedures in any cited Rule of Federal Procedure.  It is not a motion for judgment on the
24 pleadings there being no answers filed, a motion to compel there being no scheduling order or
25 commencement of discovery, a motion for a preliminary injunction despite the request for
26 injunctive relief duplicative of Plaintiff's previously filed motions for the same [Docket Nos. 19
27 & 20], or a motion for summary judgment.  Plaintiff's "Motion" is not accompanied by points
28 and authorities with citations to law supporting the arguments.  It is not accompanied by any

3

declarations, foundation and authentication of the documents attached, or admissible evidence. Defendants are uncertain exactly whether or how it is to respond other than pointing out that there is no legal, factual, or procedural basis for the "Motion" or the arguments therein, and that Plaintiff's action is barred on numerous grounds as set forth in Defendants' Motions to Dismiss. Plaintiff's "Motion" should be denied on the above grounds.

### III. PLAINTIFF'S ARGUMENT THAT DEFENDANTS MUST PRODUCE LOAN DOCUMENTS OR PROOF OF STANDING IS NOT A REQUIRED

N.R.S. § 107.080 et seq. did and does not require the production of the original note or other loan documents to conduct a trustee's sale where there is no elected foreclosure mediation as in this case. Kwok v. Recontrust Company, N.A., 09-2298, 2010 WL 4810704, at *4 (D.Nev. 2010) ("NRS 107.080 does not require a lender to produce the original note or prove its status as a real party in interest, holder in due course, current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings."); Le Bouteiller v. Countrywide KB Homes, 11-01452, 2011 WL 4852518 (D.Nev. Oct. 13, 2011) ("A lender does not have an affirmative duty to provide the borrower with the original note prior to foreclosure proceedings."). Neither Plaintiff's Complaint nor his latest "Motion" contends it is a petition for judicial review of a foreclosure mediation that occurred between the parties. This is not a judicial foreclosure action or a motion for relief from stay filed by Defendants in a Bankruptcy in which there may arguable be a duty to prove their status.

Accordingly, there is no requirement that Defendants prove their standing as to the conclusively completed foreclosure following Plaintiff's undisputed loan default in substantial compliance with N.R.S. §§ 107.080 et seq. There is no requirement at this juncture to provide sworn affidavits at this juncture or provide originals of the Note with allonges, recorded Deed of Trust, or Assignment already produced and on record with the County Recorder's Office and the Court. Plaintiff's "Motion" must be denied on this ground as well.

### IV. PLAINTIFF'S ARGUMENTS REGARDING THE ASSIGNMENT OF THE LOAN DO NOT PROVIDE A BASIS FOR RELIEF HEREIN

Plaintiff was not a party to the assignment, and does not possess standing to assert a

4

1   claim to challenge the foreclosure based thereon.  See, Bridge v. Aames Cap. Corp., 2010 WL
2   3834059 at *3 (N.D.Ohio Sept. 29, 2010) ("Borrower certainly has an interest in avoiding
3   foreclosure. But the validity of the assignments does not affect whether Borrower owes his
4   obligations, but only to who Borrower is obligated.").
5       As set forth above, there is no requirement to produce loan documents as a prerequisite or
6   to the non-judicial foreclosure in this action.  Notwithstanding, the assignment provided as a
7   courtesy does not provide Plaintiff with standing or a claim for improper assignment or
8   separation of the Note and Deed of Trust.  Even in foreclosure mediation cases in which copies
9   of the assignment are required to the provided, the Nevada Supreme Court has recently rejected
10  contentions of impropriety particular regarding MERS assignments (upon which Plaintiff's
11  Complaint appears partially based):

> Here, appellants' sole argument on appeal is one of document production. [fn omitted]. Specifically, they contend that a MERS-generated assignment was insufficient to establish respondent's ownership of their loan.  Due to the manner in which this argument was presented to the district court and now on appeal, we are compelled to affirm…The overarching argument that can be gleaned from appellants' briefs is that the assignment in this case was invalid solely by virtue of the fact that it was generated by MERS.  In other words, because appellants believe that MERS as an entity is a sham or a fraud, they contend the assignment itself was necessarily invalid.
> Courts in Nevada and across the nation have repeatedly recognized the MERS serves at least some legitimate business purpose.  [fn and citations omitted]…Consequently, we reject appellants' contention that the assignment was invalid solely by virtue of its connection to MERS.

