Dennis E Scarberry
3005 Milton Place
North Las Vegas, NV 89032
702.648.8711 h / 702.53.5701 c
dennisscarberry@cox.net
Plaintiff in Pro se

# United States District Court
## District of Nevada

Dennis E Scarberry

    Plaintiff(s) in Pro Se
-Vs.-

Fidelity Mortgage of New York, a )
Division of Delta Funding Corp; )
Ocwen Loan Servicing Company; )
LLC.; Mortgage Electronic )
Registration Services (herein MERS);)
Western Progressive, LLC; HSBC )
Bank USA, NA; Cal-Western )
Reconveyance Corp; Wells Fargo )
Bank, NA; Renaissance Mortgage )
Acceptance Corporation; LSI Title )
Agency Inc, and Does 1-50 Inclusive;)

    Defendant(s)

CASE NO. 2:12-cv-00128-KJD-CWH

**DENNIS E. SCARBERRY'S RULE
26 (a)(3) INITIAL DISCLOSURES**

## DENNIS E. SCARBERRY'S RULE 26 (a)(3) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(3) of Federal Rules of Civil Procedure, Dennis E.

Scarberry, Plaintiff in Poe Se, hereby submit(s) the following Initial Disclosures. These

disclosures are based on information reasonably available to Plaintiff as of this date.

Plaintiff recognizes that the investigation continues and that discovery has just begun.

Plaintiff reserves the right to supplement or modify this initial disclosure     1.

Statement at any time as additional information becomes available during the course of discovery.

In making these disclosures, Plaintiff does not purport to identify every individual, document, data compilation, or tangible thing possibly relevant to this lawsuit. Rather, Plaintiff's disclosures represents a good faith effort to identify discoverable information he currently and reasonably believes may be used to support his claims and defenses as required by F.R.C.P. 26. Furthermore, Plaintiff makes this disclosures without waiving his right to object to the production of any document, data compilations, or tangible thing(s) disclosed on the basis of any privilege, work product, relevancy, undue burden, or other valid objection. This disclosure does not include information that may be solely used for impeachment purposes. While making this disclosure, Plaintiff reserves the right, (1) his right to object on the grounds of competency, priviledge, work product, relevancy and materiality, admissibility, hearsay, or any other proper ground to the use of any disclosed information, for any purpose in whole or in part in this action, and (2) his right to object on any and all proper grounds, at any time, to any discovery request or motion relating to the subject matter of this disclosure. In addition, this disclosure does not identify or otherwise include information regarding expert witnesses, as Rule 26 does not require any such information at this time.

The following disclosures are made subject to the above objections and qualifications.

# I.

## LIST OF DOCUMENTS PROVIDED BY PLAINTIFF

Based on information reasonably available, the following categories of

2

document(s) are in the opinion of the Plaintiff, either falsified, fabricated and/or filed improperly, and not an action made by the true Party in Interest, and may be used by Plaintiff to prove the fraudulent and deceptive business activities of Defendant(s). All of the following document(s) have been included as exhibit(s) in Plaintiff's original complaint, if not, Plaintiff will provide upon request of the Court.

1) Deed of Trust Recorded 11 May 2007.

2) 23 May 2007: Letter from Fidelity Mortgage of New York, a Division of Delta Funding Corp., announcing that Ocwen Loan Servicing Company, LLC. would be handling the Servicing of the loan.

3) 15 Dec 2008: Notice of Breach and Default and of Election to Cause Sale of Real Estate Property Under Deed of Trust.

4) Substitution of Trustee, recorded, 02 Feb 2009.

5) Assignment of Deed of Trust, recorded, 02 Feb 2009.

6) Notice of Rescission of Notice of Default, recorded 17 Mar 2009.

7) Notice of Breach and Default and of Election to Cause Sell of Real Property Under Deed of Trust, recorded 30 Sep 2010.

8) Letter from Ocwen dated 01 Jun 2011.

9) Notice of Trustee Sale scheduled for 5 Jul 2011.

10) Copy of Promissory Note sent to Plaintiff by Ocwen, 14 Jul 2011.

11) Letter from Ocwen Mortgage Servicing Litigation, Settlement Administrator.

12) Notice of Trustee Sale, scheduled for 23 Jan 2012.

13) Trustee Deed Upon Sale, recorded 08 Feb 2012.

14) Letter from AltiSource offering cash for keys, as Agent for Lender,

3.

dated 13 Feb 2012.

14) Notice to Quit dated 23 Feb 2012.

15) Qualified Written Request letter sent by Plaintiff to all Defendant(s), dated 21 Feb 2012.

16) AltiSource letter dated 27 Feb 2012.

