1
2
3
4
5

Dennis E Scarberry
3005 Milton Place
North Las Vegas, NV 89032
702.648.8711 h / 702.53.5701 c
dennisscarberry@cox.net
Plaintiff in Proper Person

6
7
8

# United States District Court
## District of Nevada

9
10

Dennis E Scarberry

11

        Plaintiff(s) in Pro Se

  -Vs.-

12
13
14
15
16
17
18
19

Fidelity Mortgage of New York, a )
Division of Delta Funding Corp; )
Ocwen Loan Servicing Company; )
LLC.; Mortgage Electronic )
Registration Services (herein MERS);)
Western Progressive, LLC; HSBC )
Bank USA, NA; Cal-Western )
Reconveyance Corp; Wells Fargo )
Bank, NA; Renaissance Mortgage )
Acceptance Corporation; LSI Title )
Agency Inc, and Does 1-50 Inclusive;)

20
21

        Defendant(s)

CASE NO. A-11-653-041-C   2:12-CV-00128-KJD-CWH

DEPT NO. 4

**MOTION FOR ORDER TO STAY EVICTION in; NORTH LAS VEGAS JUSTICE COURT, CLARK COUNTY, NEVADA, CASE No.12CN00477;**

22
23
24
25
26
27

HEARING DATE:

HEARING TIME:

28

# MOTION FOR ORDER TO STAY EVICTION IN NORTH LAS VEGAS JUSTICE COURT, CLARK COUNTY, NEVADA CASE No. 12CN00477

1

This Motion for Order to Stay has been filed by Plaintiff for relief from Defendant(s) pursuing eviction in The JUSTICE COURT of North Las Vegas, Clark County, Nevada, as it relates to his RESIDENTIAL PROPERTY commonly known as 3005 Milton Place, North Las Vegas, NV 89032, until such time of a ruling by this Court of proper jurisdiction, based on facts, evidence and discovery in and on the matters of the litigation brought forth in this court.

The Justice Court of North Las Vegas, Clark County, Judge Stephen J. Dahl, said in court on 17 May 2012 that this had/has been previously continuing until such time that there is a determination by the United States District Court, District of Nevada, however since there have been no rulings by the United States Court, District of Nevada, he told Plaintiff to make a Motion for Order, staying the case in North Las Vegas Justice Court, Clark County, Nevada to the United States District Court, District of Nevada, if not he will rule in favor of eviction on 31 May 2012. Time is critical in issuing the Order.

He then went on to say that he has been informed that if litigation is pending in Nevada District Court, Clark County, Nevada, that the Justice Court is to dismiss at their level, however he went on to say that if it is in Federal Court, he must receive an order to stay from that court.

Therefore;

This Motion is being brought forth to seek relief from Defendant(s) attempts through other attorney(s) that are not a part of this litigation currently in United States District Court, District of Nevada, to seek a stay from eviction being brought by The Law Offices of Les Zieve, by Grace M. Kim, Esq. (NV No. 9268), and Benjamin D. Petiprin, Esq. (NV Bar No.11681), on behalf of HSBC Bank USA N.A.,                2

as Trustee for the Registered Holders of Renaissance Equity Loan Asset-Backed

Certificates, Series 2007-3, until such time as this Court rules on the "Parties in Interest"

and renders it's decision(s) on the points and findings of this litigation.

Plaintiff also prays that this Court of proper jurisdiction would see to consolidate

the action(s) of Defendant(s) and have only one (1) law firm represent Defendant(s) as

opposed to multiple litigations by a variety of agent(s) and/or attorney(s) acting as bill

collectors, in multiple jurisdictions. This has been unduly burdensome to Plaintiff and has

already divided Plaintiff's attention from the real matters at hand and contributed through

confusion, Plaintiff's absence at a very important 26(f) conference scheduling.

The basis for this request is supported by **LR 7-2.1 NOTICING THE COURT**

**ON RELATED CASES., in which Plaintiff argues that all points are relevant and**

**directly pertains to this action against Defendant(s).**

**LR 7-2.1 NOTICING THE COURT ON RELATED CASES.**

Counsel who has reason to believe that an action on file or about to be filed is related to
another action on file (whether active or terminated) shall file in each action and serve on
all parties in each action a notice of related cases. This notice shall set forth the title and
number of each possibly related action, together with a brief statement of their relationship
and the reasons why assignment to a single district judge and/or magistrate judge is
desirable.
An action may be considered to be related to another action when:

(a) Both actions involve the same parties and are based on the same or similar claim;
(b) Both actions involved the same property, transaction or event;
(c) Both actions involve similar questions of fact and the same question of law and their
assignment to the same district judge and/or magistrate judge is likely to effect a
substantial savings of judicial effort, either because the same result should follow
in both actions or otherwise; or,
(d) For any other reason, it would entail substantial duplication of labor if the actions were
heard by different district judges or magistrate judges. The assigned judges will make a
determination regarding the consolidation of the actions.

Plaintiff would be put in an irreversible situation by a decision to remove        3

him and his family from their Primary Family Residence through the eviction process, which further down the road, when Plaintiff prevails in this action, having been evicted and Defendant(s) have taken possession of Plaintiff's property, and possibly the property having been sold or auctioned, where then would Plaintiff be when a decision is rendered in his favor, and how would Defendant(s) reverse or reestablish the status quo, and get Plaintiff and his family back in their home?

