# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Dennis E Scarberry

        Plaintiff(s)

-Vs.-

| | |
|---|---|
| Fidelity Mortgage of New York, a Division of Delta Funding Corp; Ocwen Loan Servicing Company; LLC.; Mortgage Electronic Registration Services (herein MERS); Western Progressive, LLC; HSBC Bank USA, NA; Cal-Western Reconveyance Corp; Wells Fargo Bank, NA; Renaissance Mortgage Acceptance Corporation; LSI Title Agency Inc, and Does 1-50 Inclusive; | CASE NO.<br><br>2:12-cv-00128-KJD-CWH<br><br>**OPPOSITION TO FEE APPLICATION(S) AND REQUEST FOR STAY OF ORDER FOR PAYMENT UNTIL RULING ON MERITS OF LITIGATION**<br><br>(no exhibits attached) |

        Defendant(s)

## OPPOSITION TO FEE APPLICATION(S) AND REQUEST FOR STAY OF ORDER FOR PAYMENT UNTIL RULING ON MERITS OF LITIGATION

Plaintiff hereby requests that the Court stay the order for Fee Application until such time that there is a ruling in this litigation, as Plaintiff is indigent and can barely meet the expenses of maintaining a Spartan lifestyle for himself and his family.

This whole need for litigation in this matter is because of Defendant(s) illegal attempt(s) to remove Plaintiff from his home and primary residence without having the authority to do so, which is all a result of Defendant(s) placing Plaintiff in a situation that could/would damage him and not deliver what was originally bargained for when

1

Plaintiff originally did business, in good faith expectation(s) and reliance on/with Defendant(s), ethics, knowledge, and honesty in whole regarding what this "loan" transaction really was all about.

Plaintiff again apologizes to the court for missing the scheduled telephonic meeting. Plaintiff also knows that part of the reason was Plaintiff was being asked to litigate in two different courts and jurisdictions by Defendant(s) and did contribute to the confusion and oversight on the part of Plaintiff, by Defendant(s) actions of using another law firm to remove Plaintiff from his property in a separate action. This also demanded the Plaintiff's attention and used the valuable time of the Plaintiff to defend against the secondary action brought forth, instead of this current litigation and it's requirements in this Court, which did overwhelm him and definitely contributed to Plaintiff's absence from the telephonic conference pertaining to this/these Fee Application(s)

During this week Plaintiff also suffered health issues and was down for three (3) days during the week of the scheduled telephonic conference that the Plaintiff was absent from. Plaintiff suffers from a "calcified" pancreas. Plaintiff did not record the particular days that he was down with a pancreas attack, so he cannot say in verity that he was in fact sick on the day of the herein referenced telephonic conference, but it was in the same thereof.

In 2007 Plaintiff was diagnosed with masses in his pancreas. Plaintiff was told that this was not good and that there was no real treatment available. After nine (9) months Plaintiff's health insurance finally approved a visit to the UCLA Medical Center where he underwent more tests. It turns out that Plaintiff's pancreas had "calcified" itself, resulting in the saving of the Plaintiff's life. The pancreas basically "killed" itself to protect the whole.

2

Plaintiff does not warrant these as reasons or excuses because Plaintiff should have attended and by his own oversight did not.

Plaintiff asked that the stay be placed until such time that merits of this case be heard and if Defendant(s) prevail which after a preponderance of the facts in this case, Plaintiff wholly and truly believes they will not, any such remaining Fees and Sanctions should then be assessed and deducted from Plaintiff's award resulting from the unethical and predatory business practices of the Defendant(s) if the Court still deems them warranted.

Plaintiff will show in Court the many indiscretions and purposely played out attempts to defraud Plaintiff.

Also the stay is requested until such time that the Defendant(s) can prove that they are the true Party in Interest and that the document(s) evidenced in Court are deemed certifiable by the Court. This of course, Plaintiff believes will be non-forthcoming from Defendant(s) as well.

As suggested undertaking by the Court, Plaintiff has forwarded an Offer in Compromise and has given Defendant(s) thirty (30) days from the notice date of 22 May 2012 to accept or deny offer. The extended time period of thirty (30) days is to give the many Defendant(s) time to communicate the offer and sufficiently allow for their consideration of said offer between the many of them. Plaintiff has made a generous Offer in Compromise, which he hopes to wait the thirty (30) days before making the terms of that Offer in Compromise public by filing it in Court as evidence of the submission of the Offer in Compromise to the Defendant(s). Plaintiff does not know if this is exactly the correct thing to do but wants to respect the Defendant(s) privacy while they are

3

considering Plaintiff's Offer in Compromise.

When it is clear to the Court that the Defendant(s) has in the past, and must in the future provide "manufactured" document(s) to prove their position, it will be clear to the Court and ALL parties involved that this litigation should have never had to happen in the first place if Defendant(s) had done things properly in the first place, therefore any Fees or sanctions should become a nullity when the final disposition of the Court is reached.

Plaintiff refers to a sample of the documents that have been filed improperly and without any regard to Plaintiff and his rights, or to the requirements of the Great State of Nevada in doing business, legally in our State. The references below do not constitute or imply a complete list of evidence that will be supplied by Defendant in his pursuit of Justice, nor do they attempt to give light to every allegation Plaintiff has made against Defendant(s), each and every one of them.

