# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

2012 MAY 30  P 3: 13

Dennis E Scarberry

      Plaintiff(s)

-Vs.-

Fidelity Mortgage of New York, a )
Division of Delta Funding Corp; )
Ocwen Loan Servicing Company; )
LLC.; Mortgage Electronic )
Registration Services (herein MERS);)
Western Progressive, LLC; HSBC )
Bank USA, NA; Cal-Western )
Reconveyance Corp; Wells Fargo )
Bank, NA; Renaissance Mortgage )
Acceptance Corporation; LSI Title )
Agency Inc, and Does 1-50 Inclusive;)

      Defendant(s)

CASE NO.

2:12-cv-00128-KJD-CWH

PLAINTIFF'S ANSWER TO
TO DEFENDANT(S) RESPONSE
TO PLAINTIFF'S MOTION AND
FOR ORDER TO STAY
EVICTION;

(No Exhibit(s) herein attached)

---

**PLAINTIFF'S ANSWER TO DEFENDANT(S) OCWEN LOAN SERVICING, LLC; Western Progressive, LLC; and HSBC BANK USA, N.A., as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Cerificates, Series 2007-3**

*"If you tell a lie that's big enough, and you tell it often enough, people will believe you are telling the truth, even when what you are saying has no basis in truth or fact."*

Plaintiff herein makes his rebuttal against Defendant(s) and notes that their accusation(s) and point(s) of law are much vaguer than they accuse Plaintiff's of being.

Plaintiff has addressed many of the issues at hand, in greater detail, in the rebuttal to Counsel for Wells Fargo Bank, N.A., and MERS as they responded in a more detailed manner. that unlike there it is much more general and assumptive. Plaintiff is thereby more than reasonably sure that the information, evidence, and the exploring of technicalities is

1

way past being substantial against the Defendant(s). One could say that evidence against Defendant(s) is mountainous.

Plaintiff has sent copies of that rebuttal to all named Defendant(s) and their counsel(s) upon the filing of that document(s) on May 29, 2012 at 11:54 AM, United States District Court, so Plaintiff will not rehash but only reference.

Plaintiff will address the few things here that are brought up by these Defendant(s).

Right away, first thing the Defendant(s) herein above named have joined together with Wells Fargo and MERS. Here again, the Defendant(s) in this case are supporting and arguing to this Court regarding an action in another Court. Plaintiff feels they did not even have to respond to, and act as an advocate for, and by doing so, especially of their own volition, implies an interest in the decision of another Court that they say has no jurisdiction, effect, or connection, to this action. Plaintiff knows differently.

Therefore Plaintiff believes that Defendant(s) have in fact volunteered Joinder of all parties by the arguing of Defendant(s) in this case regarding another, while maintaining the basis and claim that there are/is no relation(s) and that each is a separate and different action. Plaintiff again refers Counsel(s) to the herein above referenced filing..

Furthermore, the Ownership of the home vs. possession is an arguable issue, however that argument will NOT prevail here in this action against you and your cohorts. Of course the two (2) are of separate nature, however, when the action of one Court would place so many prejudices and disadvantages on the Plaintiff and his action in this Court that could cause additional suffering, and damages to Plaintiff.

The reason the Defendant(s) counsel sounded in on the issue that they insist is no business of theirs and is a totally separate action, the business of another Court,    2

while representing the same Defendant(s), is that they know the extreme disadvantage they would create for Plaintiff in the prosecution of this action. Possession is nine-tenths of the law and the fact that if Defendant(s) were able to move Plaintiff from his home would be highly detrimental to the issues at hand in this litigation. Removing Plaintiff from his family home would forever create an un-restorable position for Plaintiff when he prevails in this action. It could/would also appear to prejudice Plaintiff in the eyes of a court or a jury, by Defendant(s) being able to stand on points while indicating a Court of another jurisdiction ruled in their favor of Eviction of Plaintiff.

Plaintiff also argues that Defendant(s), and each and every one of them by virtue of their existing Joinder and that they are in this case rendering argument(s) to a Court that they say shouldn't even hear them, regarding a case that according to them, is none of their or the Court's Business, according to them. Plaintiff asserts that by this/these action(s), Defendant(s) have also caused Joinder with The Law Offices of Les Zieve, by Grace M. Kim, Esq. (NV No. 9268), and Benjamin D. Petiprin, Esq. (NV Bar No.11681), Attorney(s) for: HSBC Bank USA, NA, as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3, 3753 Howard Hughes Parkway, Suite 200, Las Vegas, NV 89169.

They are counsel(s) for the same client, *HSBC Bank USA, NA, as Trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3*, and they are all working in concert with the other Defendant(s),

Plaintiff also points out to the Court that the Defendant(s) are named here exactly, as they are there. Same client, different actions, one property interest. One Court has a limited jurisdiction and a limitation on the amounts it can award which is greatly  3

exceeded by Plaintiff's requested damages. They claim to be of separate interest but brought forth by the same Defendant(s), regarding the same exact property and interest. Defendant(s) that are simply attempting an illegal pre-litigation removal from, and seizure of, Plaintiff's property.

