UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DENNIS SCARBERRY,

    Plaintiff,

v.

FIDELITY MORTGAGE OF NEW YORK, *et al*.,

    Defendants.

Case No. 2:12-CV-00128-KJD-CWH

**ORDER**

    Plaintiff's complaint was filed in Nevada state court on December 13, 2011 and removed to the present court on January 24, 2012. Federal Rule of Civil Procedure 4(m) requires service of summons and complaint to be made upon a defendant 120 days after the filing of the complaint. The 120 day time period for effecting service of the summons and complaint upon Defendants expired no later than April 13, 2012. On June 7, 2012, the Clerk of the Court notified (#54) Plaintiff that proof of service on Defendants Fidelity Mortgage of New York, Cal-Western Reconveyance Corp., and Renaissance Mortgage Acceptance Corporation had not yet been filed. The Clerk ordered Plaintiff to file proof of service no later than July 7, 2012 and that failure to do so would result in the complaint against the unserved defendants being dismissed without prejudice in accordance with Rule 4.

Plaintiff responded (#56) with proof of service on Cal-Western Reconveyance Corporation. The same response demonstrates that neither Defendants Fidelity Mortgage of New York nor Renaissance Mortgage Acceptance Corporation have been served with the summons and complaint. Therefore, the Court dismisses Plaintiff's complaint without prejudice against Defendants Fidelity Mortgage of New York and Renaissance Mortgage Acceptance Corporation for failure to serve Defendants in compliance with Rule 4(m).

On June 29, 2012, the Court entered an Order (#60) granting all other served Defendants' motions to dismiss. Plaintiff only mentions Defendant Cal-Western in three places in his sixty-one (61) page complaint. On pages 24, 45 and 46, Plaintiff alleges, incorrectly, that Cal-Western, acting as the original trustee under the Deed of Trust, assigned the Deed of Trust on February 4, 2009 to HSBC Bank USA, two days after Quality Loan Service Corporation had replaced Cal-Western as trustee. However, the duly recorded documents, of which the Court takes judicial notice, demonstrate that Plaintiff's allegations are factually wrong. Cal-Western did not assign the Deed of Trust on February 4, 2009.[1] The assignment was executed by MERS acting as nominee for the original lender and beneficiary. Plaintiff's complaint fails to state a claim against Cal-Western. Therefore, the Court dismisses the claims against Cal-Western.

Accordingly, IT IS HEREBY ORDERED that Defendants Fidelity Mortgage of New York and Renaissance Mortgage Acceptance Corporation are **DISMISSED without prejudice**;

IT IS FURTHER ORDERED that the claims against Cal-Western are **DISMISSED with prejudice**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant Cal-Western Reconveyance Corporation and against Plaintiff;

///

---

[1] The February 4, 2009, Assignment of Deed of Trust ("Assignment") only mentions Cal-Western as the original trustee under the terms of the Deed of Trust, not as the active trustee. The Assignment is clearly and unequivocally executed by MERS acting as nominee for Fidelity Mortgage of NY.

1    IT IS FURTHER ORDERED that the Clerk of the Court close this case.

2    DATED this 29th day of June 2012.

_____
Kent J. Dawson
United States District Judge