Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171
Christopher M. Hunter, Esq., Nevada SBN 8127
McCarthy & Holthus, LLP
9510 W. Sahara, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
KHintz@mccarthyholthus.com
Attorney for Defendant, LSI Title Agency, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS E. SCARBERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FIDELITY MORTGAGE OF NEW YORK, etc., et al,<br><br>　　　　　Defendants. | CASE NO. 2:12-cv-00128-KJD-CWH<br><br>**NOTICE OF ENTRY OF ORDER AND JUDGMENT** |

YOU AND ALL OF YOU PLEASE TAKE NOTICE that the following Order and Judgment was entered on June 29, 2012 for the above captioned matter.

A true and correct copies of said Order and Judgment are attached hereto.

Dated: __July 11, 2012._____

　　　　　　　　　　　　　　　　　McCarthy & Holthus, LLP

　　　　　　　　　　　　　By:　*/s/Christopher M. Hunter*
　　　　　　　　　　　　　　　　Christopher M. Hunter, Esq.
　　　　　　　　　　　　　　　　Attorneys for Defendant

1

# CERTIFICATE OF MAILING

I hereby certify that on the 11th day of June, 2012, a true and correct copy of the foregoing Order and Judgment was forwarded to all parties and counsel as identified on the Court generated Notice of Electronic Filing and by depositing true copies thereof in the United States first class mail at Las Vegas, Nevada, enclosed in a sealed envelope, with postage paid, addressed as follows:

> Dennis E. Scarberry
> 3005 Milton Place
> North Las Vegas, Nevada 89032

*/s/Joni Rispalje*
An employee of McCarthy & Holthus, LLP

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS SCARBERRY,

    Plaintiff,

v.

FIDELITY MORTGAGE OF NEW YORK, *et al.*,

    Defendants.

Case No. 2:12-CV-00128-KJD-CWH

**ORDER**

    Presently before the Court is Defendants Mortgage Electronic Registration Systems, and Wells Fargo Bank, NA.'s Motion to Dismiss (#8). LSI Title Agency Inc. filed Joinder in support of the Motion to Dismiss (#11). HSBC Bank USA, N.A., OCWEN Loan Servicing Company, LLC, and Western Progressive, LLC filed Joinder to the Motion to Dismiss (#14). Plaintiff filed responses in opposition (##25 & 26) and also filed Motions for: Temporary Restraining Order (#19); Preliminary Injunction (#20); Sworn Affidavit and Proof of Standing (#25); Quiet Title and a Finding of Fraud (#26); Order to Stay Eviction in North Las Vegas Justice Court (#48); and Request to Enjoin Justice Court Case (#59).

I.  Background

On or about April 30, 2007, Plaintiff executed a Note and Deed of Trust securing the purchase of property located at 3005 Milton Place, North Las Vegas, Nevada 89030 (the "Property"). The Deed of Trust named Fidelity Mortgage of NY as the Lender ("Fidelity"), Plaintiff as Borrower, Mortgage Electronic Registration Systems ("MERS") as Nominee for Fidelity, and Cal-Western Reconveyance Corporation as the Trustee.  Plaintiff promised to repay the Note in the sum of $207,500.00 to Lender.

On January 21, 2009, MERS, acting as nominee for Fidelity, executed an Assignment of Deed of Trust transferring all interest in Plaintiff's Deed of Trust and Note to HSBC Bank USA, N.A. ("HSBC").  That assignment was recorded on February 4, 2009.  On January 22, 2009, HSBC, acting as Trustee for Renaissance Equity Loan-Asset-Backed Certificate Series 2007-3, executed a Substitution of Trustee naming Quality Loan Service Corporation ("Quality") as Trustee under the Plaintiff's Deed of Trust.  That substitution was recorded on February 2, 2009.

On September 29, 2010, a "Notice of Breach and Default and of Election to Cause Sell [sic] of Real Property under Deed of Trust" was executed by Quality as Trustee.  The Notice of Default was recorded on September 30, 2010 showing that Plaintiff had been in default since June 1, 2010. Plaintiff does not dispute the breach and default.  On April 11, 2011, a Substitution of Trustee was executed by HSBC substituting Western Progressive, LLC as Trustee under Plaintiff's Deed of Trust. That substitution was recorded on April 22, 2011.  On May 4, 2011, a Certificate from the State of Nevada Foreclosure Mediation Program was recorded in the Washoe County Recorder's Office.  On June 13, 2011, a Notice of Trustee's Sale was executed by Western Progressive, LLC and recorded on June 15, 2011, setting a sale date of July 15, 2011.  The amount due and owing on the Deed of Trust was $232,847.00.  On December 27, 2011, a second Notice of Trustee's Sale was executed by Western Progressive, LLC and  recorded on December 29, 2011.  On February 1, 2012,  HSBC purchased the Plaintiff's Property at public auction for $239,131.00.  The Trustee's Deed upon Sale was recorded in the Clark County Recorder's Office on February 8, 2012.

