# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS SCARBERRY,

    Plaintiff,

v.

FIDELITY MORTGAGE OF NEW YORK, *et al.*,

    Defendants.

Case No. 2:12-CV-00128-KJD-CWH

**ORDER**

    Presently before the Court is Plaintiff's Motion for Relief from Judgment (#67). Defendants filed a response in opposition (#69) to which Plaintiff replied (#71).

**I. Facts**

    In January 2012, Defendants filed a Motion to Dismiss (#8). In its Orders (#60/62), the Court granted Defendants' motion to dismiss. The Court noted that Plaintiff's claim for compensatory relief was not based on a cognizable legal theory. Also, the Court found that HSBC "was acting within its authority to proceed with the nonjudicial foreclosure based on Plaintiff's breach." (Order #60, 5:6-7). Therefore, Plaintiff's wrongful foreclosure claim was dismissed. The Court further noted that Plaintiff's claim for quiet title was not based on a cognizable legal theory. In addition, the Court noted that Plaintiff's claim for breach of good faith and fair dealing was based on bare assertions and

did not plausibly suggest an entitlement to relief.  Furthermore, the Court noted that Plaintiff's claims that Defendants lacked standing and for predatory lending were meritless.  The Clerk of Court issued judgments against Plaintiff (#61/63).

**II. Legal Standard**

Plaintiff has moved for relief from judgment under Fed. R. Civ. P. 60(b)(3,4,5,6).  A motion for reconsideration may be brought under Rule 60(b) if the moving party can show: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment.  Backland v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).  Relief under exception six requires a finding of "extraordinary circumstances."  Id. citing McConnell v. MEBA Medical & Benefits Plan, 759 F.2d 1401, 1407 (9th Cir. 1985).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled."  Brown v. Kinross Gold, U.S.A., 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); see Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995).  "A party cannot have relief under this rule merely because he or she is unhappy with the judgment."  Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001).

**III. Analysis**

**A.  Fraud or Other Misconduct**

Under Rule 60(b)(3), the movant must: (a) prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct; and (2) establish that the conduct complained of prevented the movant from fully and fairly presenting his case.  Jones v. Aero/Chem. Corp., 921 F.2d 875, 878-879 (9th Cir. 1990).  Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."  In re M/V Peacock on Compl. Of Edwards, 809 F.2d 1403, 1405 (9th Cir. 1987).

Here, Plaintiff alleges that Defendants, in their Motion to Dismiss (#8), misrepresented Plaintiff's allegation that the instruments had been split.  Plaintiff further alleges that this Court relied

2

on that misrepresentation in granting Defendants' Motion to Dismiss (#8). However, Plaintiff has not provided clear and convincing evidence to establish that this Court's judgment was obtained through fraud, misrepresentation, or other misconduct. Accordingly, Plaintiff is not entitled to relief from judgment under Rule 60(b)(3).

### B. Void Judgment

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." U. Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). The list of such infirmities is exceedingly short and only applies in the rare instances where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. Id. at 270-71. A judgment is not void simply because it is or may have been erroneous. Id. at 270.

Plaintiff does not argue that the Court lacked jurisdiction. Plaintiff claims he has a substantive right to stay in his home, even though he is in default. Plaintiff cites a Nevada Supreme Court case, which states that "real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm." Dixon v. Thatcher, 742 P.2d 1029, 1030 (Nev. 1987). Plaintiff mistakenly assumes that because the loss of real property rights results in irreparable harm, he has a due process right to stay in his home. However, Plaintiff was afforded notice and an opportunity to be heard. Accordingly, Plaintiff is not entitled to relief from judgment under Rule 60(b)(4).

### C. A Satisfied or Discharged Judgment

> Rule 60(b)(5) permits a party to obtain relief from a judgment or order, if "applying [the judgment or order] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests, but the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if a significant change either in factual conditions or in law renders continued enforcement detrimental to the public interest.

Horne v. Flores, 557 U.S. 433, 447 (2009) (citations and internal quotation marks omitted).

3

1  Plaintiff relies on Edelstein v. Bank of New York Mellon, in which the Nevada Supreme Court
2  held that enforcement of a deed of trust through foreclosure is improper unless the same party holds
3  both the deed of trust and the promissory note. 286 P.3d 249, 260 (Nev. 2012). If the deed of trust
4  and the promissory note have been split previously, the split is cured when they are reunified. Id. at
5  252.
6  This Court has already found in its Order (#60) that the assignment of the promissory note and
7  deed of trust from the original lender, Fidelity, to the foreclosing beneficiary, HSBC, was valid.
8  Furthermore, this Court found that Western Progressive, LLC, was properly substituted as trustee by
9  HSBC and was acting within its authority to proceed with the nonjudicial foreclosure based on
10 Plaintiff's breach. Plaintiff also alleges that it would be inequitable to apply the order prospectively,
11 but gives no facts supporting this assertion. Accordingly, the Court cannot grant relief from judgment
12 under Rule 60(b)(5).

### D. Other Justified Reasons

14 Relief under Rule 60(b)(6) is reserved for extraordinary circumstances. Ayala v. Los Angeles
15 Police Dept., 981 F.2d 1257 (9th Cir. 1992). A mere reiteration of arguments already presented to
16 the Court does not satisfy the extraordinary circumstance requirement of Rule 60(b)(6). See
17 Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995). Extraordinary circumstances include
18 situations such as gross negligence by counsel amounting to virtual abandonment. See Mackey v.
19 Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012). Relief in such a case is justified because it vitiates the
20 agency relationship that underlies our general policy of attributing to the client the acts of his
21 attorney. See Id.
22 Plaintiff does not establish any extraordinary circumstances in his motion for relief. Plaintiff
23 merely states, "I reserve this point for use later in due course." Plain. Mot. For Relief, P. 9.
24 Accordingly, the Court cannot grant relief from judgment under Rule 60(b)(6).
25 ///
26 ///

IV. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Relief from Judgment (#67) is **DENIED**.

DATED this 2nd day of October 2013.

                                                  _____
                                                  Kent J. Dawson
                                                  United States District Judge