Davis v. US Bank Nat'l Assoc. as Trustee, Nevada Supreme Court Case No. 56306 (Order of Affirmance Feb. 24, 2012).  Even more recently, the Nevada Supreme Court in another foreclosure mediation case also decided against the borrower's endorsement, assignment and document production arguments, stating in pertinent part as follows:

> …the MERS assignment was sufficient to transfer both the beneficial interest in [Appellant's] deed of trust and ownership in [Appellant's] note from his original lender…Leyva and Article 3 of Nevada's Uniform Commercial Code make clear that "negotiation" and "transfer" are two similar, but nevertheless distinct concepts….However, an endorsement is not necessary for a valid transfer [citation omitted]…As is customary in the secondary mortgage market, such "proof" generally comes in the form of a valid assignment of the deed of trust and corresponding promissory note—which as explained previously, is what the MERS assignment in this

5

case accomplished.  Consequently, [the servicer] was entitled to enforce the note even though the note was not endorsed.

Miller v. Aurora Loan Services, Nevada Supreme Court Case No. 58532 (Order of Affirmance, Mar. 30, 2012).  (Also See Defendant's Motion to Dismiss filed herein).[2]

Accordingly, Plaintiff's argument regarding the Note allonges and assignment of the Deed of Trust fail and the "Motion" must be denied.

## V. TO THE EXTENT PLAINTIFF'S "MOTION" AGAIN SEEKS INJUNCTIVE RELIEF, IT IS DUPLICATIVE OF THE FIRST AND LIKEWISE SHOULD BE DENIED

While Plaintiff's "Motion" is not one for injunctive relief per se, it does include such a prayer as against any foreclosure or other activity as to the foreclosed property.  Defendants refer to and incorporate herein their Opposition to Plaintiff's prior motion for injunctive relief. [Docket Nos. 19, 20, 21].

Again, in order to be entitled to injunctive relief, a plaintiff has the burden to prove a reasonable probability of success on the merits and an imminent and irreparable threat of injury for which there is no adequate remedy at law.  See, Pickett vs. Comanche Construction, 108 Nev. 422, 836 P.2d 42 (1992); Dixon vs. Thatcher 103 Nev. 414, 742 P.2d 1029 (1997).  "A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights." Lydo Enterprises, Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984).  "[P]laintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). An event, right or obligation that is not real or ripe, or has been completed or discontinued,

---

[2] Plaintiff suggests without evidence or authority that the signatures on the Allonges to the Note are suspect as signed by the same person with a stamp for HSBC.  Plaintiff's theory is misplaced and provides no established ground.  The first Allonge from Fidelity of NY, a division of Delta Funding Corporation, to Delta Funding Corporation was on its fact signed by an "authorized signatory" on behalf of the division of Delta Funding Corporation.  The second Allonge from Delta Funding Corporation to HSBC was signed by the same authorized person.  There is no prohibition against a signature authorized on behalf both the corporation and its division.  The stamp of an entity as assignee, such as HSBC is neither uncommon in corporate industry or improper.  Plaintiff's "Motion" does not establish law or evidence otherwise.

6

1  moots any right to injunctive relief.  See, Golden v. Zwickler, 394 U.S. 103, 109 (S.Ct. 1969).

2  **A.  Plaintiff's Complaint is Barred as a Matter of Law on Numerous Grounds**

3  Plaintiff's action is barred as a matter of law on numerous grounds, including (1) the statute of limitations; (2) Plaintiff's undisputed loan default and failure to reinstate or tender the loan amounts; (3) lack of standing by Plaintiff and inapplicability of the claims to these Defendants;  (4) lack of contractual breach of common law duty; (4) proper standing of and foreclosure by these Defendants as established by the public record and the applicable law; (5) no separation of the Deed of Trust or requirement to produce the original note prior to a trustee's sale under applicable law; and (6) failure and/or inapplicability of the alleged statutory claims to these Defendants.  Rather than yet again repeat the particular points and authorities on the above grounds, Defendants' pending Joinder and Motion filed herein on January 31, 2012 is incorporated herein by reference.  [Docket No. 14].