17) Document detailing United States of America vs. Delta Funding Corporation, in the United States District Court, for the Eastern District of New York.

18) Document detailing FTC, DOJ and HUD combating abusive lending practices, FTC Matter No.: 992 3290.

19) E-Mail to Jeffrey Allison stating position and desire to settle out of court.

20) Allonges (2) provided to Plaintiff by Jeffrey Allison of Houser and Allison, Attorney for Defendant(s)

21) Renaissance Mortgage Acceptance Corporation, Renaissance Home Equity Loan Trust 2007-3, Home Equity Loan Asset-Backed Certificates, Series 2007-3, Underwriting Agreement.

22) Document showing Delta Financial Corporation and it's operating subsidies, Delta Funding Corporation, Renaissance Mortgage Acceptance Corporation and Renaissance REIT Investment Corporation, and Delta Financial Corporation's retail subsidiary, Fidelity Mortgage Company filed Bankruptcy in Delaware 20 December 2007.

23) 01 Feb 2012, HSBC recorded Deed of Trust.

4

## II.

## LIST OF WITNESSES PROVIDED BY PLAINTIFF

Based on information currently available to Plaintiff, the following individuals are identified:

This person can testify regarding the "origination" of the loan.

    1. Nerissa Raber, Mortgage Analyst for Fidelity Mortgage
       2475 Village View Drive, Suite 200
       Henderson, NV 89074

This person is most likely to have personal information regarding the underwriting and process taken to securitize the Promissory Note.

    2. Gerianne Reilly, Ass Vice President, Portfolio Dept. for Fidelity Mortgage.
       Ocwen Loan Servicing, LLC
       P.O. Box 6440
       Carol Stream, IL 60197-6440

    3. Carol Hollman, authorized signatory, for all parties
       Cleveland, OH
       440-885-9179

    4. ALL Defendant(s) and their attorneys to establish and attest to personal knowledge of the supporting documents, assignments, conveyances, appointments, transfers, sales, elections, nominations, etc.

Plaintiff reserves the right to call as a witness any person identified by any other party in this action. Plaintiff further reserves the right to amend and or supplement this list of witnesses as discovery proceeds and additional document(s) are produced by parties and third parties.

## III.

## DOCUMENT(S)/INFORMATION REQUESTED BY PLAINTIFF FROM DEFENDANT(s)

1. Date loan securitized by Renaissance Home Equity, Loan Trust 2007-3, Home Equity Loan Asset-Backed Certificates, Series 2007-3.

2) Original, unaltered, "wet" ink Promissory Note, originated by Fidelity Mortgage of New York as Lender, complete with Assignment(s) and Indorsement(s).

3) Original specimens of Allonge(s) copied by Defendant(s) and sent to Plaintiff via computer disk.

4) Defendant(s) are to identify the Registered Holder(s) of the Renaissance Home Equity, Loan Trust 2007-3, Home Equity Loan Asset-Backed Certificates, Series 2007-3.

5) Affidavit or sworn statement in Court, when did Delta Financial Corporation and it's operating subsidies, Delta Funding Corporation, Renaissance Mortgage Acceptance Corporation and Renaissance REIT Investment Corporation, and Delta Financial Corporation's retail subsidiary, Fidelity Mortgage Company file Bankruptcy.

6) Affidavit or sworn statement in Court as to when the bankruptcy was Discharged for Delta Financial Corporation and it's operating subsidies, Delta Funding Corporation, Renaissance Mortgage Acceptance Corporation and Renaissance REIT Investment Corporation, and Delta Financial Corporation's retail subsidiary, Fidelity Mortgage Company.

7) Affidavit or sworn statement in Court as to when were Defendant(s) Delta Financial Corporation and it's operating subsidies, Delta Funding Corporation, Renaissance Mortgage Acceptance Corporation and Renaissance REIT Investment

6

Corporation, and Delta Financial Corporation's retail subsidiary, Fidelity Mortgage Company, removed from the NASDAQ.

8) Upon bankruptcy who was in receivership for Defendant(s) Delta Financial Corporation and it's operating subsidies, Delta Funding Corporation, Renaissance Mortgage Acceptance Corporation and Renaissance REIT Investment Corporation, and Delta Financial Corporation's retail subsidiary, Fidelity Mortgage Company.

9) Why did HSBC as Registered Holder(s) of the Renaissance Home Equity, Loan Trust 2007-3, Home Equity Loan Asset-Backed Certificates, Series 2007-3, attempt to perfect title by purchasing a toxic asset nearly three years in arrears, for three (3) times the market value, nearly two (2) months after Plaintiff's filing of Complaint.

10) Affidavit or sworn statement in Court by Defendant(s) and their Attorney(s) that they have personal knowledge of the verity of the document(s) and transaction(s) that they are submitting and exhibiting as evidence and cause for standing of being a Party of Interest.