The move to evict Plaintiff from his home by filing in a Court of limited jurisdiction is just another effort by Defendant(s) to bully the Plaintiff and to gain an advantage through a pre-litigation removal of Plaintiff from his home.

Plaintiff alleges that the Defendant(s) know they cannot PROVE their position of being a true Party in Interest, therefore they are attempting to place Plaintiff at additional disadvantage and damages by removing him from his property by utilizing other agent(s) and attorney(s), to illegally, under a veil of Standing that is fraudulent and divisive on the part of the Defendant(s) and their attempt to perpetrate fraud on this Court.

Since Plaintiff has brought this litigation forth, Defendant(s) have taken many steps to bully Plaintiff as well as purposely attempt to confuse, and evade the issues at hand, to include providing manufactured and fraudulent documents. Defendant(s) have also effected changes to the Chain of Title and Deed since the filing of this litigation, in an attempt to fraudulently provide themselves an authority to move against Plaintiff and his Primary Residence and to perpetrate fraud on the court.

This newest attack against Plaintiff by rendering him a Defendant in the filing for eviction in a lower court with limited jurisdiction. This is simply more evidence to the fact that they know they CANNOT support their claims of Standing through                    4

and by the presentation of the correct and legal documents.

With this motion, Plaintiff hopes to preserve what remains of the status quo that existed at the time of filing his original complaint before Defendant(s) "attempted" to perfect title, after the fact, by alleging to purchase a property with an approximate value of eighty-thousand ($80,000.00) for a price of almost two-hundred-forty-thousand ($240,000.00), almost three (3) months after the filing of Plaintiff's complaint against them. Plaintiff further alleges that this was a tactic by Defendant(s) to "clean" things up to avoid being responsible for their fraudulent and deceptive business activities and to Further perpetrate fraud on the Court. I am sure "shareholder(s)" would be interested in Defendant(s) "purchasing" of a property that is almost three (3) years in default, for three (3) times the market value. Why would Defendant(s) make such a transaction?

Plaintiff knows that Defendant(s) are aware, of the serious consequences, fines, and sanctions that would be faced by Defendant(s) if fraudulent or forged documents were to be presented in a Nevada Court of Law, in order to support their position(s). That is the reason that they were so eager to get out of that jurisdiction. Especially with the passage of AB 284 by the Nevada State Assembly and the requirements they would have because of that Assembly Bill.

Submitted by:

Dennis E Scarberry
3005 Milton Place
North Las Vegas, NV 89032
702.648.8711 h / 702.53.5701 c
jennisscarberry@cox.net
Plaintiff in Proper Person

Date: 18 May 2012                                                        5

## VERIFICATION

I, Dennis E. Scarberry have read the following and know the contents thereof. The same is true, based on my personal knowledge, except for those matters which are therein upon information and belief, and as to those claims of fact, I believe to be true.

Dated: 18 May 2012

_____
Dennis E. Scarberry, Plaintiff in Pro Se


## ORDER TO STAY EVICTION NORTH LAS VEGAS JUSTICE COURT CASE No. 12CN00477

On Plaintiff's Motion TO STAY EVICTION NORTH LAS VEGAS JUSTICE COURT CASE No. 12CN00477, having considered the Plaintiff's Motion, and good cause being found, The Court hereby orders:

**a STAY of EVICTION NORTH LAS VEGAS JUSTICE COURT CASE No. 12CN00477** will be ordered to preserve the status quo and the rights of Plaintiff until such a time that either a settlement or ruling is made by this Court of proper jurisdiction

Dated this _____ day of _____ 2012.


_____
Judge

_____
Deputy Clerk/Secretary

6

# CERTIFICATE OF MAILING

I hereby certify that on the 18th day of May, 2012, a true and correct

copy of the foregoing Motion TO STAY EVICTION in NORTH LAS VEGAS

JUSTICE COURT CASE No. 12CN00477, was forwarded to all parties and

counsel(s) as identified in the listing of Defendant(s) by depositing true copies

thereof in the United States First Class Mail at Las Vegas, Nevada, enclosed in

a sealed envelope, with postage paid, addressed as follows:

McCarthy and Holthus, LLP
Counsel for LSI Title Agency
9510 W. Sahara, Suite 110
Las Vegas, NV 89117

Jeffrey S. Allison, Esq
Stephanie Cooper-Herdman
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
Western Progressive, LLC, and
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
5275 S. Durango Drive
Las Vegas, NV 89113

Donna M Osborn, Esq.
Attorney for Defendants
Wells Fargo Bank, NA, and
Mortgage Electronic Registration Systems, Inc.
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148

Victoria Adams, Esq.
Corporate Counsel for
Cal Western Reconveyance Corporation
525 East Main Street
El Cahon, CA 92020

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Renaissance Mortgage Acceptance Corporation
1000 Woodbury Road, Suite 200
Woodbury, NY 11797
(Last known address)

Ocwen Loan Servicing Company, LLC
Attorneys for
Fidelity Mortgage of New York,
a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808

The Law Offices of Les Zieve,
by Grace M. Kim, Esq. (NV No. 9268), and
Benjamin D. Petiprin, Esq. (NV Bar No.11681)
Attorney(s) for:
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

Plaintiff has also filed this at the Clerk for the North Las Vegas, Clark

County, Justice Court.


Dennis E. Scarberry
Plaintiff in Pro Se

8