> 1) 02 Feb 2009: HSBC Bank USA, N.A., as the Trustee for the Registered Holders of the Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 substitutes Quality Loan Services (Ocwen) as Trustee.
>
> 2) 04 Feb 2009: Assignment of Deed of Trust to HSBC Bank USA, N.A., as the Trustee for the Registered Holders of the Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, by and with the Trustee listed as Cal-Western Reconveyance Corporation as the Trustee, but being done so by the Nominee who is of course Mortgage Electronic Registration Systems, Inc., who has NO ability to Assign or act as Beneficiary. This was executed around 13 months after many of the companies being represented by the opposing counsel(s) filed bankruptcy, dissolved, and wrote off their debts, and were no longer able to perform any functions as an entity or person regarding the transfers and/or assignments of Plaintiff's property.

Please note, as referenced above, two (2) days before, Cal-Western had substituted themselves with Ocwen, so Ocwen was the Trustee when Cal Western Reconveyance made it's election(s) as Trustee to sell Plaintiff's property and to assign it to HSBC Bank

4

USA, N.A., as the Trustee for the Registered Holders of the Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3. This gets even more confusing to Plaintiff, as if, as they claim, HSBC Bank USA, N.A., as the Trustee for the Registered Holders of the Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 had standing as a true Party in Interest, why would they have to make the purchase or attempt to perfect title, if they were a Party in Interest as they had already claimed.

Plaintiff has much more, to include that the Election to Sell was Robo-Signed by Geraldine Sheppard, who has recently been indicted by the Attorney General of the State of Nevada for Robo-Signing, in hundreds, maybe thousands of instances, is the representative of LSI Title agency that gave life to this fraud being perpetrated on Plaintiff by HSBC Bank USA, N.A., as the Trustee for the Registered Holders of the Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3. Plaintiff believes that this creates another nullity.

Plaintiff believes that these and numerous other questionable activities by Defendant(s) more than pass the smell test. How many nullities does it take to beat the "Bankster(s)" and their "Fraudclosures?

When everything finally comes to light, it will be clear that Defendant(s) have broken nearly every rule in the book of conducting business in a forthright, ethical, and good faith manner, and that Plaintiff, as a layman, Plaintiff relied on and placed his trust in the Defendant(s), each and every one of them, while they were taking advantage of Plaintiff's good faith and trust while intentionally perpetrating fraud on him.

As it turns out by multiple and separate rulings in United States Appellate Courts of different Districts (as of 1 May 2012), it has now been determined that

5

Defendant(s), such as the ones here, are nothing but debt and bill collectors and have NO standing or a right to standing as a true Party of Interest in the affairs of Plaintiff. HSBC Bank USA, N.A., as the Trustee for the Registered Holders of the Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 qualifies as such, and in the Appeals Court, reversals and ruling alluded to by Plaintiff say in no uncertain terms that the debt collector and the Creditor cannot be the same, regarding the same interest or debt.

It is upon the final determinations being made by the Court that Plaintiff submits Defendant(s) have "wasted" much of Plaintiff's time and created him additional and unnecessary expenses as well as his feelings and/or endured conditions of, but not limited to; anguish, tension, anxiety, sleeplessness, helplessness, hopelessness, fear, impugnment, muted voice, denied personal rights, disgraced, shamed, insulted, lied to, mislead, disgraced, humiliated, intentionally deceived, fraud set upon, and bullied by Defendant(s). Plaintiff has and is, and continues to endure damages of his emotional and mental state(s). Plaintiff's family suffers as well. The ways that the Defendant(s) illegal and questionable activities have effected Plaintiff and his family are not limited to what is sampled here, but also any or all of those that may or may not currently exist or, could develop, or later be discovered and/or realized with the passing of time, as to how the abuse(s) Plaintiff and his family suffered at the hands of the Defendant(s) can and/or will manifest themselves in the future.

Submitted By:

_[signature]_
Dennis E. Scarberry
Plaintiff in Pro Se

Dated: 24 May 2012

6

## VERIFICATION

I, Dennis E. Scarberry have read the following and know the contents thereof. The same is true, based on my personal knowledge, except for those matters which are therein upon information and belief, and as to those claims of fact, I believe to be true.

Dated: 23 May 2012

_____
Dennis E. Scarberry / Plaintiff in ProSe

## CERTIFICATE OF MAILING

I hereby certify that on the 21st day of February, 2012, a true and correct copy of the foregoing Motion for Preliminary Injunction and Order for Preliminary Injunction was forwarded to all parties and counsel(s) as identified in the listing of Defendant(s) by depositing true copies thereof in the United States First Class Mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

McCarthy and Holthus, LLP
Counsel for LSI Title Agency
9510 W. Sahara, Suite 110
Las Vegas, NV 89117

Jeffrey S. Allison, Esq
Stephanie Cooper-Herdman
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
Western Progressive, LLC, and
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3

5275 S. Durango Drive
Las Vegas, NV 89113

Donna M Osborn, Esq.
Attorney for Defendants
Wells Fargo Bank, NA, and
Mortgage Electronic Registration Systems, Inc.
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148

Victoria Adams, Esq.
Corporate Counsel for
Cal Western Reconveyance Corporation
525 East Main Street
El Cahon, CA 92020

Ocwen Loan Servicing Company, LLC
Attorneys for
Fidelity Mortgage of New York,
a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808

The Law Offices of Les Zieve,
by Grace M. Kim, Esq. (NV No. 9268), and
Benjamin D. Petiprin, Esq. (NV Bar No.11681)
Attorney(s) for:
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169


Dennis E Scarberry
Plaintiff in Proper Person

*[signature]*                Dated: 24 May 2012