Plaintiff has more than made a case for non rightful claim(s) and authorities by Defendant(s) and has provided the evidence and happenstance to give his case extreme merit, therefore Plaintiff asks the Court if Plaintiff has sufficiently shown that none of these parties are not Party(s) in Interest, then the same application of right(s) would have to apply to the wrongful attempt at eviction.

If they **DON'T have STANDING**, then they, **DON'T have STANDING.**

Defendant(s) that were served the Complaint way before they began to move for an eviction of Plaintiff. There has been considerable altering of the status quo that existed when Plaintiff filed his Complaint by Defendant(s), which Plaintiff alleges the further demonstration(s) of their arrogance and lack of respect for Plaintiff or this Court.

In order to preserve the integrity of Plaintiff's litigation, Plaintiff made Motion to this Court at the request of Judge Stephen J. Dahl, of the North Las Vegas Justice Court, who asked Plaintiff to seek the Stay from the U.S. Court. This was all covered in the Motion to Stay the Eviction. I simply did what the Judge of that Court requested.

Now is the question, was Judge Dahl wrong in asking Plaintiff to seek a Stay in U.S. Court, did he not know the law? I would think that Counsel for the Defendant(s) is in tricky territory if it comes to lecturing a Judge on the Law, in Court. I wouldn't want to be that person.

Is it possible that Counsel was wrong and that it is possible. Plaintiff had      4

previously submitted the cite **LR 7-2.1 NOTICING THE COURT ON RELATED CASES.**

Apparently, counsel again has not read Plaintiff's submissions as in their rebuttal of Plaintiff's request for Stay Defendant(s) Counsel neglects or forgets to address the law that Plaintiff cited, **LR 7-2.1 NOTICING THE COURT ON RELATED CASES., in which Plaintiff argues that all points are relevant and directly pertains to this action against Defendant(s).**

Plaintiff qualifies on all bullets below, a thru d, and since NONE of the opposing Counsel(s) have addressed or argued against Plaintiff's citing of **LR 7-2.1,** or attempted to render it invalid in any, must mean it sticks.

Plaintiff's argument should prevail as there was no resistance or discussion by any Defendant(s) in regard to LR **7-2.1,** or that it did not otherwise apply.

Defendant(s) collective motives, regarding the severe disadvantage, great burdens, prejudice, and extended additional damages that it would cause to Plaintiff if forced from his home through pre-litigation Eviction activities, that this Court should, either order the stay as "requested" by Judge Dahl for Plaintiff to seek, or bring all in Joinder and consolidate representation. This should be automatic as Defendant(s) here, have plead for the Plaintiff in that action..

Please note, Defendant(s) have not responded to or acknowledged Plaintiff's Offer in Compromise.

Plaintiff hereby respectfully requests this Motion an Order of STAY of this EVICTION, and JOINDER of all parties as per Plaintiff's argument(s) and cites contained herein.

Submitted by:
Dennis E. Scarberry / Plaintiff in ProSe

_____
30 29 May 2012

## VERIFICATION

I, Dennis E. Scarberry have read the following and know the contents thereof. The same is true, based on my personal knowledge, except for those matters which are therein upon information and belief, and as to those claims of fact, I believe to be true.

Dated: 29 May 2012
       30
_____
Dennis E. Scarberry / Plaintiff in ProSe

## CERTIFICATE OF MAILING

I hereby certify that on the 30th day of May, 2012, a true and correct copy of the foregoing Motion for **PLAINTIFF'S ANSWER TO DEFENDANT(S) RESPONSE TO PLAINTIFF'S MOTION AND ORDER TO STAY EVICTION** was forwarded to all parties and counsel(s) as identified in the listing of Defendant(s) by depositing true copies thereof in the United States First Class Mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

McCarthy and Holthus, LLP
Counsel for LSI Title Agency
9510 W. Sahara, Suite 110
Las Vegas, NV 89117

6

Jeffrey S. Allison, Esq
Stephanie Cooper-Herdman
Attorneys for Defendants
Ocwen Loan Servicing, LLC,
Western Progressive, LLC, and
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
5275 S. Durango Drive
Las Vegas, NV 89113

Donna M Osborn, Esq.
Attorney for Defendants
Wells Fargo Bank, NA, and
Mortgage Electronic Registration Systems, Inc.
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148

Victoria Adams, Esq.
Corporate Counsel for
Cal Western Reconveyance Corporation
525 East Main Street
El Cahon, CA 92020

Ocwen Loan Servicing Company, LLC
Attorneys for
Fidelity Mortgage of New York,
a Division of Delta Funding
2711 Centerville Road, Suite 110
Wilmington, DE 19808

The Law Offices of Les Zieve,
by Grace M. Kim, Esq. (NV No. 9268), and
Benjamin D. Petiprin, Esq. (NV Bar No.11681)
Attorney(s) for:
HSBC Bank USA, NA, as Trustee
for the registered holders of
Renaissance Equity Loan Asset-Backed
Certificates, Series 2007-3
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169

Dennis E Scarberry
Plaintiff in ProSe

*[signature]*                    Dated: 30 May 2012