1  Plaintiff filed the present action in state court on December 13, 2011. Defendants removed
2  the action on January 24, 2012. Plaintiff asserts claims against Defendants for (1) Compensatory
3  Relief; (2) Good Faith and Fair Dealings; (3) Standing to Proceed; (4) Quiet Title; and (5) Predatory
4  Lending. Defendants have now moved to dismiss all of Plaintiffs' claims.

5  II. Standard for a Motion to Dismiss

6  Pursuant to Federal Rule of Procedure Rule 12(b)(6), a complaint is subject to dismissal
7  when the plaintiff's allegations fail to state a claim upon which relief can be granted. A properly pled
8  complaint must provide "a short and plain statement of the claim showing that the pleader is entitled
9  to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While
10 Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions"
11 or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937,
12 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In considering a motion to
13 dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most
14 favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc.,
15 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption
16 against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d
17 246, 249 (9th Cir. 1997) (citation omitted).

18 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
19 as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing
20 Twombly, 550 U.S. at 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the
21 plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant
22 is liable for the misconduct alleged." Id.

23 The plausibility standard is "more than a sheer possibility that a defendant has acted
24 unlawfully," yet less than a "probability requirement." Id. The Iqbal evaluation illustrates a two-
25 prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the
26 assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely

3

conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Legal Standard for a *Pro Se* Litigant

Plaintiff is representing himself *pro se*. *Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. Id. However, a *pro se* plaintiff is not entirely immune from the rules of civil procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

IV. Analysis

A. Compensatory Relief

Compensatory relief is not a separate cause of action or independent grounds for relief. However, construing his *pro-se* pleading liberally, the substance of much of Plaintiff's Complaint alleges that his home is being wrongfully foreclosed because Defendants do not have authority to act. Plaintiff alleges that foreclosure is improper because Defendants have failed to possess and produce the note, and because it is not endorsed by the originator of the loan. This claim, however, is not based on a cognizable legal theory.

Case law within this district holds that N.R.S. § 107.080 "does not require a lender to produce the original note or prove its status as a real party in interest, [a] holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings." Kwok v. Recontrust Company, N.A., 2010 WL 4810704, at *4 (D. Nev. 2010). In Nevada, the power of sale is conferred upon the trustee to be exercised after a breach of the obligation. N.R.S. § 107.080. Moreover, the Nevada Supreme Court recently held that a valid assignment of the deed of trust and promissory note, and the corresponding

1   right to enforce it, does not require an endorsement. See Miller v. Aurora Loan Serv's., LLC, No.
2   58532, 2012 WL 1115363, at *2 (Nev. Mar. 30, 2012).
3       After examining each document of which the Court has taken judicial notice, the Court finds
4   that there was a valid assignment of the note and deed of trust from the original lender, Fidelity, to
5   the foreclosing beneficiary, HSBC. Western Progressive, LLC was properly substituted as trustee by
6   HSBC on April 22, 2011, and was acting within its authority to proceed with the nonjudicial
7   foreclosure based on Plaintiff's breach. Accordingly, Plaintiff's wrongful foreclosure claim is
8   dismissed.
9       Plaintiff also asserts throughout his claim that the Defendants have committed fraud and
10  conspiracy, but he fails to provide facts in support of his legal conclusions and broad generalizations.
11  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting
12  fraud or mistake." Fed. R. Civ. P. (9)(b). The complaint must "identif[y] the circumstances of the
13  alleged fraud so that defendants can prepare an adequate answer." Cooper v. Pickett, 137 F.3d 616,
14  627 (9th Cir. 1997). The complaint must also provide sufficient facts to give defendants notice of
15  the particular conduct alleged to constitute fraud, "specify[ing] such facts as the times, dates, places,
16  benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d
17  666, 671-672 (9th Cir. 1993). Finally, "an underlying cause of action for fraud is a necessary
18  predicate to a cause of action for conspiracy to defraud." Goodwin v. Executive Trustee Serv's,
19  LLC, 680 F. Supp 2d 1244 at 1254 (D. Nev. 2010).
20      Plaintiff states that various business arrangements between the Defendants provided them
21  with the opportunity to engage in fraud and conspiracy. However, by alleging nothing more than the
22  mere opportunity for unlawful activity by the Defendants, Plaintiff has failed to state a claim for
23  which relief can be granted. In addition, Plaintiff asserts that signatures were forged or done without
24  proper authorization, and that extra staple-hole marks in photocopies of allonges are somehow proof
25  of this forgery. This Court is unable to reasonably infer from those allegations that the signatures
26  were forged, or that any of the people who signed the documents were not authorized to do so.