**B.  Any Injunctive Relief as to the Conclusively Completed Foreclosure of the Property is Moot and Should be Denied**

Pursuant to the authorities above, Plaintiff's "Motion" to the extent it seeks injunctive relief is not based on legal citation or admissible evidence provided.  Pursuant to the above authorities, the "Motion" is moot and must be denied to the extent it seeks to enjoin the foreclosure already completed on February 1, 2012.  The Trustee's Deed Upon Sale was recorded in Clark County on February 8, 2012 as Instrument No. 20120208-0001824.  (See recorded Trustee's Deed Upon Sale previously attached as **Exhibit "1"** to Defendants' Opposition [Docket # 21]).  Plaintiff's foreclosed Deed of Trust expressly stated, "The recitals in the Trustee's Deed shall be prima facie evidence of the truth of the statements made therein." (See Wells Fargo and MERS' Request for Judicial Notice in support of their Motion to Dismiss in which these Defendants joined, Exh. 2 ¶ 22).  Further, a trustee's sale is conclusively presumed to be proper by resort to the recitals in the recorded notices and trustee's deed upon sale.  N.R.S. § 107.030(a); and see, Matter of Stanfield, 6 B.R. 265 (1980); Knapp v. Doherty, 20 Cal.Rptr.3d 1, 13-19, 2004 W.L. 209, 2002 (2004).  N.R.S. § 107.030(a) provides:

7

> That in the event of a sale of the premises conveyed or transferred in trust, or any part thereof, and the execution of a deed or deeds therefore under such trust, the recital therein of default, and of recording notice of breach and election of sale, and of the elapsing of the 3-month period, and of the giving of notice of sale, and of a demand by beneficiary, his heirs or assigns, that such sale shall be made, shall be conclusive proof of such default, recording, election, elapsing of time, and of the due giving of such notice, and that the sale was regularly and validly made on due and proper demand by beneficiary, his heirs and assigns; and any such deed or deeds with such recitals therein shall be effectual and conclusive against grantor, his heirs and assigns, and all other persons;

The Trustee's Deed Upon Sale recorded on February 8, 2012 recited:

> This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **DENNIS E. SCARBERRY…,** as Trustor,..under the authority and powers vested in the Trustee pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded… Trustee having complied with all applicable statutory requirements of the State of Nevada and performed all duties required by the Deed of Trust including sending a Notice of Breach and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified return receipt mail, postage pre-paid to each person entitled to notice in compliance with Nevada…107.050.
>
> All requirements per Nevada Statutes regarding the mailing…and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **2/1/2012.** Grantee, being the highest bidder at said sale became the purchaser of said property for the amount of the bid, being $**239,131.22.**

(**Exhibit** "1" to Defendants' Opposition previously filed).[3] As stated in the Trustee's Deed, the property was acquired by the assignee beneficiary, HSBC. The notices and foreclosure were conclusively proper as recited in the recorded Trustee's Deed Upon Sale and Deed of Trust. N.R.S. § 107.030(a). Any eviction on behalf of owner HSBC is also proper pursuant to Nevada eviction law. Further, Plaintiff's do not establish any imminent eviction date. Plaintiff's "Motion" is moot, unripe, and/or must be denied on these additional grounds.

///

---

[3] Plaintiff's Deed of Trust further provided, "Lender or its designee may purchase the Property at any sale." (See Wells Fargo and MERS' Request for Judicial Notice in support of their Motion to Dismiss in which these Defendants joined, Exh. 2 ¶ 22).

8

C. **Plaintiff's Complaint Seeks Adequate Remedies at Law**

Plaintiff's Complaint seeks legal claims and damages at law.  There is no longer a foreclosure to enjoin.  Defendants had advanced property taxes, insurance, carried a non-performing loan undisputedly in default for a long period of time, and ultimately now own the property in which Plaintiff continues to live for free.  Whether Plaintiff no longer wishes to pursue 'cash-for-keys" or other resolution opportunities, does not legally or equity entitle him to any of the relief sought in his "Request" and "Motion."  Plaintiff has not established the unavailability of his alleged legal remedies.

D. **The "Motion" for Injunctive Relief/Quiet Title Must be Denied For Failure of any Required Tender or Bond**

As acknowledged, a bond is required upon issuance of an order for injunctive relief. N.R.C.P. 65(c) provides, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs or damage as may be incurred or suffered by any party found to be wrongfully enjoined or restrained." Further as established in Defendant's Joinder/Motion and Opposition previously filed, a claim to quiet title in this context would require Plaintiff to tender return of all the unpaid loan funds received and/or the value of the foreclosed property.