11) What capacity and for whom was Carol Hollmann acting on behalf of when assigning the Promissory Note.

12) Why did Carol Hollmann's signature appear as a stamp and not as a "wet" Ink signature.

13) Affidavit or sworn statement in Court by Defendant(s) that Carol Hollmann did in fact place the stamp on the Allonge(s). Requires a party with knowledge of the assignment and/or Indorsement.

14) Affidavit or sworn statement in Court by Defendant(s) as to why is

7

the page number is the same on each Allonge.

15) Affidavit or sworn statement in Court by Defendant(s) with their personal knowledge as to why the Allonge(s) are not dated.

16) Affidavit or sworn statement in Court by Defendant(s) as to why did many of the Defendant(s) and unnamed Owner(s), Holder(s), Investor(s) share the same small suite # 200 at 1000 Woodbury Road, Woodbury, NY, 11797.

17) Affidavit or sworn statement in Court by Defendant(s) and their attorney(s) that the true Parties of Interest being represented by them in this action.

18) When was the last filing with the SEC made by Renaissance Home Equity, Loan Trust 2007-3, Home Equity Loan Asset-Backed Certificates, Series 2007-3.

19) Affidavit or sworn statement in Court by Defendant(s) that the true Parties of Interest are NOT Banc of America Securities, Deutsche Bank Securities Inc., JP Morgan Securities, Greenwich Capitol Markets, Inc., and Citigroup Global Markets, Inc.

20) Are Banc of America Securities, Deutsche Bank Securities Inc., JP Morgan Securities, Greenwich Capitol Markets, Inc., and Citigroup Global Markets, Inc., indicated on any Deed(s) of Trust or Promissory Note(s).

21) Affidavit or sworn statement in Court by Defendant(s) as to why did Defendant(s) not send paperwork or otherwise notify Plaintiff as to his rights to participate in Nevada State Mediation and summarily indicate on the form that Plaintiff's home did not qualify for mediation.

22) Affidavit or sworn statement in Court by Defendant(s) as to why Defendant(s) have done everything except show through documentation that they are or that they rightfully represent the true Party(s) of Interest.

## IV.

## INSURANCE AGREEMENTS

Not applicable

## V.

## DAMAGES

Legal Fees and Court Costs.

Compensatory Damages of $6,750,000.00 USD in single lump sum payment.

Quieted Title in name of Plaintiff.

All monies ever paid to Defendant(s) regarding mortgage payment, fees, etc.

All negative reporting of mortgage to all credit bureaus remove and mortgage marked as paid.

Indemnification of Plaintiff from any other action(s) by any other parties.

Dated: 21 May 2012   By: DENNIS E. SCARBERRY
                         PLAINTIFF IN PRO SE

## VERIFICATION

I, Dennis E. Scarberry, have read the following and know the contents thereof. The same is true, based on my personal knowledge, except for those matters which are therein upon information and belief, and as to those claims of fact, I believe to be true.

Dated: 21 May 2012

_____
Dennis E. Scarberry / Plaintiff in Pro Se

## CERTIFICATE OF MAILING

I hereby certify that on the 21st day of May, 2012, a true and correct copy of the foregoing Motion for Quiet Title and Proof of Standing and request for Order for Quiet Title and Proof of Standing was forwarded to all parties and counsel(s) as identified in the listing of Defendant(s) by depositing true copies thereof in the United States First Class Mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

McCarthy and Holthus, LLP
Counsel for LSI Title Agency
9510 W. Sahara, Suite 110
Las Vegas, NV 89117

Jeffrey S. Allison, Esq
Stephanie Cooper-Herdman
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
Western Progressive, LLC, and
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
5275 S. Durango Drive
Las Vegas, NV 89113

Donna M Osborn, Esq.
Attorney for Defendants
Wells Fargo Bank, NA, and
Mortgage Electronic Registration Systems, Inc.
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148

Victoria Adams, Esq.
Corporate Counsel for
Cal Western Reconveyance Corporation
525 East Main Street
El Cahon, CA 92020

Renaissance Mortgage Acceptance Corporation
1000 Woodbury Road, Suite 200
Woodbury, NY 11797
(Last known address)

Ocwen Loan Servicing Company, LLC
Attorneys for
Fidelity Mortgage of New York,
a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808

The Law Offices of Les Zieve,
by Grace M. Kim, Esq. (NV No. 9268), and
Benjamin D. Petiprin, Esq. (NV Bar No.11681)
Attorney(s) for:
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169


Dennis E. Scarberry
Plaintiff in Pro Se

*/s/ Dennis E. Scarberry*