1   Significantly, all of the allegations in Plaintiff's sixty-one page complaint of fraudulent signatures
2   pre-date the foreclosure action and transfer of interests in the Note and Deed of Trust at issue here.
3   Plaintiff's complaint fails to sufficiently identify the circumstances or the particular conduct of the
4   alleged fraud so as to give Defendants proper notice. Without more, Plaintiff has failed to state the
5   circumstances of fraud with sufficient particularity and the fraud claims are not plausible on their
6   face. Likewise, Plaintiff's conspiracy claims are not plausible on their face because the requisite
7   underlying cause of action for fraud fails. Furthermore, the Plaintiff has failed to provide meaningful
8   points and authorities in opposition to Defendants' Motion to dismiss the fraud and conspiracy claim.
9   See LR 7-2(d). Accordingly, the motion to dismiss these claims is granted.
10      In addition, throughout his complaint, Plaintiff has alleged claims for violations of the Fair
11  Debt Collection Practices Act, the Truth in Lending Act, the Real Estate Settlement Practices Act,
12  the Securities Act of 1933, and U.S.C. Title 18 §§ 472-474. To the extent that he cites those as other
13  legal causes of action, he has offered nothing more than bare assertions and legal conclusions to
14  support them in his sixty-one page complaint. Plaintiff has thus not provided a short and plain
15  statement of his claims, and he has failed to provide sufficient factual matter to state a claim to relief
16  that is plausible on its face. Accordingly, the motion to dismiss these claims is granted.
17      B. Breach of Good Faith and Fair Dealings
18      Plaintiff's complaint for breach of good faith and fair dealings asserts that Defendants'
19  breached this covenant by (1) "refusing to negotiate with Plaintiff in good faith after Plaintiff had
20  requested assistance with the repaying of his loans" and (2) "by never responding to Plaintiff's
21  request to provide more information regarding the Trustee's intentions with regard to their rights to
22  foreclose and/or to sell."
23      First, after examining each document of which the Court has taken judicial notice, the Court
24  can find no obligation upon the part of any of the Defendants to negotiate with the Plaintiff in any
25  way. The clear language of the Deed of Trust shows that there is no requirement for the Lender to
26  agree to a short sale, loan modification, or negotiate with the borrower in any way if he defaults on

1  the mortgage obligation. Also, Plaintiff does not provide any meaningful points and authorities in
2  support of his belief that he has the right to negotiate. In Nevada, "a financial institution does not
3  owe a duty of care to a borrower when the lender's involvement in the loan transaction does not
4  exceed the scope of its conventional role as a lender of money." Velasquez v. HSBC Mortg.
5  Services, 2009 WL 2338852, at *5 (D. Nev. July 24, 2009). "The lender is under no duty to ensure
6  the success of the borrower's investment." Id. Plaintiff here has not alleged that Defendants' role in
7  the transaction exceeded the scope of a conventional lender of money. As a conventional lender of
8  money, Defendants were not obligated to ensure Plaintiff's success by negotiating a loan
9  modification or short sale when such a duty was not mentioned in the Deed of Trust.
10       Second, the Notice of Default filed on September 30, 2010, stated the intentions of the
11 Trustee with regards to foreclosure and the sale of Plaintiff's Property. It also provided the Trustee's
12 contact information for the Plaintiff to use to receive any additional information concerning the
13 Trustee's sale, curing, and possible alternative options. Plaintiff has not provided any evidence of
14 his alleged request for more information and never asserts that he contacted the entity listed on the
15 Notice of Default. Because Plaintiff's allegations of breach are bare assertions and do not plausibly
16 suggest an entitlement to relief, Defendants' motion to dismiss this claim is granted.
17       C. Standing to Proceed
18       Plaintiff contends that Defendants must produce the original promissory note under AB 284
19 in order to prove "standing" to foreclose. This argument fails for two reasons. First, Plaintiff's
20 notice of default was recorded on September 30, 2010, but AB 284 became effective on October 1,
21 2011 and is not retroactive. See Sukuta v. DHI Mortg. Co., Ltd., 2012 WL 1684561, at *2 (D. Nev.
22 May 11, 2012) (noting that AB 284 applies only to notices of default filed on or after October 1,
23 2011). Second, the requirement to produce the original note and deed of trust is applicable only to
24 discharge under N.R.S. § 107.077, and foreclosure mediation under N.R.S. § 107.086.
25       N.R.S. § 107.077 does not apply because Plaintiff does not contend that the debt secured by
26 the deed of trust has been paid or otherwise satisfied or discharged. N.R.S. § 107.086 does not apply

7

1  because this is not a proceeding in the Nevada Foreclosure Mediation Program. See Thomas v. BAC
2  Home Loans Servicing, LP, 2011 WL 6743044, at *4 (Nev. Dec. 20, 2011) (stating that the language
3  of N.R.S. § 107.086 is plain and unambiguous and by its very terms, the requirements and
4  procedures set forth within its provisions apply only to proceedings in the Nevada Foreclosure
5  Mediation Program). Accordingly, the motion to dismiss this claim is granted.