Further, Plaintiff does not dispute that he had defaulted on the foreclosed loan as of June 1, 2010 resulting in a Notice of Default.  Plaintiff does not allege or establish that he tendered the monies to reinstate the defaulted loan prior to foreclosure or to the filing of this action as required.[4]  As set forth in the recorded Trustee's Deed Upon Sale, the total indebtedness at the time of the foreclosure completed on February 1, 2012 was $239,131.22.  (See **Exhibit** "1" to

---

[4] Nevada follows to a large extent California foreclosure law.  California courts have long established that in order to maintain an action challenging a foreclosure sale on any claim, the borrower must first offer or actually pay the entire loan amount.  See, United States Cold Storage v. Great Western Savings & Loan Association, 165 Cal.App.3d 1214, 1225, 212 Cal.Rptr. 232 (1985); Arnolds Management Corp. v. Eishen , 158 Cal.App. 3d 575, 577, 205 Cal.Rptr. 15 (1984); Bisno v. Sax , 175 Cal.App.2d 715, 346 P.2d 814 (1995); was due); Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 577-580, 205 Cal.Rptr. 15 (1984); FPCI Re-Hab 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022 (1989); Karlsen v. American Savings & Loan Association, 15 Cal.App. 3d 112 (1971).  Nevada foreclosure cases do not expressly reject the tender rule.

9

1  Defendant's Opposition [Docket # 21]).  Thus, a bond of $240k would be appropriate in the

2  unlikely event that Plaintiff's established an entitlement to injunctive relief contrary to the law.

3  Of course, Plaintiff has not tendered or offered to do so and no bond is posted herein.  It would

4  be an inequitable windfall to the continuing prejudice of Defendants for Plaintiff to continue to

5  live in Defendants' property for free or to quiet title without any recourse.

## VI.   EVIDENTIARY OBJECTION

Defendants object to Plaintiff's verification of the "Request" and "Motion" in its entirety upon  the following grounds:  lack of personal knowledge, lack of foundation, lack of authentication, improper legal opinion by a lay person not qualified as an attorney or expert, hearsay, irrelevant, argumentative, and speculative.  Accordingly, Defendants move to strike the verification of and exhibits to Plaintiff's "Request" and "Motion."

## VII.   CONCLUSION

For the reasons set forth above, it is respectfully requested that Plaintiff's "Request" and "Motion" be DENIED, and for such other and further relief as deemed just and appropriate including consideration of an Order to Show Cause and/or sanctions in the amount of Defendants' attorneys' fees and costs incurred in having to respond to this latest filing by Plaintiff.

**AFFIRMATION PURSUANT TO N.R.S. 239B.030**

The undersigned hereby affirms that the above document does not contain a social security number pursuant to N.R.S. § 239.030B.

DATED:  April 12, 2012                        HOUSER & ALLISON
                                              A Professional Corporation

                                               /s/ Jeffrey S. Allison
                                              Jeffrey S. Allison, Esq.
                                              Attorneys for Defendants
                                              OCWEN LOAN SERVICING, LLC;
                                              WESTERN PROGRESSIVE, LLC; and
                                              HSBC BANK USA, N.A., as Trustee for the
                                              registered holders of Renaissance Equity
                                              Loan Asset-Backed Certificates, Series
                                              2007-3

# CERTIFICATE OF MAILING

I hereby certify that I am over the age of eighteen (18), that I am not a party to this action, and that on this date I caused to be served a true and correct copy of the following documents:

**OPPOSITION TO PLAINTIFF'S "REQUEST FOR SWORN AFFIDAVIT AND PROOF OF STANDING AND "MOTION TO QUIET TITLE"**

By:  X   U.S. Mail
     __  Facsimile transmission
     __  Overnight Mail
     __  Hand and/or Personal Delivery

and addressed to the following:

DENNIS E. SCARBERRY
3005 Milton Place
North Las Vegas, NV 89032
(702) 648-8711
dennisscarberry@cox.net
Plaintiff *In Pro Per*

Robin Prema Wright, Esq.
Donna M. Osborn, Esq.
WRIGHT, FINLAY & ZAK, LLP
5532 South Fort Apache Rd., Ste. 110
Las Vegas, NV 89148
(702) 475-7964
(702) 946-1345 fx
dosborn@wrightlegal.net
Attorneys for Defendants WELLS FARGO BANK, NA and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

Kristin A. Schuler-Hintz, Esq.
Christopher M. Hunter, Esq.
MCCARTHY & HOLTHUS, LLP
9510 W. Sahara, Ste. 110
Las Vegas, NV 89117
(702) 685-0329
(866) 339-5691 fx
khintz@mccarthyholthus.com
Attorneys for Defendant LST TITLE AGENCY, INC.

Dated: April 12, 2012

_____
An employee of HOUSER & ALLISON, APC

1