   D. Quiet Title

7  Plaintiff seeks to quiet title to the Property in his name. Under Nevada law, a quiet title
8  action may be brought by someone who claims an adverse interest in property. N.R.S. §40.010. In a
9  quiet title action, "the burden of proof rests with the plaintiff to prove good title in himself."
10 Velazquez v. Mortgage Electronic Registration Systems, Inc., slip op., 2011 WL 1599595, at *2 (D.
11 Nev. Apr.27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996)).
12 Specifically, when an adverse claim exists, the party seeking to have another party's right to property
13 extinguished, must overcome the "presumption in favor of the record titleholder." Breliant, 918 P.2d
14 314, 318 (Nev. 1996) (citing Biasa v. Leavitt, 692 P.2d 1301, 1304 (Nev. 1985)). Additionally, an
15 action to quiet title requires a plaintiff to allege that he has paid any debt owed on the property. See
16 Ferguson v. Avelo Mortgage, LLC., No. B223447, 2011 WL 2139143, at *2 (Cal. App.2d June 1,
17 2011). Courts of this District have held that an action for quiet title "should be dismissed where
18 plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing,
19 2011 WL 2149105, at *3 (D. Nev. May 31, 2011) (internal quotation marks omitted).

20 Plaintiff claims an adverse interest in the Property but has not alleged an absence of default,
21 and has failed to show that he has paid any debt owed on the Property. Plaintiff has not plead
22 specific facts showing that title could be quieted in his name or that he could meet his burden of
23 proving good title in himself. Accordingly, the claim for quiet title is not based on a cognizable legal
24 theory and the motion to dismiss is granted.
25 ///
26 ///

E. Predatory Lending

The substance of Plaintiff's predatory lending claim is that Defendants deprived Plaintiff of his right to foreclosure mediation. N.R.S. § 107.086(2) requires that before exercising a power of sale as part of a nonjudicial foreclosure, a trustee must include a mediation election form with the notice of default that is sent to the grantor. N.R.S. § 107.086(3) requires that the grantor of a deed of trust "shall, not later than 30 days after service of the notice [of default,]" complete the mediation form "and return [it] to the trustee by certified mail, return receipt requested."

Plaintiff does not dispute that he was properly served the notice of default, he does not claim that he complied with the requirements of N.R.S. § 107.086(3), and he has not alleged a certified mailing to the Trustee. In addition, the recorded certificate from the State of Nevada Foreclosure Mediation Program shows that more than six-months transpired between the time Plaintiff was served the notice of default, and when it was determined that mediation was not applicable to his Property. Plaintiff's assertion here that he was "summarily and without notice" "blocked from participation" in the mediation program is meritless and not entitled to the assumption of truth. The motion to dismiss this claim is granted.

V. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (#8/11/14) are **GRANTED;**

**IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens (#9) is **GRANTED;**

**IT IS FURTHER ORDERED** that Motions (#19/20/25/26/45/48/59) are **DENIED as moot;**

///
///
///
///
///

9

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants Mortgage Electronic Registration Systems, Wells Fargo bank, NA., LSI Title Agency Inc., HSBC Bank USA, N.A., OCWEN Loan Servicing Company, LLC, and Western Progressive, LLC and against Plaintiff.

DATED this 28th day of June 2012.

_____
Kent J. Dawson
United States District Judge

AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF     Nevada

Dennis Scarberry

            Plaintiff,

V.

Ocwen Loan Servicing Company, LLC, et al

            Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:12-cv-00128-KJD -CWH

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☐ **Notice of Acceptance with Offer of Judgment.** A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

judgment is hereby entered for Defendants Mortgage Electronic Registration Systems; Wells Fargo Bank, NA.; LSI Title Agency Inc.; HSBC Bank USA, N.A.; OCWEN Loan Servicing Company, LLC; and Western Progressive, LLC and against Plaintiff Dennis Scarberry.

| | |
|---|---|
| June 29, 2012 | /s/ Lance S. Wilson |
| Date | Clerk |
| | /s/ Molly Morrison |
| | (By) Deputy Clerk |